UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROBERT SYLVESTER KELLY, aka "R.Kelly," and<br>DERREL MCDAVID | Case No. 19 CR 567<br><br>Honorable Harry D. Leinenweber |

**GOVERNMENT'S RESPONSE TO
DEFENDANTS' MOTION TO DISMISS COUNT 5 OF THE INDICTMENT**

Defendants Robert Sylvester Kelly and Derrel McDavid are charged in a thirteen-count indictment containing allegations of various types of child exploitation and obstruction of justice. Kelly and McDavid have moved to dismiss one of those thirteen counts: the obstruction of justice conspiracy charge contained in Count Five. Specifically, defendants contend that the government will be unable to prove the elements of conspiracy at trial, including: (1) that the defendants conspired to conceal, cover up, falsify or make a false entry in a tangible object; (2) that defendants acted with the requisite intent; and (3) that the defendants committed an overt act in furtherance of the conspiracy within the applicable statute of limitations. Defendants' motion should be denied. The indictment is not deficient and puts the defendants on notice of the charges against them.

## I. Count Five Properly Alleges a Violation of 18 U.S.C. § 371

An indictment is sufficient if it states all the elements of the offense, adequately advise the defendant of the nature of the charges so that he can prepare a defense, and allow the defendant to plead the judgment as a bar to future prosecutions of the same offense. *United States v. Cox*, 536 F.3d 723, 726 (7th Cir. 2008). If these requirements are met, a motion to dismiss the indictment must be denied; a motion to dismiss cannot be used to force the government to present a "summary trial of the evidence." *United States v. Serola*, 767 F.2d 364, 369 (7th Cir. 1985). It also should not be used to assess "strength or weakness of the government's case." *United States v. Risk*, 843 F.2d 1059, 1061 (7th Cir. 1988); *see also United States v. Thomas*, 150 F.3d 743, 747 (7th Cir. 1998) ("Summary judgment does not exist in criminal cases."); *United States v. Yakou*, 428 F.3d 241, 246 (D.C. Cir. 2005) ("There is no federal criminal procedural mechanism that resembles a motion for summary judgment in the civil context.").

Ultimately, the question on a motion to dismiss is not whether the indictment alleges sufficient facts from which a jury could find guilt, but whether the government conceivably could produce such evidence at trial. *United States v. Castor*, 558 F.2d 379, 384 (7th Cir. 1977).

Here, Count Five charges defendants with conspiring to violate 18 U.S.C. § 1519, in violation of 18 U.S.C. § 371. This charge need only plead the elements of § 371, and not those of the underlying crime that is the alleged object of the conspiracy. *See Wong Tai v. United States*, 273 U.S. 77, 81 (1927) ("It is well settled

that in an indictment for conspiring to commit an offense—of which the conspiracy is the gist of the crime—it is not necessary to allege with technical precision all of the elements essential to the commission of the offense which is the object of the conspiracy, or to state such object with the detail which would be required in an indictment for committing the substantive offense." (citations omitted)); *United States v. Roman*, 728 F.2d 846, 855 (7th Cir. 1984) ("'[A]n indictment for a conspiracy to commit a criminal offense need not be as specific as a substantive count' in order to meet constitutional muster" (citations omitted)). Therefore, the indictment need only allege violations of the elements of a conspiracy to commit an offense against the United States, which Count Five does.

Count Five easily meets the pleading requirements at the pre-trial stage. A § 371 conspiracy requires the government to plead and prove three elements: (1) an agreement to accomplish an illegal objective against the United States; (2) one or more overt acts in furtherance of the illegal purpose; and (3) the intent to commit the substantive offense. *D'Antoni v. United States*, 916 F.3d 658, 665 (7th Cir. 2019). Each element is sufficiently pled in Count Five.

Count Five alleges a conspiracy to violate § 1519. Specifically, it alleges that Kelly engaged in the exploitation of numerous minor girls, and that Kelly videotaped himself sexually exploiting one of those girls—Minor 1—on four different occasions. The count alleges that McDavid knew that Kelly sexually exploited young girls, and that Kelly, McDavid, and others actively conspired to knowingly alter, destroy, mutilate, conceal, cover up, falsify, and make a false entry in any record, document

3

and tangible object, with the intent to impede, obstruct, and influence the investigation and proper administration of any matter within the jurisdiction of any department or agency of the United States, and in relation to and contemplation of such matter or case, in violation of 18 U.S.C. § 1519. *See* Dkt. 1, Indictment at Count Five. It alleges that Kelly and McDavid took several steps to conceal and cover up the existence of videos of Kelly's sexual abuse of minors, and to cause false entries to be made in records, documents, and tangible objects regarding Kelly's sexual abuse of minors and the existence of videos of that abuse. Kelly and McDavid took each of these steps to influence the investigation and proper administration of matters within the jurisdiction of the United States, namely the sexual exploitation of children and the manufacturing of child pornography.

