```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION
```

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>                **Plaintiff,**<br><br>    v.<br><br>**ROBERT SYLVESTER KELLY, also known as "R. KELLY;" DERREL McDAVID; and MILTON BROWN, also known as "June Brown,"**<br><br>                **Defendants.** | **Case No. 19 CR 567**<br><br>Judge Harry D. Leinenweber |

## ORDER

Defendants' Motion to Dismiss Count Five of the Indictment (Dkt. No. 71) is denied.

## STATEMENT

On July 11, 2019, a grand jury indicted Defendants. (Dkt. No. 1.) On October 21, 2019, Defendant Derrel McDavid moved to dismiss Count Five of the indictment. (Dkt. No. 71.) Defendants Robert Sylvester Kelly and Milton Brown later joined McDavid's Motion. (Dkt. Nos. 74, 76.) Defendants argue the indictment is insufficient because the Government failed: (1) to identify a qualifying "object" within the meaning of 18 U.S.C. § 1519; (2) to establish the requisite intent; and (3) to establish an overt act in furtherance of the conspiracy within the applicable statute of limitations. For the following reasons, the Court denies Defendants' Motion to Dismiss Count Five of the Indictment.

An indictment passes muster under Fed. R. Crim. P. 12(b)(3) if it states the elements of the charged offense, fairly informs the defendant of the nature of the charge so that he may prepare a

defense, and enables him to plead an acquittal or conviction as a bar against future prosecutions for the same offense. *United States v. Cox,* 536 F.3d 723, 726 (7th Cir. 2008). A motion to dismiss should not be used to assess the "strength or weakness of the government's case." *United States v. Risk,* 843 F.2d 1059, 1061 (7th Cir. 1988); *see also United States v. Fassnacht,* 332 F.3d 440, 446 (7th Cir. 2003) ("The defendant's constitutional right is to know the offense with which he is charged, not to know the details of how it will be proved.") (citation omitted). A court must review indictments "on a practical basis and in their entirety, rather than in a hypertechnical manner." *Cox,* 536 F.3d at 726. When evaluating sufficiency, the court accepts all allegations in the indictment as true. *United States v. Moore,* 563 F.3d 583, 586 (7th Cir. 2009).

An indictment for conspiracy to commit an underlying crime is not equivalent to an indictment charging the underlying crime itself. *United States v. Felix,* 503 U.S. 378, 390 (1992) (holding that "the agreement to do the act is distinct from the act itself"). The Supreme Court stated that:

> It is well settled that in an indictment for conspiring to commit an offense—in which the conspiracy is the gist of the crime—it is not necessary to allege with technical precision all the elements essential to the commission of the offense which is the object of the conspiracy, . . . or to state such object with the detail which would be required in an indictment for committing the substantive offense . . . In charging such a conspiracy certainty to a common intent, sufficient to identify the offense which the defendants conspired to commit, is all that is necessary.

*Wong Tai v. United States,* 273 U.S. 77, 81 (1927) (citations omitted). The Seventh Circuit similarly recognizes a "difference between indictments alleging conspiracies and indictments alleging substantive offenses." *United States v. Roman,* 728 F.2d 846, 852

(7th Cir. 1984); *see also United States v. Kahn,* 381 F.2d 824, 829 (7th Cir. 1967) (finding indictment sufficiently described essential elements of offense). Further, "a conspiracy indictment need not be as detailed and specific as an indictment alleging a substantive offense." *Roman,* 728 F.2d at 852.

Count Five of the indictment sufficiently establishes the charged offense. 18 U.S.C. § 371 requires the Government establish three elements: (1) an agreement to accomplish an illegal objective against the United States; (2) one or more overt acts in furtherance of the illegal purpose; and (3) the intent to commit the substantive offense. *D'Antoni v. United States,* 916 F.3d 658, 665 (7th Cir. 2019). Here, Count Five meets these requirements as it alleges a conspiracy to violate 18 U.S.C. § 1519. In Count Five's ten plus pages, the Government tracks the statutory elements, provides additional detail as to the parties' agreement, alleges numerous overt acts, outlines the ultimate criminal purposes of the conspiracy, and pleads an offense. *See United States v. Locklear,* 97 F.3d 196, 199 (7th Cir. 1996) (holding that an "indictment that uses the language of the statute when setting forth the offense is usually sufficient as long as the statutory language unambiguously sets out all the elements necessary to constitute the offense") (internal citations omitted). This satisfies the Government's obligation.

Many of Defendants' arguments contest the sufficiency and substance of the Government's evidence. Specifically, Defendants challenge the Government's identification of "objects" under § 1519 and ability to successfully prove *mens rea*. These contentions attempt to hold the Government to a higher standard than is required at this stage. *See United States v. Agostino,* 132 F.3d 1183, 1189–91 (7th Cir. 1997) (an indictment need not "exhaustively recount the facts surrounding the crime's commission

or provide details of how it will be proved; simply tracking the language of the charging statute will generally suffice.") Whether the Government's proof satisfies the elements is a question for the jury. Thus, the Court declines to address these arguments.

Defendants also allege the Government failed to establish that Defendants committed an overt act in furtherance of the conspiracy within the five-year statute of limitations. But *Grunewald v. United States,* the seminal case upon which Defendants rely, does not support dismissal. 353 U.S. 391 (1957); *see also United States v. Michel,* No. CR 19-148-1 (CKK), 2019 WL 5797669, at *14 (D.D.C. Nov. 6, 2019) (applying "*Grunewald* exception" to indictment that alleged a conspiracy to which one of the criminal objectives was concealment).

In *Grunewald,* the Supreme Court found "an agreement to conceal a conspiracy" could not "be deemed part of the conspiracy" to "extend its duration for the purposes of the statute of limitations." *Id.* at 399. In that case, the indictment charged not only conspiracy to defraud the United States, but also "charged that a part of the conspiracy was an agreement to conceal the acts of the conspirators." *Id.* at 394. The concurrence clarified that "a vital distinction must be made between acts of concealment done in furtherance of the main criminal objectives of the conspiracy, and acts of concealment done after these central objectives have been attained, for the purpose only of covering up after the crime." *Id.* at 405 (Jackson, J., concurring). Therefore, when the crime's successful accomplishment necessitates concealment, acts of concealment are considered within the scope of the original conspiracy.

Such is the case here. Count Five of the indictment alleges that Defendants conspired to "knowingly alter, destroy, mutilate, *conceal,* cover up, falsify, and make a false entry in any record,

document, and tangible object, with the intent to impede, obstruct, and influence the investigation and proper administration of any matter within the jurisdiction of any department or agency of the United States, and in relation to and contemplation of such matter or case in violation of [18 U.S.C. §] 1519." (Indictment, Dkt. No. 1 at 7 (emphasis added).) Defendants acknowledge that the statute identified in the indictment defines the scope of the conspiracy.

18 U.S.C. § 1519 is not limited to destruction and falsification. As cited in the indictment, concealment is also part of the alleged conspiracy's underlying crime of obstruction of justice. The indictment alleges several overt acts in furtherance of the conspiracy's main objectives occurring within the limitations period. (Indictment at 14–15.) As alleged, Defendants did not perform these overt acts to cover up the prior alleged crimes but rather in furtherance of the conspiracy's main criminal objectives, including to conceal sexual abuse. Therefore, Defendants' Motion to Dismiss Count Five of the Indictment (Dkt. No. 71) is denied.

                                        Harry D. Leinenweber, Judge
                                        United States District Court

Dated: 2/4/2020