UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 19 CR 567-1 |
| v. | |
| ROBERT SYLVESTER KELLY, aka "R. KELLY" | Judge Harry D. Leinenweber |

### GOVERNMENT'S CONSOLIDATED RESPONSE TO DEFENDANT'S DISCOVERY MOTIONS

The UNITED STATES OF AMERICA, by its attorney, JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, respectfully submits the following consolidated response to defendant's discovery motions.

## I.      Introduction

Defendant has filed three separate discovery-related motions, which, taken together, seek a court order requiring the government to: preserve investigative notes of law enforcement agents (Dkt. #83), produce various items defendant contends are discoverable under *Brady* and *Giglio* (Dkt. #85), and produce records of complaints against law enforcement agents (Dkt. #87). Given the government's ongoing adherence to its discovery obligations, defendant's motions should be denied.

## II.     The Law

Discovery in this case, like all criminal cases in this district, is governed by statute, Federal and Local Rules of Criminal Procedure, and case law. *See, e.g.,* 18 U.S.C. § 3500; Fed.R.Crim. P. 12, 12.1, 12.2, 12.3, 16, and 26.2; Local Crim. R. 16.1; *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972).

Under *Brady*, the government has a duty to disclose any information in its possession that is favorable to the defense and material either to guilt or punishment. 373 U.S. at 88. Information favorable to the defense includes evidence which "would tend to exculpate [the defendant] or reduce the penalty," *id.* at 87, and evidence regarding the reliability or credibility of a government witness. *See Giglio*, 405 U.S. at 154-55.

## III. Law Enforcement Notes (Dkt. #83)

Defendant has asked this Court to "enter an Order requiring all governmental law enforcement officials, including State and local law enforcement agencies and personnel involved in the investigation of this matter, to preserve their notes and reports." Dkt. #83 at 2. With respect to notes of federal law enforcement agents, the government has already taken steps to preserve such evidence. Indeed, in its Rule 16 letter to defense counsel dated August 2, 2019, the government already told defense counsel that it would preserve such notes. Upon receipt of the present motion to preserve notes, the government reaffirmed to the federal law enforcement officials involved in this case that they are obligated to retain their notes.

Courts in this district regularly deny a defendant's motion for a court order requiring law enforcement officials to preserve notes where the government represents that it has informed law enforcement officials to do so. *See, e.g.*, *United States v. Troutman*, 572 F. Supp. 2d 955, 966 (N.D. Ill. 2008) (denying as moot defendant's motion to preserve drafts of interview notes and investigative reports where the government represented that it had already instructed its agents to do so); *United States v. Lillie*, No. 08 CR 717, 2009 WL 1406667, at *5 (N.D. Ill. May 15,

2009) (same); *United States v. Sharp*, No. 04 CR 797, 2005 WL 2124488, at *1 (N.D. Ill. June 8, 2005) (same). There is no discovery dispute with respect to this issue, and the defendant's motion unnecessarily injects the Court into discovery when there is no specific issue for the Court to address on this point. *See* Local Rule 16.1(a)(2).

With respect to *state and local* law enforcement officers, the government has no authority to require those independent sovereigns to preserve notes. *See United States v. Ollison*, No. 92 CR 365, 1995 WL 12300, at *9 (N.D. Ill. 1995) (Leinenweber, J.); *United States v. Alex*, 791 F.Supp. 723, 726-27 (N.D. Ill. 1992). Defendant cites no authority otherwise.

Accordingly, the government respectfully requests that the Court deny defendant's motion as moot with respect to federal law enforcement officers, and to deny the motion as without authority with respect to state and local law enforcement officers.

## IV. *Brady* and *Giglio* Materials (Dkt. #85)

Defendant asks this Court to enter an order requiring the government "to immediately disclose and produce any all [sic] previously undisclosed evidence . . . that is favorable . . . and is material in any way to any of the issues relating to Defendant's guilt or innocence, or which bears upon the credibility of any Government witness who might testify at trial." Dkt. #85 at 1. Although not cited by defendant, the legal basis for defendant's motion is *Brady v. Maryland*, 373 U.S. 83 (1963) (favorable evidence that is material) and *Giglio v. United States*, 405 U.S. 150 (1972) (impeachment evidence affecting witness credibility). As explained below, the

3

government has complied with its *Brady* obligations, and will continue to do so. With respect to *Giglio* material, the government objects generally to defendant's request as premature, and with respect to certain materials sought by the defense, the government objects to the extent those items do not qualify as *Giglio* material.

