1               IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
2                       EASTERN DIVISION

3   UNITED STATES OF AMERICA,          )
                                       )
4                     Plaintiff,       )
    -vs-                               )
5                                      )  Case No. 19 CR 567-1, 2, 3
    ROBERT SYLVESTER KELLY, also       )
6   known as R. KELLY, et al.,         )  Chicago, Illinois
                                       )  March 5, 2020
7                     Defendants.      )  10:24 a.m.

8                    TRANSCRIPT OF PROCEEDINGS
            BEFORE THE HONORABLE HARRY D. LEINENWEBER
9
    APPEARANCES:
10
    For the Plaintiff:    UNITED STATES ATTORNEY'S OFFICE
11                        BY:  MS. ANGEL KRULL
                          219 S. Dearborn Street
12                        Chicago, IL 60604

13  For Defendant Kelly:  STEVEN A. GREENBERG, LTD.
                          BY:  MR. STEVEN ALLEN GREENBERG
14                        53 W. Jackson Boulevard
                          Suite 1260
15                        Chicago, IL 60604
    For Defendant
16  McDavid:              LAW OFFICES OF BEAU B. BRINDLEY
                          BY:  MR. BEAU B. BRINDLEY
17                        53 W. Jackson Boulevard
                          Suite 1410
18                        Chicago, IL 60604

19                        VADIM A. GLOZMAN LTD.
                          BY:  MR. VADIM A. GLOZMAN
20                        53 W. Jackson Boulevard
                          Suite 1410
21                        Chicago, IL 60604

22  Court Reporter:       KELLY M. FITZGERALD, CSR, RMR, CRR
                          Official Court Reporter
23                        United States District Court
                          219 South Dearborn Street, Room 1420
24                        Chicago, Illinois  60604
                          Telephone:  (312) 818-6626
25                        kmftranscripts@gmail.com

```
1   APPEARANCES:   (Continued)

2   For Defendant Brown:   FEDERAL DEFENDER PROGRAM
                           BY:  MS. MARY HIGGINS JUDGE
3                          55 E. Monroe Street
                           Suite 2800
4                          Chicago, IL 60603

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1       (Proceedings heard in open court:)

2               THE CLERK:  19 CR 567, United States v. Kelly, et al.

3               MS. KRULL:  Good morning, Your Honor.  Angel Krull on

4       behalf of the United States.

5               MS. JUDGE:  Good morning.  Mary Judge on behalf of

6       Milton Brown who is present.

7               THE COURT:  We're here for, what, the presentation of

8       the superseding indictment?

9               MS. KRULL:  Correct.  We're here for an arraignment,

10      and there are also some pending motions.

11              THE COURT:  All right.

12              You want to introduce yourselves --

13              MR. BRINDLEY:  Yes, Your Honor.

14              Beau Brindley and --

15              THE COURT:  -- so I know who I'm talking to?

16              MR. BRINDLEY:  -- Vadim Glozman on behalf of Derrel

17      McDavid.

18              MS. JUDGE:  Mary Judge on behalf of Derrel -- Milton

19      Brown.  Sorry.

20              MR. LEONARD:  Mike Leonard and Steve Greenberg on

21      behalf of Mr. Kelly, Judge.  Good morning.

22              THE COURT:  Good morning.

23              A couple of things.  What does the superseding

24      indictment do to the trial date?

25              MS. KRULL:  Your Honor, we have been in discussions

1   with all parties.  It appears that we're in agreement with

2   Mr. Greenberg who would like to continue the trial.  It

3   appears, though, that Mr. McDavid has an objection to that.

4           THE COURT:  It's my understanding that New York has

5   set the trial date for the summer?

6           MR. GREENBERG:  Yes, Your Honor.

7           THE COURT:  And that Cook County has set a trial for

8   this fall?

9           MS. KRULL:  September.

10          MR. GREENBERG:  September, Judge, although in all

11  candor, no one really expects that date to move forward at

12  that time.

13          THE COURT:  All right.  So we get into the back of

14  the queue then?

15          MS. KRULL:  Your Honor, we are looking at a potential

16  trial date in possibly October.

17          THE COURT:  Okay.  So is it a certain date imminent

18  after the superseding indictment that we vacate the trial

19  date?

20          MS. KRULL:  Your Honor, the government has no

21  objection to vacating the trial date.

