# GREENBERG TRIAL LAWYERS

**ATTORNEYS AT LAW**                                   **53 WEST JACKSON BOULEVARD, SUITE 1260**
**CHICAGO, ILLINOIS 60604**
**(312) 879-9500**
**Fax: (312) 650-8244**

July 21, 2020

Ms. Angel Krull
Assistant United States Attorney
219 S. Dearborn Street, Fifth Floor
Chicago, IL 60604

       Re: United States v. Kelly

Dear Ms. Krull:

       I am following up on our telephone conversation from last week regarding the latest discovery production.

       As I am sure you can understand, I, as well as all of Mr. Kelly's other counsel, are alarmed that included within the latest production are bank records belonging to several of Mr. Kelly's counsel. Your obtaining of these records is out of bounds, it is offensive, it is unprofessional, and it should not have occurred.

       Initially, we see no reason for the government to have subpoenaed this information. The stated reason (at least for Mr. [redacted] records) was because monies had been received by him from the "Some Brother Love" bank account. This is a farcical reason. Under that logic, at best, the information was sought because he received a single transfer, in May 2019, of $2500.00. We fail to see how that single small payment for legal fees justifies your seeking his professional records, including his client trust records (which under New York law are privileged), going back six years.

       Moreover, even if there had been some justification for your seeking those records, it is obvious there was nothing in them that showed any sort of wrongdoing. Accordingly, we fail to understand why they were then produced to all of the attorneys in the case, other than to cause embarrassment and to intimidate counsel. Just as you have no right to this information, nor do the other attorneys representing the other defendants.

       And our concerns are not limited to Mr. [redacted]. We likewise fail to understand why information was obtained from other counsel who represent Mr. Kelly. It too represents an unwarranted intrusion into their attorney-client relationship, as well as counsels' business affairs. There is no reason for this kind of intrusion into the private business affairs of his attorneys.

Of course, all of these raises fear as to where the intrusions will stop. Are you going to seek my personal and private records, those of Mr. Leonard or Mr. Grohman? As with the others, there is no reason to do so but the fact you that have already exceeded the bounds of what is acceptable concerns each of us.

We are demanding that you:

A. Provide us with written assurances that you are going to cease prying into the relationship between Mr. Kelly and his counsel;
B. Cease your investigations of his counsel;
C. Provide us with copies of any subpoenas that were already issued for records;
D. Require other counsel to return the disk with these records and that they be issued a new disk without the records; and
E. That you advise us whether these records were shared with any other prosecutors or law enforcement.

We expect answers to these questions and your assurances no later than noon Tuesday, July 21, or we will seek intervention from the Court.

Sincerely,

Steven Greenberg
On behalf of all counsel