UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROBERT SYLVESTER KELLY, aka "R.Kelly,"<br>DERREL MCDAVID, and<br>MILTON BROWN, aka "June Brown" | Case No. 19 CR 567<br><br>Honorable Harry D. Lienenweber |

## GOVERNMENT'S MOTION TO CONTINUE TRIAL

Based on the discussion that occurred at the status hearing on August 4, 2020, the government respectfully moves to continue the trial date of October 13, 2020, and to exclude time under the Speedy Trial Act to the new trial date. In support of this motion, the government states as follows:

1. Trial in this case is currently scheduled to begin on October 13, 2020. The government has notified the Court that it expects the trial to last approximately three weeks.

2. There is currently a public health emergency arising from the COVID-19 pandemic, as recognized by the Fifth Amended General Order 20-0012 of the United States District Court for the Northern District of Illinois.

3. The government estimates that it will call approximately 50 witnesses at trial. Of those witnesses, approximately 12-13 of them, including two victims, live out-of-state and would need to travel to Chicago for trial.

4. According to the City of Chicago,[1] there is an Emergency Travel Order that requires travelers from certain states to quarantine themselves for 14 days when they arrive in Chicago. Currently, of our out-of-state witnesses, approximately 8-9 of them would be traveling from states listed on Chicago's quarantine list.

5. In addition, a number of the government's witnesses are in high-risk categories for developing a severe illness if exposed to COVID-19, or they live with such individuals. Attached to this motion is an under seal exhibit that identifies these witnesses and their high-risk conditions. Forcing these witnesses to risk their health, or the health of their families, is not something the government wishes to do.

6. Counsel for defendant Kelly indicated at the status hearing on August 4, 2020, that he is facing challenges in preparing for trial because he cannot have in person meetings with Kelly at the Chicago MCC. Moreover, counsel for Kelly indicated that because of Kelly's limited ability to read and write, the social distancing requirements in the courtroom would limit his ability to communicate effectively with his client because they cannot communicate in writing.

7. Counsel for Kelly stated at the status hearing on August 4, 2020, that the trial in New York, currently scheduled for September 29, 2020, would likely run long and overlap with the trial in Chicago. According to a jointly submitted jury questionnaire in the New York case, the parties in that case estimate their trial will last approximately four weeks. *United States v. Kelly*, 19 CR 286 (EDNY), Dkt # 54-

---

[1] https://www.chicago.gov/city/en/sites/covid-19/home/emergency-travel-order.html

1, at 25. A four-week trial in New York beginning on September 29, 2020, would overlap with the Chicago trial on October 13, 2020.[2]

8. The COVID-19 pandemic causes additional challenges relating to jury selection, especially for this particular trial. Defendant is a well-known celebrity, and Chicago is his home town. There has been a lot of publicity about the case that may require the calling of a larger venire than is usually called to seat a jury. Given the length and nature of the trial, a larger number of alternate jurors may be needed. This trial is anticipated to last three weeks and this projected length of the trial may have an impact on the number of individuals who may need to receive summonses and who may need to be excused for cause. This trial involves allegations of the sexual abuse of minors and this too may create a higher than normal number of excusals for cause. These challenges relating to jury selection may lengthen the trial because of the need to socially distance and protect the health of the potential jurors.

9. The COVID-19 pandemic also causes challenges relating to setting up a courtroom for a large, three-defendant, three-week trial. Given the number of defendants and counsel in this case, at least four counsel tables will be needed, with possibly an extra overflow table for additional counsel. The jury will likely consist of 15 jurors (the regular 12 and 3 alternates), who will each need their own juror "station" that is socially distanced from one another. Each counsel table and each

---

[2] The New York trial date of September 29, 2020, was scheduled *after* this Court had already scheduled trial in this case for October 13, 2020.

juror "station" will need to be separately wired to be able to view exhibits.[3] Setting up a courtroom in these circumstances will be very difficult, and socially distancing during this trial will be especially difficult given that there will be at least approximately 34-36 people[4] in the courtroom at a time, not counting spectators. Continuing the trial will allow the court system to work out these difficult issues by conducting smaller and shorter trials first to minimize the risk of disruptions to a large, longer trial, which could result in a mistrial and having to re-try the case. Because this case will involve the testimony of at least 7 victims of sexual abuse, it is particularly critical that this trial happen only once so as to not re-traumatize the victims.

10. For all of the foregoing reasons, the government respectfully requests that the trial be continued and that time be excluded under the Speedy Trial Act to the new trial date. *See* Title 18, United States Code, Section 3161. Specifically, the following provisions of the Speedy Trial Act apply:

- Section 3161(h)(3)(B) – delay resulting from the absence or unavailability of essential witnesses

---

[3] These juror "stations" and counsel table arrangements were recently used at the trial of *United States v. Robert Haas*, 19 CR 486, before Judge Chang during the week of August 4, 2020.

[4] At a minimum, there will be at least 15 jurors, 3 government attorneys, 1 agent from the Department of Homeland Security, 3 defendants, at least 6 defense attorneys, at least 2 Deputy U.S. Marshals, 1 testifying witness, likely 2 court staff, and Your Honor. In addition, several victims and witnesses have their own counsel who would need to be present in the courtroom during their testimony. And during victim testimony, the victim coordinator is typically present in the courtroom as well.

- Section 3161(h)(7)(A) – the ends of justice served by the exclusion of time outweigh the interests of the parties and the public in a speedy trial given the need to protect the health and safety of defendants, defense counsel, prosecutors, court staff, jurors, and the public

- Section 3161(h)(1)(B) – delay resulting from trial with respect to other charges against the defendant (if defendant Kelly's New York trial overlaps with this trial)

- Section 3161(h)(1)(B) – delay resulting from transportation of any defendant from another district (if defendant Kelly's New York trial overlaps with this trial)

11. Defendant Kelly is the only defendant in custody. Defendants McDavid and Brown were released on bond conditions.

12. At the status hearing on August 4, 2020, the issue of a severance of the trial of defendant McDavid, and possibly defendant Brown, was raised. The issues raised above, relating to witnesses availability and jury selection apply equally to a trial of these co-defendants because of the large overlap in evidence and witnesses, including the testimony of multiple victims about their sexual abuse and the playing of approximately 90 minutes of child pornography which relate to counts against both co-defendants, *i.e.*, knowing receipt of child pornography, conspiracy to receive child pornography, and conspiracy to obstruct justice relating to child pornography.

13. The government has diligently prepared for trial and would otherwise be prepared to proceed on October 13, 2020.

          Respectfully submitted,

          JOHN R. LAUSCH, JR.
          United States Attorney

By:   /s/ *Angel M. Krull*
          ANGEL M. KRULL
          ABIGAIL L. PELUSO
          JEANNICE APPENTENG
          Assistant U.S. Attorneys
          219 South Dearborn St., Rm. 500
          Chicago, Illinois 60604
          (312) 353-5300

Dated: August 10, 2020