**FILED**
**SEP 22 2020**
**THOMAS G. BRUTON**
**CLERK, U.S. DISTRICT COURT**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL ACTION |
| | 1:19-CR-00567 |
| Plaintiff, | |
| | HON. DISTRICT JUDGE: |
| -vs- | Harry D. Leinenweber |
| ROBERT SYLVESTER KELLY, | HON. MAGISTRATE JUDGE: |
| | Sunil R. Harjani |
| Defendant. | |

## DEFENDANT'S EXPEDITED MOTION TO DISMISS CRIMINAL CAUSE OF ACTION

**COMES NOW** the Defendant, **ROBERT SYLVESTER KELLY** ("Mr. Kelly"), by and through his undersigned counsel, respectfully moves this Honorable Court pursuant to Rule 12(b)(2) of the Federal Rules of Criminal Procedure, to expeditiously dismiss this criminal cause of action against Mr. Kelly for lack of jurisdiction, due to the absence of a Grand Jury indictment, for the reasons stated infra:

## FACTS

On June 11, 2019, the United States through its attorney, filed with this Court a document purported to be an indictment of a grand jury against Mr. Kelly, alleging that Mr. Kelly committed federal offenses of sexual exploitation of children in violation of Title 18 U.S.C. Section 2251(a), Sex trafficking of children by force, fraud, or coercion in violation of Title 18 U.S.C. Section 1591, Conspiracy to commit offense or to defraud the United States in violation of Title 18 U.S.C. Section 371, Certain activities relating to materials constituting or containing child pornography in violation of Title 18 U.S.C. Section 2252A(a)(2) and (b)(1) and 2, and Coercion and enticement in violation of Title 18 U.S.C. Section 2242(b). On February 13,

2020, the United States through its attorney, filed a document purported to be a superseding indictment of a grand jury against Mr. Kelly, setting forth the same alleged criminal conduct.

However, the allegations made by the United States through its attorney, was not made before a body of 16 to 23 member grand jury, nor did 12 grand jurors concurred in the return of "True Bill" indictments against Mr. Kelly, nor did a selected Foreperson of a grand jury return an indictment against Mr. Kelly in open court to Magistrate Judge to be filed by the Clerk.

Mr. Kelly moves this Court for it to expeditiously dismiss this criminal cause of action based on the stated facts. Mr. Kelly asks this Court to expeditiously consider his Rule 12(b)(2) motion without undue delay, without any prejudice to the United States, because he is the one being illegally detained in federal custody without being afforded due process of law.

## ARGUMENT

First, in order for an indictment against Mr. Kelly to be a valid one, the United States must comply with congressional law at Title 18 U.S.C. Section 3321. That states: " Every grand jury impaneled before any district court **shall** consist of not less than sixteen nor more than twenty-three persons. If less than sixteen of the persons summoned attend, they **shall** be placed on the grand jury, and the court **shall** order the marshal to summon, either immediately or for a day fixed, from the body of the district, and not from the bystanders, a sufficient number of persons to complete the grand jury." **See 18 U.S.C. Section 3321.** Thus, the word "**shall**" as used in Section 3321 "is ordinarily 'the language of command'". **See Anderson v.**

2

**Yungkau, 329 U.S. 482, 485 (1947)** (citing **Escoe v. Zerbst, 295 U.S. 490, 493 (1935)**). Hence, in reading the plain and unambiguous language of Section 3321, this Court should find that Congress meant for that Judicial Code to safeguard Mr. Kelly from being criminally indicted unless 16 to 23 members of grand jury are impaneled to hear the evidence of case under our system of constitutional government. **1** Moreover, this Court should conclude that Congress intended Section 3211 to be judicially enforced when a person such as Mr. Kelly has not been afforded due process of law under that statutory provision.

Second, in order for Mr. Kelly to be lawfully indicted by a grand jury at least 12 jurors had to concur in the presentment of an indictment. See **Gaither v. United States, 413 F.2d 1061, 1066 (D C. Cir. 1969).** Rule 6(f) of the Federal Rules of Criminal Procedure states that: "a grand jury may indict only if at least 12 jurors concur. The grand jury – or its foreperson or deputy foreperson – must return the indictment to a magistrate judge in open court." At no time did a grand jury vote to indict Mr. Kelly for the accusations made against him by the United States. The bogus documents purported to be indictments in this case shows the corruption of the United States attorney acting out fraud to deceive Mr. Kelly into believing that a grand jury returned an indictment for which he has been illegally arrested and denied bail several times, even though the law is well-settled that a person is innocent of a crime until proven guilty. See **Nelson v. Colorado, 137 S. Ct. 1249 (2017)** (citing **Coffin v. United States, 156 U.S. 432, 453 (1885)**). Moreover, the United States attorney's misconduct to bypass a

---

1 In **Stirone v. United States, 361 U.S. 212, 218 (1960),** the Supreme Court said: "The very purpose of the requirement that a man be indicted by a grand jury is to limit his jeopardy to offenses charged by a group of his fellow citizens acting independently of either prosecuting attorney or judge."

