IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | 19 CR 567 |
| ROBERT KELLY | ) | |
| v. | ) | |
| | ) | Judge Leinenweber |

**DEFENDANT'S REPLY IN SUPPORT OF HIS MOTION FOR THE IMMEDIATE SETTING OF AN EVIDENTIARY HEARING; FOR AN ORDER REQUIRING THE APPEARANCE OF WITNESSES AT THAT HEARING; AND TO SUPPLEMENT HIS PENDING MOTION FOR RELEASE FROM CUSTODAY**

Defendant, Robert Kelly, by and through his undersigned counsel, submits this Reply in support of his Motion for an evidentiary hearing, for an Order requiring the appearance of witnesses at that hearing, and to supplement his pending Motion for Release from Custody, and states as follows:

**The Government Has Offered Nothing To Rebut Mr. Kelly's Motion For Release From Custody**

Despite the Government's repeated refrains, it still not has come forward with any sufficient basis to support Mr. Kelly's continued detention. More to the point, it has failed to demonstrate that there are *no* conditions or *combinations of conditions* that can assure his appearance before this Court, and that there are *no* conditions or *combination of conditions* that can adequately address his alleged (but unsupported) danger to the community.

With respect to his purported risk of flight, the undisputed facts remain that: 1) Mr. Kelly has absolutely no history of ever failing to appear before any Court; 2) Mr. Kelly has an unblemished history of appearing before every Court as was required; 3) Mr. Kelly has an

unblemished history of complying with all conditions of release in all prior proceedings; 4) Mr. Kelly made no attempt to flee in connection with the present matter, despite being on notice of the Government's investigation into him for a substantial period of time; 4) Mr. Kelly has no means to flee; 5) Mr. Kelly has no passport to support his flight; 7) Mr. Kelly has a well-documented fear of flying; 8) Mr. Kelly has nowhere to flee to; and 9) if Mr. Kelly, who is an internationally recognized figure, ever attempted to flee, he would be noticed and recognized immediately.

Nonetheless, the Government continues to repeat and regurgitate its wholly unsupported and worn out theme that Mr. Kelly is a flight risk. However, there is no basis for it – except for the Government's own hyperbole.

With respect to the issue of Mr. Kelly's alleged danger to the community, that is similarly baseless. Not only is Mr. Kelly presumed innocent, he has no criminal history. That alone makes him dissimilar to the Defendants who are regularly released from detention in this District prior to trial. Mr. Kelly should be treated no differently than them because of his stardom. Moreover, the allegations against Mr. Kelly are extremely dated. The Government took no action against Mr. Kelly for years - indeed decades - prior to bringing this case. Accordingly, the Government's position that Mr. Kelly, a middle-aged man with no history of violence, somehow now presents a danger to the community is completely undermined by its own long-standing failure to intervene and charge Mr. Kelly.

**The Record Evidence Demonstrates That The MCC Has Not, And Cannot, Keep Mr. Kelly Safe**

Here, it remains undisputed that the MCC has not, and cannot, keep Mr. Kelly safe. Nonetheless, in its Response, the Government's attempts - including by way of Affidavit - to minimize the recent attack upon Mr. Kelly. This is particularly ironic. Indeed, if Mr. Kelly had

perpetrated an act of violence against one of his fellow detainees, there can be no doubt that the Government would seize upon it as a basis for his continued detention.

In any event, at best for the Government, an unresolved issue remains as to whether MCC personnel encouraged, and then allowed, a beating of Mr. Kelly to take place. That alone merits an evidentiary hearing. In fact, the videotape produced and relied upon by the Government demonstrates that: 1) no one at the MCC raised a finger to stop Mr. Farmer from attacking Mr. Kelly, until after Mr. Farmer was well into beating Mr. Kelly, 2) Mr. Farmer roamed a great distance within the MCC before carrying out that act, without any opposition. It is undisputed that, as a result, Mr. Kelly has suffered significant physical and psychological injuries.

Moreover, the notion advanced by the Government that this Court should just not get involved to ensure Mr. Kelly's safety is ludicrous and without basis or precedent. Here, Judges within this District have routinely and repeatedly taken into account the conditions of confinement as a basis from release from custody prior to trial. In fact, the on-going COVID-19 crisis, and the inability of the MCC and federal detention facilities across the country, has served as the basis for pre-trial release in literally dozens (perhaps hundreds) of instances. The threat posed to Mr. Kelly by the conditions of his confinement are no less real than any of those instances.

In any event, the Government should not be allowed to skirt the evidentiary hearing that has been necessitated by the recent attack upon Mr. Kelly. Although the Government clearly wants to avoid this Court's inquiry into that issue, it is needed.

### The Conditions Of Mr. Kelly's Confinement Make It Impossible For Him To Meaningfully Prepare For Trial And Assist In His Counsel's Preparation For Trial

The Government wants this Court to continue to ignore the fact that we are all in the midst of a pandemic, and that the consequences of that pandemic have permeated all aspects of

3

Mr. Kelly's - and his fellow detainees - conditions of confinement at the MCC. For months now, Mr. Kelly has been almost completely denied the ability to prepare for trial, much less meet with and communicate with his attorneys, because of the lock-down like conditions at the MCC arising out of the pandemic. Mr. Kelly's inability to prepare for trial has been exacerbated by his inability to read. Thus, a perfect storm, *in favor of the Government*, has thus been created. This Court should not continue to tolerate this state of affairs, particularly in light of the need to move this case to trial, and more importantly because of the fundamental unfairness this causes to Mr. Kelly's Due Process and trial rights.

     **WHEREFORE**, Mr. Kelly, by and through his undersigned attorneys, respectfully requests the entry of an Order granting his release from custody pending trial, with conditions, and for an evidentiary hearing with respect to the conditions of his confinement at the MCC, including his safety, and for such other and further relief as is appropriate and warranted.

                      **Respectfully submitted,**

                      By: **/s/ Michael I. Leonard**
                          **Counsel for Mr. Kelly**

**LEONARMEYER LL**
Michael I. Leonard
120 North LaSalle, Suite 2000
Chicago, Illinois 60602
(312)380-6559 (phone)
(312)264-9671 (fax)

**GREENBERG TRIAL LAWYERS**
Steven Greenberg
53 W. Jackson Blvd.
Suite 1260
Chicago, IL 60604
(312)399-2711 (phone)
Steve@GreenbergCD.com

## **CERTIFICATE OF SERVICE**

The undersigned states that, on October 16, 2020, he EFILED, by way of this Court's ECF filing system, the above Reply.

By:**/s/ Michael I. Leonard**
**Counsel for Mr. Kelly**
