```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION
```

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>    Plaintiff,<br><br>  v.<br><br>**ROBERT SYLVESTER KELLY,** also known as "R. Kelly;" **DERREL MCDAVID;** and **MILTON BROWN,** also known as "June Brown,"<br><br>    Defendants. | Case No. 19 CR 567<br><br>Judge Harry D. Leinenweber |

## ORDER

  For the reasons stated herein, the Court denies Defendant Robert Sylvester Kelly's motion to reconsider bail (Dkt. No. 143) and motion for evidentiary hearing (Dkt No. 145).

## STATEMENT

### A. Motion to Reconsider Bail

  Mr. Kelly moves the Court to reconsider its bail determination for the third time. (*See* Dkt. Nos. 107 & 115.) The Bail Reform Act permits a district court to order pretrial detention if it concludes that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). In making this determination, the Court must consider the following factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the

community that would be posed by the person's release. *Id.* § 3142(g).

Where, as here, a defendant is charged with qualifying crimes involving a minor, there is a rebuttable presumption of pretrial detention. *Id.* § 3142(e)(3). (*See* Hearing Tr. at 31:6–11, Dkt. No. 143-1.) The defendant bears a limited burden of production to present evidence that he will not flee or endanger the community if released. *United States v. Portes*, 786 F.2d 758, 764 (7th Cir. 1985). Even if the defendant rebuts it, the presumption remains in the case as an evidentiary finding militating against his release. *See id.* Ultimately, the Government retains the burden of persuasion by clear and convincing evidence that the defendant is dangerous and preponderance of the evidence that the defendant is a flight risk. *Id.* at 764–65; *United States v. Salerno*, 481 U.S. 739, 741 (1987).

Mr. Kelly argues that the Court incorrectly applied the Bail Reform Act and that the facts do not warrant his pretrial detention. In previously denying Mr. Kelly bail, the Court concluded that there is no condition or combination of conditions that would reasonably assure Mr. Kelly's appearance and the safety of the community. *See* 18 U.S.C. § 3142(f). (*See* Hearing Tr. at 31:6–32:25.) In doing so, the Court considered the factors set forth in 18 U.S.C. § 3142(g) as applied to Mr. Kelly. (*See generally id.*) Ultimately, it found that the weight of the factors favored detention.

Consistent with the Eastern District of New York's findings in thrice denying Mr. Kelly bail and the Second Circuit's affirmance of that denial, the Court found that Mr. Kelly poses a significant flight risk and a danger to the community. *See United States v. Kelly*, 19CR286 (E.D.N.Y.), Dkt. Nos. 53, 61, 68, & 77. Bank records produced since then show that Mr. Kelly has the means

to flee. (Gov. Resp. to Discl. Mot. at 2-3, Dkt. No. 139.) Considering the multiple charges and severe penalties at stake, Mr. Kelly also has the motive to flee. (Hearing Tr. at 10:18-11:25.) The risks of witness tampering and obstruction of justice are high, particularly as they relate to the missing video mentioned in the superseding indictment and the grand jury's finding that witnesses were paid and threatened to change testimony or not appear. (*See id.* at 31:24-32:14.) For these reasons, the Court found that electronic monitoring and home confinement conditions would be insufficient.

Mr. Kelly has not demonstrated a change in circumstances that alters the Court's previous conclusion that pretrial detention is necessary. Further, even if the Court were inclined to grant the motion, Mr. Kelly remains subject to a pretrial detention order from the Eastern District of New York that was recently affirmed by the Second Circuit Court of Appeals. *See United States v. Kelly*, 19CR286 (E.D.N.Y.), Dkt. No. 77. Mr. Kelly's pretrial detention is not indefinite. Indeed, Mr. Kelly and Mr. Brown recently agreed to the Government's proposal to set a trial date at the next status conference on December 16, 2020 while Mr. McDavid objected alone. (10/13/20 Tr. at 10:21-11:24.) Mr. Kelly will go to trial as soon as it is safe and practicable. Until then, he will remain in detention.

### B. Motion for Evidentiary Hearing

Mr. Kelly also moves for either immediate release or an evidentiary hearing to investigate a recent incident with a former fellow inmate at the Metropolitan Correctional Center ("MCC"). Mr. Kelly asserts that the inmate physically assaulted him and that MCC personnel, among other things, failed to intervene in a timely manner. Mr. Kelly does not cite, nor can the Court find, any cases to support his contentions. While this incident is concerning, it

does not warrant immediate release nor is it material to the Court's detention determination under the Bail Reform Act.

This single isolated incident does not suggest that the Bureau of Prisons is incapable of safely housing Mr. Kelly. The inmate involved in the incident with Mr. Kelly has since been transferred to a different facility. In any event, release from custody is not the appropriate remedy for such a wrong. If Mr. Kelly wishes to challenge the conditions of his confinement or the MCC's ability to protect him, he can bring those claims in a separate civil action following proper exhaustion of administrative remedies.

Accordingly, the Court denies Mr. Kelly's motion to reconsider bail (Dkt. No. 143) and motion for evidentiary hearing (Dkt. No. 145).

_____
Harry D. Leinenweber, Judge
United States District Court

Dated: 10/19/2020