The indictment alleges numerous overt acts by members of the conspiracy in furtherance of the conspiracy. *See* Dkt. 1, pp. 13-15, ¶ 11. These overt acts include acts within the five-year statute of limitations, including payments made by Kelly to McDavid, and payments made by Kelly to Minor 1. The indictment alleges that these hush-money payments were made to cause and ensure that McDavid and Minor 1 would destroy, conceal, cover up, falsify, and make a false entry in a record, document and tangible object, and to cause and ensure that Minor 1 and McDavid would continue to abide by previous false statements and entries in such items. *Id.*, pp. 11-12, ¶ 8. In other words, and as relevant for the motion to dismiss, the indictment alleges that, as late as December 2015, Kelly paid McDavid so that McDavid would conceal the existence of videotapes that showed Kelly sexually abusing a young girl.

Thus, Count Five goes well beyond the liberal pleading standards required by the Supreme Court and the Seventh Circuit. *Cox*, 536 F.3d at 726; *see also United States v. Agostino*, 132 F.3d 1183, 1189-1191 (7th Cir. 1997) (an indictment need not "exhaustively recount the facts surrounding the crime's commission or provide details of how it will be proved; simply tracking the language of the charging statute will generally suffice). It summarizes the conspiracy and includes the elements of § 371, in addition to providing extensive detail as to the agreement of the parties and goals of the conspiracy. Accordingly, defendants' motion to dismiss should be denied. Defendants will have an opportunity to contest the strength of the government's evidence at trial.

**II. Defendants' Challenges to the Sufficiency of Count Five are Meritless.**

The core of defendants' arguments in their motion to dismiss relate to the sufficiency of the evidence as to Count Five. These arguments are misplaced on a motion to dismiss and are destined for failure later.

**A. The indictment sufficiently alleges that defendants conspired regarding a record, document, or tangible object.**

Defendants first argue that the government failed to allege that defendants conspired to alter, destroy, mutilate, conceal, cover up, falsify, or make a false entry in a "record, document, or tangible object" as required by § 1519. This is incorrect. The indictment alleges that defendants conspired to destroy, conceal, and cover-up videotapes that showed Kelly sexually abusing minor girls. *See* Dkt. 1, Count Five, ¶¶ 3-6, 8-9, 11. The indictment further alleges that defendants conspired to alter,

5

falsify, or make a false entry in any record, document, or tangible object as it related to Kelly's sexual contact and sexual acts with minors. *Id.* at ¶¶ 7-9, 11.

A videotape is a tangible object. The Supreme Court has defined a tangible object under § 1519 as "one used to record or preserve information." *Yates v. United States*, 574 U.S. 528, 135 S.Ct 1074, 1079 (2015). A fish does not meet that definition, even if thrown overboard to evade detection, but "records, documents, and tangible objects used to preserve [data], *e.g.*, computers, servers, and *other media on which information is stored*," clearly do. *Id.* at 1081 (emphasis added).

Here, the government has alleged that the defendants conspired to conceal and cover up the existence of media—specifically videotapes. A videotape is an object used and capable of "record[ing] and preserv[ing] information," falling squarely into the definition of "tangible object" provided by *Yates*, 135 S.Ct. at 1079. This comports with the Seventh Circuit's prior treatment of tangible objects under § 1519 in the context of child pornography offenses. *United States v. Wortman*, 488 F.3d 752, 754-55 (7th Cir. 2007) (evidence sufficient to sustain a § 1519 conviction where, in part, defendant destroyed a CD that contained child pornography); *United States v. Keith*, 440 Fed.Appx. 503, 2011 WL 4565447, at *3-4 (7th Cir. Oct. 4, 2011) (evidence sufficient to sustain a § 1519 conviction where, in part, defendant deleted electronic files containing child pornography); *cf. United States v. Atkinson*, 532 Fed.Appx. 873 (11th Cir. 2013) (sufficient evidence to sustain a § 1519 conviction where defendant destroyed a video recording of his son sexually abusing a minor); *United States v. Eychaner*, 326 F.Supp.3d 76, 97 (E.D. Va. 2018) (defendant "destroyed or mutilated a

6

tangible object" when he removed his computer's hard drive, which contained indecent images, and threw it down a storm drain). In this case, the videotapes recorded and preserved depictions of Kelly sexually assaulting a minor girl, which defendants conspired to destroy, conceal, and cover up. This conduct falls within the ambit of § 1519.