### A. *Brady* materials

It is well-established in this Circuit that the government's acknowledgement of its obligations under *Brady* and *Giglio* and assurances to comply with those obligations render defendant's motion moot. *United States v. Chagoya-Morales*, No. 15 CR 124, 2015 WL 2128798, at *1-2 (May 4, 2015); *United States v. Dicosola*, No. 12 CR 446, 2013 WL 505223, *6-7 (N.D. Ill. Feb. 12, 2013) (Leinenweber, J.); *United States v. Dean*, No. 09 CR 446, 2010 WL 706038, at *2 (N.D. Ill. Feb. 24, 2010); *Lillie*, 2009 WL 1406667, at *2-3 ("[T]he government correctly notes that courts in this Circuit consistently have held that where the government has made assurances it will comply with *Giglio* and *Brady*, those assurance are sufficient, and defendant's discovery motion was denied as moot.") (citation omitted).

Here, in its initial Rule 16 production on August 2, 2019, the government provided a detailed letter to counsel in which it explicitly recognized its ongoing obligation to disclose favorable information pursuant to *Brady*, and promised to promptly produce any such evidence that was obtained in the future. Consistent with that letter, the government has already produced to the defense the *Brady* material of which it is aware. If the government becomes aware of additional *Brady* material, it will promptly disclose such material to the defense. As the Court is aware,

defendant is facing a separate indictment in the Eastern District of New York. The government is working with the prosecutors in New York to locate any *Brady* material in their files that may relate to the case in this district. If any such material is discovered, it will be promptly disclosed to the defense.[1]

### B.    *Giglio* materials

The government objects to defendant's request for immediate disclosure of *Giglio* materials. Production of *Giglio* materials depends on who the government intends to call as trial witnesses, and the government has not yet finalized its witness list. The trial is still approximately eight weeks away. Nevertheless, in its letter to the defense dated August 2, 2019, the government indicated that it would produce *Giglio* materials one month prior to trial.

Defendant argues that he needs the materials now "in light of the Government's proclivity to produce these materials on the eve of trial." Dkt. #85 at 2. First, one month ahead of trial is hardly considered the "eve" of trial. Second, the government has already produced much of what defendant seeks, including grand jury transcripts, witness statements, and grants of immunity. Defendant will have plenty of time to review the remainder of these items in the month prior to trial.

In addition to its general objection to producing *Giglio* materials immediately, the government objects to the following three specific requests made by the defendant.

---

[1] In addition, pursuant to search warrants, the government has in its possession numerous electronic devices. The search of those devices is ongoing.

### a.     Mental Health and Medical Records

Defendant asks this Court to order the government to disclose and produce all "mental, psychiatric, or drug abuse and dependency records of any individual who may be called as witnesses as [sic] trial." Dkt. #85 at 2. The government has no such records in its possession. To the extent the defendant is requesting that the government affirmatively seek out and obtain such records if they exist, the government objects to such a request. *See United States v. Hach*, 162 F.3d 937, 947 (7th Cir. 1998) (rejecting defendant's *Brady* claim because the government had no obligation to seek out witness's privileged psychiatric and medical records from third parties when such records were not in the government's possession); *see also Johnson v. Norris*, 537 F.3d 840 (8th Cir. 2008) (on habeas review, holding that there was no *Brady* violation because State had no obligation to disclose psychotherapy treatment records that were not in its possession); *United States v. Bender*, 304 F.3d 161, 163 (1st Cir. 2002) (holding that prosecutor had no obligation to seek out and disclose medical records not in the government's possession); *East v. Scott*, 55 F.3d 996, 1003 (5th Cir. 1995) (finding no *Brady* violation because government did not possess witness's mental health records and holding that prosecutor had no duty to investigate a witness's mental health history); *United States v. Wilson*, 116 F.3d 1066, 1082 (5th Cir. 1997) ("[A] prosecutor has no duty under *Brady* to investigate the mental state of its witnesses in order to uncover impeachment evidence for the defense."); *United States v. Michael*, No. 13 CR-902-1, 2014 WL 5901661, at *1-2 (N.D.

6

Ill. Nov. 13, 2014) (denying defendant's request for "mental, psychiatric, or drug abuse records" of witnesses).[2]

Moreover, even if the government possessed a witness's privileged medical or psychiatric records, disclosure to the defense is not automatic. The proper procedure would be to submit those records to the Court for an *in camera* review for *Brady/Giglio* material. *See Pennsylvania v. Ritchie*, 480 U.S. 39, 57-61 (1987); *Hach*, 162 F.3d at 947. But, again, the government does not possess any "mental, psychiatric, or drug abuse and dependency records" of any witness it intends to call at trial.