22          THE COURT:  All right.  What about the co-defendants

23  who want -- who have filed a motion for speedy trial?  Will

24  that require a severance?

25          MS. KRULL:  Your Honor, the government objects to a

1    severance.  There are two reasons why the government is not

2    objecting to continuing the trial.

3            The first reason is that very recently, the

4    government has executed a search warrant, and as part of that

5    execution, we've recovered over 100 electronic devices, and

6    those devices are things like iPads and cell phones and hard

7    drives.  And there's no way that we're going to be able to

8    analyze all of those devices before April 27th.  And that

9    would affect all three defendants, if there's additional

10   evidence on those devices, or there could be *Brady* or *Giglio*

11   information on those devices.  And we just don't feel

12   comfortable going to trial on April 27th because of that.

13           And the second reason that we are not objecting to a

14   continuance of the trial is that it does appear that in the

15   near future the government does intend to supersede the

16   indictment again to add yet another victim.

17           THE COURT:  Let me ask Mr. Greenberg, do you wish to

18   have the trial date vacated?

19           MR. GREENBERG:  We do.

20           THE COURT:  So that's not over your objection?

21           MR. GREENBERG:  No, no.  We think it needs to be

22   vacated.

23           THE COURT:  All right.

24           The motion for speedy trial is presented by

25   Mr. Brindley.

1          Is that you?

2          MR. BRINDLEY:  That's us, Judge, yes.

3          We would like to go to trial as scheduled on April

4  the 27th.  The superseding indictment has come out now.  We've

5  been waiting for it.  I don't think the fact that the

6  government waits until late in the day to do some kind of a

7  search should compel Mr. McDavid to have to wait endlessly for

8  trial.  His life is on hold here.  I understand there's more

9  serious charges that are being brought potentially against

10  Mr. Kelly, but the reality of the situation and for us is he

11  has a right to a speedy trial.  We planned to go to trial on

12  April 27th, and he wants to go to trial on April 27th.  And

13  nothing that the superseding indictment I'm looking at adds

14  anything from our perspective to change what we're doing, nor

15  as I talked to government counsel this morning, will another

16  superseding indictment add anything from the perspective of

17  Mr. McDavid.

18          And so regardless of the fact the government has done

19  some late search, I don't think that justifies compelling us

20  to wait months and months and months for Mr. McDavid to have

21  his trial, which we've been preparing and will be prepared on

22  April 27th.

23          THE COURT:  Who represents Milton Brown?

24          MS. JUDGE:  Mary Judge.

25          THE COURT:  What's your view?

1          MS. JUDGE:  I am not seeking to sever from Mr. Kelly,

2    and since my client is not custody, we are not opposed to

3    continuing the trial date this one more time.

4          But, you know, for all the same reasons, we're not

5    willing to keep this going because, you know, as they said,

6    they are going to be superseding again.  If this is going to

7    be an ongoing issue --

8          THE COURT:  Okay.  The government would propose an

9    October trial date; is that right?

10         MS. KRULL:  Correct.

11         THE COURT:  October 5th.  There's a holiday in

12   between.  It's either called Columbus or Indigenous Person's

13   Day, one of the two.  I don't think they've decided yet.

14         MR. LEONARD:  Judge, could we start the 12th instead,

15   if that's possible?

16         MS. JUDGE:  It would have to be the 13th.

17         THE COURT:  Then you have a day off.  12th is the

18   holiday.

19         MR. LEONARD:  Yeah, so the 13th?

20         THE COURT:  13th.  Wait a minute.  No, the 13th is

21   not a holiday.  It's the 12th, Columbus Day.

22         Is this the same Perry that was just in here?

23         THE CLERK:  Yes, sir.

24         THE COURT:  My guess is that would go.

25         All right.  The 13th, does that work?

1      MS. KRULL:  Yes, Your Honor, works for Mr. Brown.

2      MR. GREENBERG:  It works.

3      THE COURT:  All right.  So I'll exclude time for

4  everybody at this point, except for Mr. McDavid who objects, I

5  assume.

6      MR. BRINDLEY:  Yes, Judge.  We object.

7      THE COURT:  So you want to press ahead with your

8  motion to sever him; is that right?