3

grand jury process of investigation, to drag Mr. Kelly into federal court to answer to unindicted charges within fictitious indictments, is so egregious that Mr. Kelly has suffered an extreme loss of liberty and has been willfully deprived of his Fifth Amendment constitutional right to not be tried except upon an indictment of a grand jury.

However, as evidenced by the Court's docket entry **1** and **93** in this case, there are **no** True Bill indictments as marked "filed in open court". **See, e.g., United States v. Glasser, 116 F.2d 690, 695 (7th Cir. 1940):**

> **"It is true that a defendant cannot rightfully be put upon trial for a criminal offense prosecuted by an indictment unless the record shows that the indictment was returned into open court by a grand jury. It need not however, appear by any set form of phraseology that the grand jury appeared in open court and returned the indictment. All that is necessary is that by apt words it must be made to appear from the record that the grand jury appeared in open court and returned into court the indictment to which the defendant is required to plead. ... On the face of the indictment in this case in the handwriting of the Clerk of the Court is the statement, 'Filed in open court this 29th day of September, A.D. 1939, Hoyt King, Clerk,' and preceding this statement is a notation 'A true bill,' 'George A. Hancock, Foreman.' We are of the opinion that the record in this case is sufficient."**

Neither is there any evidence that a foreperson of a grand jury complied with Rule 6(c) which states that: "The foreperson – or another juror designated by the foreperson – **will** record the number of jurors concurring in every indictment and will file the record with the clerk ...." Thus, the word **"will"** as used in Rule6(c) is mandatory. See **Hewitt v. Helms, 459 U.S. 460, 471 (1983)** ("Language of an unmistakably mandatory character, requiring that certain procedures ... **'will'** ... be employed ... [may give rise to a due process right to have the procedures employed].").
**See also Washington v. Harper, 494 U.S. 210, 221 (1990).**

4

Because a grand jury of 16 to 23 members was not convened to hear evidence to pass upon indictments in this case and because 12 grand jurors did not agree to indict, the Court is without jurisdictional authority to conduct a trial proceeding against Mr. Kelly. **See, e.g., In re Bonner, 151 U.S. 242, 257 (1894)** ("Such indictment can only be found by a specified number of the grand jury. If not found by that number, the court cannot proceed at all."). **See also Ex parte Wilson, 114 U.S. 417, 422 1885)** ("[I]f the crime of which [he] was accused was an infamous crime, no court of the United States had jurisdiction to try or punish him, except upon presentment or indictment by a grand jury.").

**WHEREFORE,** for the reasons stated supra, the Defendant **ROBERT SYLVESTER KELLY**, respectfully asks this Honorable Court to grant this Rule12(b)(2) motion, and to expeditiously dismiss this criminal cause of action for lack of jurisdiction, and to immediately release Mr. Kelly from illegal detention, **FIAT JUSTITA.**

Respectfully Submitted,

Steven A. Greenburg
**One of Defendant's Attorneys**

**Attorneys for Defendant:**

STEVEN A. GREENBERG
GREENBERG TRIAL LAWYERS
Attorney at Law
53 W. Jackson Blvd., Suite 1260
Chicago, IL 60604
(312) 879-9500
Steve@GreenbergCD.com

MICHAEL I. LEONARD
LEONARDMEYER, LLP
120 North La Salle - 20th Floor
Chicago, IL 60602
(312) 380-6659 (direct)
(312) 264-0671 (fax)
mleonard@leonardmeyerllp.com

CHRISTOPHER T. GROHMAN
TAFT
111 East Wacker, Suite 2800
Chicago, IL 60601
P: 1 312 836-4109
C: +1 312 515-7313
cgrohman@taftlaw.com

U.S. POSTAGE PAID
FCM LG ENV
SEVERN, MD
21144
SEP 14, 20
AMOUNT
$4.75
R2304N116768-24

CERTIFIED MAIL

7018 3090 0001 5649 6544

ROBERT SYLVESTER KELLY
REG NO. 09627-035
METROPOLITAN CORRECTIONAL CENTER
MCC CHICAGO
71 WEST VAN BUREN STREET
CHICAGO, IL 60605

HARRY D. LEINENWEBER, JUDGE
UNITED STATES DISTRICT COURT
ROOM 1941, CHAMBERS 1946
327 S CHURCH STREET
ROCKFORD, IL 61101