In addition, the indictment alleges that defendants conspired to cause false testimony to be memorialized in a transcript and to cause false statements to be recorded in a police report. A transcript and a police report, respectively, is a "record" or "document" for purposes of § 1519. Defendants do not suggest otherwise.

Rather, defendants contend that the government will not be able to prove that they conspired to create a "false entry" or conspired to "falsify" a record or document because—at worst—they caused a police officer and a court reporter to accurately record information provided. This misconstrues the indictment's allegations. The indictment alleges, and the government will prove, that defendants worked together to cause or to attempt to cause others, including Minor 1, Minor 1's parents, and Minor 5, to provide *false* information to law enforcement and grand jurors, which defendants knew would be transcribed or recorded in a record or document. Defendants' actions were aimed at the ultimate goal of creating false, exculpatory reports and transcripts. Defendants wanted a paper record of false statements to cover up and conceal the fact that Kelly engaged in sexual misconduct with minors and also to use against those individuals to persuade them to continue to abide by their prior false statements.

Defendants contend that because the court reporter and police officer accurately transcribed what the witness said that the transcripts and reports do not contain any "false entry." But a person is liable under § 1519 when he knowingly participates in the creation of a false report, even if that report is made or transcribed by another person. *See, e.g., United States v. Moore*, 708 F.3d 639, 649 (5th Cir. 2013). The fact that a third party transcribes or records the false information is irrelevant; the defendants caused those false recordings to be created, and is responsible for actions they cause as if they personally performed those actions. *See, e.g., United States v. Holstein*, 618 F.3d 610 (7th Cir. 2010) (affirming § 1519 conviction where defendant directed his paralegal to create and provide false records to the bankruptcy court). A person cannot escape liability for the clearly foreseeable consequences of their actions simply by employing a stenographer or transcriber to record the false statements on their behalf.

In any event, whether the government's proof satisfies the elements of the charged conduct is a question for the jury. The indictment tracks the statutory language and pleads an offense. Accordingly, the motion to dismiss should be denied.

    **B.**    **The indictment sufficiently alleges the requisite *mens rea*.**

The indictment alleges that defendants knowingly conspired to violate § 1519, with the intent to "impede, obstruct, and influence the investigation and proper administration of any matter within the jurisdiction of any department or agency of the United States, and in relation to and contemplation of such matter or case[.]" Dkt. 1, p.7, ¶ 2. This allegation pleads the mental state applicable to a § 371

8

conspiracy (knowingly) and the mental state applicable to a § 1519 charge (intent to impede, obstruct, or influence an investigation). Accordingly, the indictment is, undoubtedly, sufficient to put defendants are on notice of the charges.

Defendants' arguments are focused exclusively on the government's likely success on the merits. As discussed above, that is not the proper inquiry on a motion to dismiss an indictment. This is not a summary judgment motion and therefore whether there is "evidence" that either "Mr. Kelly or Mr. McDavid had any reason to contemplate that the federal government would begin an investigation or even that they could begin an investigation into Mr. Kelly's conduct" (Dkt. 71 at 12) is a matter to be resolved at trial.

The government anticipates that, at trial, its evidence will prove that defendants attempted to conceal and cover-up the fact that Kelly sexually abused children and that Kelly manufactured child pornography. Defendants conspired to collect, conceal, cover up, and destroy videotapes that were created, possessed, and received in violation of federal law. And, defendants conspired to create false entries in records regarding Kelly's sexual exploitation of minors and Kelly's manufacturing of child pornography—also offenses within the purview of federal jurisdiction. Some of those offenses were previously investigated by the state, but all of the offenses were within the jurisdiction of the United States and are now the basis of a federal indictment. Defendants acted in relation to and in contemplation of an investigation or matter within the jurisdiction of the United States.