### b. Witness Assistance Provided by Non-Federal Authorities

Defendant requests records of the government's production of any "assistance, financial or otherwise" provided to a witness, including by "federal, state or local" government actors. Dkt. #85 at 2. The government has no objection to producing such records relating to federal agencies one month prior to trial, but the government

---

[2] Various district courts across the country have also applied this rule. *United States v. Cyr*, No. 16-cr-20626, 2017 WL 783472, at *3 (E.D. Mich. 2017) (in a child sexual abuse case, denying motion to require government to acquire and disclose privileged psychological records of witnesses, calling the request a "fishing expedition"); *Majors v. Warden*, No. 2:99-cv-00493, 2016 WL 8731120, at *24 (E.D. Cal. 2016) (no *Brady* violation because mental health issues not known to prosecutor); *Jamison v. Griffin*, No. 15 Civ. 6716(PKC)(AJP), 2016 WL 1698350, at *44 (S.D.N.Y. 2016) (no *Brady* violation for failing to disclose that witness had been treated for mental health issues when prosecution was unaware and had no such records in its file); *United States v. Bonds*, No. CR14-0074-JCC, 2014 WL 4804500, at *6-7 (W.D. Wash. 2014) (denying motion for all mental health records of sex trafficking victims because government did not possess such records and had not duty to obtain them); *United States v. Carter*, No. CR-14-123-C, 2014 WL 5469750, at *1-2 (W.D. Okla. 2014) (denying motion to require government to produce mental health records of witness); *Grajeda v. Scribner*, No. CV 03-7280-PSG(CW), 2011 WL 4802564, at *29-30 (C.D. Cal. 2011) (affirming holding that a prosecutor has no duty to "search the records of all state mental health facilities to determine whether any prosecution witness has a history of mental illness which might affect his or her competency to testify"); *Chandras v. McGinnis*, No. 01 CIV. 2519, 2002 WL 31946711 at *6 (E.D.N.Y. Nov. 13, 2002) (prosecutor has no duty to investigate witness's psychiatric history).

objects to this request to the extent it seeks records relating to "state or local" agencies. First, with one exception, the government has no such records in its possession with respect to "state or local" agencies.[3] And second, again, these are separate sovereigns that are not part of the federal prosecution team. Defendant has cited no authority that requires the government to seek out records from separate sovereign governments that are not part of the prosecution team. *See Hach*, 162 F.3d at 947; *United States v. Earnest*, 129 F.3d 906, 910 (7th Cir. 1997) ("In other words, there is no affirmative duty on the part of the government to seek information not in its possession when it is unaware of the existence of that information.").

## V.  Law Enforcement Complaints (Dkt. #87)

Defendant has asked this Court to order the government to produce, at least 45 days prior to trial, all documents relating to "complaints, proceedings, or investigations regarding the truthfulness or veracity of any agent or member of law enforcement" who may testify at trial. Dkt. #87 at 1. The Court should deny this motion.

First, aside from the different time frame for the requested disclosure, this motion seeks the same relief as defendant's motion for immediate production of favorable evidence: *Giglio* material. *See* Dkt. 85 at 1. The government's response is the same: it will disclose *Giglio* material one month prior to trial. As noted above, the government has not yet finalized its witness list for trial, which is still approximately

---

[3] Regarding the one exception, the government has already produced material to the defense relating to a benefit given to two witnesses by the Cook County State's Attorney's Office because the government had that information in its possession.

eight weeks away. Moreover, the government does not anticipate that the trial will involve the testimony of many law enforcement witnesses. Most of the government's witnesses will be victims and witnesses with first-hand knowledge of the defendant's crimes. Therefore, the volume of *Giglio* material relating to potential testifying law enforcement witnesses will not be great, to the extent any materials exist at all. Thus, there is no need to produce these documents abnormally far in advance of trial.

Second, the government objects to defendant's request for unproven *allegations* of misconduct by law enforcement officers in addition to his request for records of actual incidents of false testimony or statements. Dkt. #87 at 1. The government has no duty to disclose unproven and unsustained allegations of misconduct by law enforcement officers because such allegations do not constitute *Brady* or *Giglio* material. *See United States v. Dabney*, 498 F.3d 455, 459 (7th Cir. 2007); *United States v. Souffront*, 338 F.3d 809, 823 (7th Cir. 2003) ("[T]he failure to disclose untrustworthy and unsubstantiated allegations against a government witness is not a *Brady* violation."); *United States v. Sanchez-Galvez*, 33 F.3d 829, 833 (7th Cir. 1994). In *Giles v. Maryland*, 386 U.S. 66 (1967), Justice Fortas, concurring in the opinion, wrote that there was no obligation to disclose "preliminary, challenged or speculative information." *Id.* at 98 (Fortas, J., concurring). *See also United States v. Agurs*, 427 U.S. 97, 109 n. 16 (1976) (citing *Giles*, 386 U.S. at 98).

Accordingly, the government respectfully requests that the Court deny defendant's motion.

Respectfully Submitted,

JOHN R. LAUSCH, JR.
United States Attorney

By:     *Angel M. Krull*
ANGEL M. KRULL
ABIGAIL PELUSO
JEANNICE APPENTENG
Assistant United States Attorneys
(312) 353-5300

10