9      MR. BRINDLEY:  Just one second, Judge.

10    (Counsel conferring.)

11     MR. BRINDLEY:  We would like to think about that and

12  whether we actually want a severance.

13     THE COURT:  All right.

14     MR. BRINDLEY:  The date of October 13th, I could do

15  that date, and Mr. Glozman can too.  So if we don't end up

16  with a severance, we can.

17     Judge, if we could just have about a week to make a

18  decision?

19     THE COURT:  Sure.  Just tell the government, you

20  know, whether --

21     MR. BRINDLEY:  Yes, Your Honor.

22     THE COURT:  If I deny the motion to sever -- you

23  know, I haven't.  You presented it -- or you haven't presented

24  it.  You've just made a --

25     MR. BRINDLEY:  We made a demand.  We haven't filed a

1   motion to sever.

2          THE COURT:  Made a demand.

3          So let's do it this way.  If you want to sever, then

4   file your motion to sever, and we'll consider it.

5          MR. BRINDLEY:  Yes, Your Honor.  That's what we'll

6   do.

7          THE COURT:  So until it's filed, I guess there's

8   nothing for me to do other than we can anticipate that you may

9   be filing one --

10         MR. BRINDLEY:  Yes.

11         THE COURT:  -- but you may not also.

12         MS. KRULL:  So will time be excluded, Your Honor,

13  until they file their motion?

14         THE COURT:  Yeah, the time will be excluded -- let's

15  see.  I'll exclude time for the purposes of a pretrial motion

16  by Mr. McDavid, and I'll -- is there an objection to excluding

17  time for Mr. Kelly and Mr. Brown?

18         MS. JUDGE:  No objection.

19         MR. LEONARD:  No objection.

20         THE COURT:  The time will be excluded in the interest

21  of justice, continuity of counsel.

22         And I'll exclude time at least for the next -- you

23  say a week.  You'll file a motion in a week?

24         MR. BRINDLEY:  Yes.

25         THE COURT:  All right.  I'll exclude time for

1   purposes of that motion.  So then if you file a motion to

2   sever and I grant it, then we'll take that from then on;

3   otherwise, I'll exclude time until the trial date.

4           MR. BRINDLEY:  Understood, Your Honor.

5           THE COURT:  All right.  So now we need --

6           MS. KRULL:  We need to do an arraignment.

7           THE COURT:  -- to arraign Mr. Kelly; is that right?

8           MS. KRULL:  Yes, Your Honor.

9           THE COURT:  All right.

10          Does the superseding indictment affect Mr. McDavid or

11  Mr. Brown?

12          MS. KRULL:  There are the same charges against --

13          THE COURT:  Pardon?

14          MS. KRULL:  There are the same charges against both

15  of those individuals.  We have not changed the charges against

16  them.

17          THE COURT:  So they do not need to be arraigned, or

18  do they?

19          MS. KRULL:  There are slight language differences in

20  this superseding indictment, so we should.

21          THE COURT:  All right.  Well, just out of caution

22  then, we will -- all right.

23          So Mr. Kelly, does he wish me to read the indictment?

24          MR. LEONARD:  No, Judge.  We'll acknowledge receipt,

25  waive formal reading, and enter a plea of not guilty to all

1    counts.

2         THE COURT:  All right.  Let the record show that

3    Mr. Kelly is in court in person.  Through his counsel he

4    acknowledges that he's received a copy of the superseding

5    indictment which I believe has 13 counts.  He waives formal

6    reading of the same and enters a plea of not guilty.

7         Mr. McDavid?

8         MR. GLOZMAN:  Your Honor, we've also received the

9    charging documents and gone over them with Mr. McDavid.  We

10   waive formal reading and enter a plea of not guilty as to each

11   count.

12        THE COURT:  All right.  So Mr. McDavid acknowledges

13   that he's received a copy of the superseding indictment.  He

14   likewise waives formal reading of the same and enters a plea

15   of not guilty.

16        Mr. Brown?

17        MS. JUDGE:  Your Honor, Mr. Brown has received the

18   superseding indictment, waives formal reading, and enters a

19   plea of not guilty.