A defendant need not know that any possible investigation is federal in nature in order to conspire to violate § 1519. *See, e.g., United States v. McQueen*, 727 F.3d 1144 (11th Cir. 2013) ("There is nothing in the language that says the defendant must also know that any possible investigation is federal in nature. . . . [A]s we see it, 'any matter within the jurisdiction' is merely a jurisdictional element, for which no mens rea is required."); *United States v. Gray*, 692 F.3d 514 (6th Cir. 2012) ("18 U.S.C. § 1519 does not require the Government to prove that he intended to obstruct a federal investigation. Rather, the plain language of the statute only requires the Government to prove that Gray intended to obstruct the investigation of *any* matter that happens to be within the federal government's jurisdiction.") (emphasis in original); *United States v. Yielding*, 657 F.3d 688, 712 (8th Cir. 2011) ("We conclude that the 'nexus' requirement urged by Yielding – that the government must show the accused knew his actions were likely to affect a federal matter – does not apply to the prosecution for the knowing falsification of documents under § 1519." and "The language in § 1519 is materially different from the statutes considered in *Aguilar* and *Arthur Andersen*."); *United States v. Gray*, 642 F.3d 371, 375 (2nd Cir. 2011) ("the term 'official proceeding' nowhere appears in § 1519. In view of the statute's plain language, which is fully consistent with the legislative history, we decline to read any such nexus requirement into the text of § 1519); *United States v. Yihao Pu*, 15 F.Supp.3d 846 (N.D. Ill. 2014) ("Section 1519, however, does not require the existence of or likelihood of a federal investigation. . . . the plain meaning of § 1519 does not require the government to prove a nexus between the defendant's conduct and an

10

official proceeding."); *United States v. Rappe*, 2008 WL 11417245 (N.D. Ill. April 23, 2008) (§ 1519 applies not only to existing investigations but also "in relation to or contemplation of" investigations, and is broader than other obstruction statutes).

Further, the legislative history makes clear that § 1519 is intended to have broad application, and that the statute applies if the obstructive conduct relates to a matter or investigation within the jurisdiction of the United States:

> This statute is specifically meant not to include any technical requirement, which some courts have read into other obstruction of justice statutes, to tie to the obstruction conduct to a pending or imminent proceeding or matter. It is also sufficient that the act is done "in contemplation" of or in relation to a matter or investigation. *It is also meant to do away with the distinctions, which some courts have read into obstruction statutes, between court proceedings, investigations, regulatory or administrative proceedings (whether formal or not), and less formal government inquires, regardless of their title.* Destroying or falsifying documents to obstruct any of these types of matters or investigations, which in fact are proved to be within the jurisdiction of any federal agency, are covered by this statute.

S.Rep. No. 107-146, at 14-15 (2002), 2002 WL 863249, at *12-13 (emphasis added).

The possession, receipt, and manufacturing of child pornography are all matters within the jurisdiction of the United States. *See* 18 U.S.C. §§ 2251(a), 2252A(a)(2)(A), 2252A(a)(5)(B); *United States v. Atkinson*, 532 Fed.Appx. 873, 875 (11th Cir. 2013) ("It is beyond dispute that ordering the erasure of a hard drive containing child pornography, the very possession of which violates federal law, falls within the intended reach of § 1519.").

11

In short, the law requires that defendants acted in "relation to" or in "contemplation of" any matter or case "within the jurisdiction of any department or agency of the United States." 18 U.S.C. § 1519. Here, the indictment alleges that defendants conspired to do so, and the government's evidence at trial will prove this.

### C. The indictment alleges overt acts within the last five years.

Lastly, defendants allege that Count Five of the indictment should be dismissed because, they assert, the government failed to allege any overt acts in furtherance of the conspiracy within the applicable statute of limitations. Defendants contend that the purported object of the conspiracy was achieved when the last tape was actually collected and the last false statement was made. The conspiracy is not so narrowly defined.

Count Five of the indictment broadly alleges a conspiracy that began in 2000 and continued to the date of the indictment (July 11, 2019). The conspiracy, as discussed above, was one to protect Kelly, cover up his child abuse-related offenses, and obstruct justice. Specifically, the indictment alleges that, during this period of time, defendants conspired to: (1) conceal and cover up the existence of child pornography videotapes; (2) cause others to create false entries in records and documents; (3) cause others to abide by false statements/entries made in records and documents; and (4) conceal and hide, and cause to be concealed and hidden, acts done in furtherance of the conspiracy.