20        THE COURT:  All right.  Let the record show Mr. Brown

21   is in court.  Counsel acknowledges receipt of the superseding

22   indictment, waives formal reading of the same, and enters a

23   plea of not guilty.

24        Now, there's a number of discovery motions.  The

25   government responded to them.  As I interpret the government's

1    responses to the motions, the government has advised all of

2    the federal officials to preserve their law enforcement notes

3    but does not believe they have the authority to order state

4    law enforcement officials to preserve their notes; is that

5    correct?

6            MS. KRULL:  That's correct.  The state officials are

7    not part of our prosecution team.

8            THE COURT:  But you have advised them to do so, or

9    have you?

10           MS. KRULL:  The federal agents we have, correct.

11           THE COURT:  How about the state, has anybody asked

12    them to preserve their notes?

13           MS. KRULL:  We are not in communication with the

14    Chicago Police Department investigators who are working on

15    that case.  They're not part of our prosecution team.

16           THE COURT:  All right.  My understanding is the

17    balance of the request, the government acknowledges their

18    obligations under *Brady* and *Giglio*, and they will -- the

19    question is when they will produce the information.  And also

20    they acknowledge *Jencks* material, as I understand it, and they

21    will produce that voluntarily prior to trial at the same time

22    as the *Brady* material; is that right?

23           MS. KRULL:  With respect to *Brady*, we will turn over

24    *Brady* material immediately.

25           THE COURT:  Okay.

1      MS. KRULL:  With respect to *Giglio* and *Jencks*, we

2  represented we will turn that over one month prior to trial.

3      THE COURT:  All right.  And the defendants wish to

4  push that forward, I guess forward or backward, whatever it

5  is, so that they have more time; is that right?

6      MR. LEONARD:  We would, Judge, particularly in light

7  of the long new date and they're already sitting on this

8  information already.  A 60-day date, in our mind, would be

9  appropriate prior to the October trial date.  They already

10  possess the information and could produce it.

11      THE COURT:  Is there a problem with producing it in

12  60 days?

13      MS. KRULL:  Your Honor, we have already produced the

14  vast majority of it.  We produced last week approximately more

15  than a thousand pages of a lot of the *Jencks* materials and the

16  *Giglio* materials, and so what's left is the things that we're

17  still developing throughout our investigation.

18      And so we don't believe that there's a need to do

19  that 60 days prior to trial.  It's abnormally far in advance

20  of trial.

21      THE COURT:  I'll split the difference.  45 days prior

22  to trial.

23      MR. LEONARD:  We'll take it.

24      MR. GLOZMAN:  Will that be for all defendants,

25  Your Honor?

1      THE COURT:  Yes.

2      Now, I think the government has acknowledged

3  everything and they produced everything other than *Jencks* and

4  *Giglio* material.  And they will do that -- is there any --

5      MR. LEONARD:  There's still a couple of categories,

6  Judge.

7      So with regard to witnesses, just lay witnesses,

8  we've asked them to produce the psychiatric records and drug

9  treatment records of those witnesses.  Their position is that

10  they don't possess them.  Well, at a minimum they could

11  identify for us those providers so that we could issue

12  subpoenas to get those records rather than finding out at

13  trial that these witnesses have received psychiatric treatment

14  or drug abuse treatment, et cetera.

15      MS. KRULL:  Your Honor, the government cited

16  extensive case law in our brief that says that the government

17  has no obligation to do that, but I will also say

18  affirmatively the government has no information whatsoever

19  about any providers.  So we have no information to provide.

20      THE COURT:  I guess the question would be are you

21  willing to search to see if there is any?

22      MS. KRULL:  Your Honor, that's what I cited in my

23  brief.  There is extensive case law both in this circuit and

24  all across the country saying we have no obligation to search

25  for those.

1        MR. LEONARD:  Well, Judge, why we do wait until the

2    time of trial and finding out on cross-examination that

3    someone has had treatment for drugs or psychiatric issues?

4    And then that will create much delay.  They could simply

5    identify them.

6        THE COURT:  Let's put it this way.  If the government

7    finds out that there is drug or psychiatric issues related to

8    treatments that they will notify the defendants at that time?