The indictment alleges multiple overt acts in furtherance of the conspiracy within the five years prior to indictment, namely payments to ensure continued

concealment of the child sexual abuse. Dkt. 1, pp. 14-15, ¶ 11(e) - ¶ 11(h). In paragraphs 11(e) through (g), the indictment alleges that defendants made continued payments to Minor 1 (Count Five, ¶ 11(e) – 11(g)). These payments were made in furtherance of the conspiracy to ensure that Minor 1 continued to abide by her previous false statements regarding Kelly's sexual relationship with Minor 1, and to ensure that Minor 1 continued to conceal and cover up the existence of the multiple videos depicting Kelly engaged in sexual contact and sexual acts with Minor 1. *Id.* at ¶ 8(c).[1] Paragraphs 8(d) and 11(h), likewise, allege overt acts related to payments Kelly made to McDavid. *Id.* at ¶¶ 8(d), 11(h). These payments, including $100,000 wired to McDavid in December 2015, were in furtherance of the active, outstanding goals of the conspiracy—to ensure that McDavid continued to conceal and cover up Kelly's sexual abuse of minors and to conceal and cover up the existence of multiple child pornography videos.

    The overt acts in furtherance of the conspiracy within the statute of limitations were not simply after-the-fact payments for acts done within the conspiracy, nor were they to cover-up the fact that a conspiracy previously existed. *Grunewald v. United States*, 353 U.S. 391, 405 (1957) ("a vital distinction must be made between acts of concealment done in furtherance of the *main* criminal objectives of the conspiracy, and acts of concealment done after these central objectives have been obtained, for the purpose only of covering up after the crime."). The payments were part of the

---

[1] In addition to the payments, the indictment further alleges that Kelly used physical abuse, violence, threats of violence, blackmail, and other controlling behaviors against his victims to persuade them to continue to abide by their prior false statements. Dkt. 1, p. 13, ¶ 9.

conspiracy and were made in furtherance of the main objective of the conspiracy, which was to conceal the sexual abuse. *Id.* at 397 (the scope of the conspiracy agreement alleged in the indictment "is that which determines both the duration of the conspiracy, and whether the act relied on as an over act may properly be regarded as in furtherance of the conspiracy.").

The conspiracy as charged in the indictment did not end on the last known date that defendants collected a videotape from a third party. In fact, defendants are incorrect that the last videotape was collected more than five years before the date of indictment. As of 2019, there were copies of the incriminating videotapes still not in defendants' possession; two such copies were turned over to law enforcement in 2019. In addition, so long as the videotapes existed (whether in defendants' possession or not), the main objectives of the conspiracy had not been accomplished, as there remained an ongoing need to cover up and conceal the videotapes' existence and to force victims, like Minor 1, to abide by prior false statements. *See United States v. Maloney*, 71 F.3d 645, 659-660 (7th Cir. 1995) ("Unlike many of the Court's concealment cases 'where the object of the conspiracy was a discrete criminal act, here we deal with a crime that had no specific terminating event.") (citing *United States v. Mackey*, 571 F.2d 376, 383 (7th Cir. 1978)). As in *Maloney*, the main criminal objective—here, to conceal and cover up the existence of child pornography and sexual abuse of minors—was neither accomplished nor abandoned so long as any videotapes still existed and the ability to prosecute the child exploitation crimes remained viable. *Maloney*, 71 F.3d at 660 ("In the instant case, the main criminal objective, to fix cases

14

whenever feasible, was neither accomplished nor abandoned so long as Judge Maloney remained on the bench, Swano continued to practice before him, and McGee continued his friendship with him."). Concealment, including payments to ensure continued concealment, therefore, was an overt act in furtherance of the conspiracy's main objectives. *See id.* (citing *United States v. Eisen*, 974 F.2d 246, 269 n. 8 (2d Cir. 1992) ("acts or statements designed to conceal an ongoing conspiracy are in furtherance of that conspiracy"), *cert. denied*, 507 U.S. 998 (1993)).

Because the indictment properly alleges a conspiracy, and because the indictment alleges that overt acts in furtherance of the conspiracy were committed within the last five years, the motion to dismiss should be denied.

## Conclusion

For the foregoing reasons, defendants' motion to dismiss Count Five of the indictment should be denied.

Respectfully submitted,

JOHN R. LAUSCH, JR.
United States Attorney

By: /s/ *Abigail L. Peluso*
ANGEL M. KRULL
ABIGAIL L. PELUSO
JEANNICE APPENTENG
Assistant U.S. Attorneys
219 South Dearborn St., Rm. 500
Chicago, Illinois 60604
(312) 353-5300