9        MS. KRULL:  Your Honor, the government cited case

10   law, including Supreme Court case law in our brief that said

11   if we do have such information, the proper procedure would be

12   to have the Court review it *in camera*.  And so that's the

13   proper procedure.

14       THE COURT:  Okay.  The Court -- that you will submit

15   the information to the Court *in camera* and notify the

16   defendants it's been done.

17       MS. KRULL:  Yes, Your Honor.

18       THE COURT:  And that's strictly obviously if you

19   intend to -- if that will come out during the trial, then you

20   should do that.

21       Is that acceptable?

22       MR. LEONARD:  That is, Judge.  If they could do that

23   immediately as to the ones that have already been identified.

24       THE COURT:  Well, as soon as they find out any such

25   information --

1          MR. LEONARD:  Sure.

2          THE COURT:  -- they will submit it to the Court for

3     *in camera* inspection.

4          But notify the defendants that this information has

5     been turned over to the Court.

6          MS. KRULL:  Your Honor, I can represent that we have

7     no such information in our possession right now.

8          THE COURT:  I understand you say that.  If you do

9     come up with it, then you will do so; is that correct?

10         MS. KRULL:  Correct.  But I want to be clear that the

11    government has no obligation to search for such information

12    because there's extensive case law that says the government --

13         THE COURT:  If it comes to your attention, then you

14    will submit it to the Court.

15         MS. KRULL:  Yes, Your Honor.

16         THE COURT:  What else?

17         MR. LEONARD:  There's one more category, Judge.

18         Just in terms of law enforcement witnesses, anything

19    that -- proceedings, internal complaints that bear upon

20    truthfulness, veracity.

21         THE COURT:  That's *Giglio* material.

22         MR. LEONARD:  Well, Judge, we would like that

23    produced.  Their position is that they don't have to produce

24    if it's not sustained.  We're not talking about whether it's

25    admissible or not.  We would like to see the materials, and we

1  would like to see them sooner rather than later.

2      MS. KRULL:  Your Honor, our position is 45 days prior

3  to trial we will turn over the sustained complaints against

4  any law enforcement officers.  We've cited case law in our

5  brief that says that allegations that are not sustained, that

6  are not found to be credible, that the government has no

7  obligation to turn that over.

8      THE COURT:  But you will do so.

9      MS. KRULL:  Your Honor, we object to doing so because

10  that's not our practice.  That's not how we handle this in all

11  of our other cases.

12      THE COURT:  I just finished a trial involving *Giglio*

13  material over whether -- not necessarily whether it was

14  sustained or not, but -- well, they contend they don't have to

15  do it.  So you have a motion so I'll have to decide that,

16  whether or not --

17      MR. LEONARD:  Could we just file a reply with respect

18  to that, Judge?

19      THE COURT:  You may file a reply.

20      MR. LEONARD:  14 days?

21      THE COURT:  All right.

22      What else?  Anything else?

23      MR. LEONARD:  I think that's pretty much the

24  categories we've discussed.

25      THE COURT:  Anything else?  Everybody happy?

1    MR. BRINDLEY:  No, Your Honor.

2    THE COURT:  Everybody is happy?

3    MS. KRULL:  Your Honor, I think the last remaining

4    issue is the pending motion by Mr. Kelly for reconsideration

5    of his bond that was filed about six months ago.

6    THE COURT:  Are you going to --

7    MR. GREENBERG:  Not at this time, Judge.  I don't

8    know why that showed up on the docket, or people thought --

9    THE COURT:  Why don't I do this.  Why don't I deny it

10   without prejudice at this time.

11   MR. GREENBERG:  Why don't we withdraw it, Judge.

12   THE COURT:  Okay.  Motion is withdrawn.

13   Anything else?

14   MR. LEONARD:  No, Judge.

15   THE COURT:  Thank you.

16   MS. KRULL:  No, Your Honor.

17   THE COURT:  Thank you.

18   MR. GREENBERG:  Thank you.

19   (Which were all the proceedings heard.)

20

CERTIFICATE

21

I certify that the foregoing is a correct transcript from
22   the record of proceedings in the above-entitled matter.

23   */s/Kelly M. Fitzgerald*                    *March 6, 2020*

     _____        _____
24   Kelly M. Fitzgerald                        Date
     Official Court Reporter

25