UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 19 CR 567 |
| | ) | |
| -vs- | ) | |
| | ) | Hon. Harry D. Leinenweber |
| | ) | |
| ROBERT SYLVESTER KELLY, also known As "R.Kelly," DERREL MCDAVID, and MILTON BROWN, also known as "June Brown." | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MOTION TO DISMISS COUNTS ONE THROUGH FOUR AND SIX THROUGH THIRTEEN OF THE SUPERSEDING INDICTMENT AS TIME BARRED**

NOW COMES, the Defendant, ROBERT S. KELLY, by and through his counsel, Jennifer Bonjean, and moves this court to dismiss counts one through four, and six though thirteen of the superseding indictment as time barred.

**INTRODUCTION**

In its recently discovered enthusiasm to prosecute Mr. Kelly, the government reaches back a quarter century to bring charges of sexual abuse and receiving child pornography that have been long time-barred. Count one through four of the indictment alleges child exploitation of Minor 1 that occurred between 1998 and 1999. Pursuant to the operative version of 18 U.S.C. § 3283, the government had until September 2009 in which to charge Defendant with § 2251(a) offenses arising from this conduct. Because the statute of limitations ran more than a decade ago, this Court should dismiss counts one through four of the indictment.

Similarly, counts six through eight of the indictment allege conduct that occurred between 2001 and 2007. Because these offenses which claim that Defendant received child

pornography are subject to a five-year statute of limitations, they are time-barred. Even assuming the applicability of 18 U.S.C. § 3283 to count seven (rather than the general five-year statute of limitations set forth in 18 U.S.C. 3283(a)), the statute of limitations on this count expired in 2009 when Minor 1 turned 25 years old.

Counts nine through thirteen suffer from same timeliness problems. The Mann Act violations charged in counts nine through thirteen allege conduct that occurred between 1996 and 2002. Again, pursuant to the operative version of 18 U.S.C. § 3283, the statute of limitations for these counts ran upon the minors' 25th birthdays which occurred no later than 2009. Accordingly, this Court must dismiss all counts of the indictment as time barred with the exception of count five which was already subject of a motion to dismiss on statute of limitations grounds.

## ALLEGATIONS

On February 13, 2020, the government filed a superseding indictment, charging Defendant with four counts of child exploitation of a child, conduct that allegedly occurred in 1998 or 1999. [Dkt No. 93] Specifically, the indictment accuses Defendant of engaging in sexually explicit conduct with Minor 1 for the purpose of producing four separate videos between 1998 and 1999. (Counts One through Four)

Counts six through eight of the indictment accuse Defendant of conspiring to and then *receiving* those same videos (or copies thereof) in 2001 and 2007 in violation of § 2252A after the videos were allegedly stolen from Defendant by Individual D.

The superseding indictment further alleges that Defendant committed numerous Mann Act violations pursuant to 18 U.S.C. 2422(b). Specifically, the government contends the following:

- between 1997 and September 2001, Defendant "did knowingly persuade, induce, entice, and coerce" Minor 1 to engage in sexual activity that constituted aggravated criminal sexual abuse under Illinois law. (Count Nine)

- in the summer of 1996, Defendant "did knowingly persuade, induce, entice, and coerce" Minor 3 to engage in sexual activity that constituted aggravated criminal sexual abuse under Illinois law. (Count Ten)

- between 1999 and 2000, Defendant "did knowingly persuade, induce, entice, and coerce" Minor 4 to engage in sexual activity that constituted aggravated criminal sexual abuse under Illinois law. (Count Eleven)

- between 1997 and 2001, Defendant "did knowingly persuade, induce, entice, and coerce" Minor 5 to engage in sexual activity that constituted aggravated criminal sexual abuse under Illinois law. (Count Twelve)

- between 1997 and 2000, Defendant "did knowingly persuade, induce, entice, and coerce" Minor 6 to engage in sexual activity that constituted aggravated criminal sexual abuse under Illinois law. (Count Thirteen)

## ARGUMENT

**With the Exception of Count Five (Which Was Already the Subject of a Motion to Dismiss) All Counts of the Indictment Must be Dismissed as Time Barred.**

Federal Rule of Criminal Procedure 12(b)(3)(B) allows a party to raise by pretrial motion "a defect in the indictment or information, including . . . failure to state an offense." Rule 12 (b)(1) more generally allows a party "to raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits," including an argument based on the "statute of limitations." Fed. R. Crim. P. 12(b)(1) & (b)(1)-(2) advisory committee note.

Pursuant to Federal Rule of Criminal Procedure 7(c)(1), an "indictment or information must be a plain, concise, and definite written statement of essential facts constituting the offense charged." The indictment need not "allege in detail the factual proof that will be relied on to support the charges." *United States v. Smith,* 230 F. 3d 300, 306 (7th Cir. 2000). "An indictment is legally sufficient if it (1) states all elements of the crime charged; (2) adequately informs the

3

defendant of the nature of the charges so that he may prepare a defense; and (3) alleges the defendant to plead the judgment as a bar to any future prosecutions." *United States v. White,* 610 F. 3d 956, 958 (7th Cir. 2010). A court "assumes all facts in the indictment are true and must 'view all facts in the light most favorable to the government." *United States v. Yashar,* 166 F. 3d 873, 880 (7th Cir. 1999).

### A. The Limitations Period for All Counts Alleging Conduct that Preceded 2003 Are Time-Barred

Because the statute of limitations for counts one through four, seven, and nine through thirteen identified, *supra,* expired no later than 2009, they must be dismissed as time barred. Federal law imposes a five-year limitations period for most non-capital offenses. 18 U.S.C. § 3282(a). However, Congress provided a longer limitations period for "offense[s] involving the sexual or physical abuse, or kidnapping" of a minor. 18 U.S.C. § 3283. At the time Defendant allegedly committed the offenses set out in counts one through four, seven, and nine through thirteen, § 3283 provided as follows:

> No statute of limitations that would otherwise preclude prosecution for an offense involving the sexual or physical abuse of a child under the age of 18 years shall preclude such prosecution before the child reaches the age of 25 years. 18 U.S.C. § 3283 (1994).

Thus, at the time of the charged conduct, the statute of limitations for offenses involving sexual abuse were extended until the victim/minor reached 25 years old.[1]

---

[1] By way of example, § 3283 extended the five-year limitations period for the conduct alleged in counts one through four of the indictment until September 2009 when Minor 1 reached her 25th birthday. Minor 3 turned 25 in ; Minor 4 turned 25 in 2007; Minor 5 turned 25 in []; Minor 6 turned 25 in [].

4

In 2003, Congress amended the statute, extending the statute of limitations through the life of a minor. 18 U.S.C. § 3283 (2003).[2] Congress did not express an intent for the 2003 amendment to apply retroactively. Consistent with the well-established presumption against retroactive legislation, the 2003 amendment is inapplicable to the charged conduct as is any subsequent amendments to § 3283. *See United States v. Diehl,* 775 F. 3d 714, 720 (5th Cir. 2015) (applying the version of 18 U.S.C. § 3283 in effect at the time of the defendant's offense rather than the amended version in effect at the time of the indictment).

Consistent with the established principle that "criminal limitations statutes are 'to be liberally interpreted in favor of repose,'" this Court should reject any argument in favor of retroactive application of the 2003 (or the 2006) versions of § 3283. *Toussie v. United States,* 397 U.S. 112, 115 (1970). As a general rule, "[r]etroactivity is not favored in the law." *Velásquez-Garcia v. Holder,* 760 F. 3d 571, 579 (7th Cir. 2014) *quoting Bowen v. Georgetown Univ. Hosp.,* 488 U.S. 204, 208 (1988). The Supreme Court has explained that this aversion to retroactive rulemaking

> is deeply rooted in our jurisprudence, and embodies a legal doctrine centuries older than our Republic. Elementary considerations of fairness dictate that individuals should have an opportunity to know what the law is and to conform their conduct accordingly; settled expectations should not be lightly disrupted. For that reason, the principle that the legal effect of conduct should ordinarily be assessed under the law that existed when the conduct took place has timeless and universal human appeal. *Landgraf v. USI Film Products,* 511 U.S. 244, 265 (1994).

The Court in *Landgraf* set forth a framework for determining whether a statute applies retrospectively to pre-enactment conduct. The Court articulated a two-step analysis to evaluate the proposed retroactive application of a statute:

---

[2] Congress amended the statute again in 2006 to its current version which provides a limitations period for the life of the victim or 10 years after the offense, whichever is longer. 18 U.S.C. § 3283.

> [T]he court's first task is to determine whether Congress has expressly prescribed the statute's proper reach. If Congress has done so, of course, there is no need to resort to judicial default rules. When, however, the statute contains no such express command, the court must determine whether the new statute would have retroactive effect, *i.e.,* whether it would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed. If the statute would operate retroactively, our traditional presumption teaches that it does not govern absent clear congressional intent favoring such a result. *Id.* at 280.

Thus, under *Landgraf,* if Congress has expressly prescribed that a statute applies retroactively or will not apply retroactively, the inquiry ends. If the statute is silent on the issue, courts proceed to the second step of the *Landgraf* analysis and determine whether the new statute would operate retroactively.

Here, the 2003 amendment of § 3283 contains no language expressly prescribing retroactive application of amendment. The statute also does not expressly provide that it may only apply prospectively. However, Congress considered and rejected language that expressly prescribed retroactive effect. Indeed, the legislative history leaves no doubt as to congressional intent. The House version of the bill provided for the complete elimination of a statute of limitations and included an express retroactivity provision. Child Abduction Prevention Act, H.R. 1104, 108th Cong. § 202 (2003). The Senate version contained no retroactivity provision. PROJECT Act, S. 151, 108th Cong. When the House and Senate conferenced to resolve differences between the bills, the retroactivity provision was omitted. Senator Leahy, one of the bill's original co-sponsors and a former chair of the Senate Judiciary Committee, stated on the Senate floor, the omission was intentional: "I am pleased that the conference agreed to drop language from the original House-passed bill that would have extended the limitations period retroactively." Senator Leahy, Amber Legislation, Cong. Rec. 149:50, S5147 (2003).

6

The legislative history of the bill expresses Congress's intent that the amendment apply prospectively. *See Martin v. Hadix,* 527 U.S. 343, 355-57 (1999) (examining "structure and legislative history" as part of first *Langraf* step); *see also, Lattab v. Ashcroft,* 384 F. 3d 8, 14 (1st Cir. 2004) ("our inquiry is not limited to the statutory text but may include an examination of standard ensigns of statutory construction, such as the statute's truck and legislative history.") In sum, Congress affirmatively rejected the proposed retroactive application provision, indicating its intent that the statute apply prospectively.

Even if this Court concludes that Congress's intent is not express, retroactive application of the 2003 amendment fails to pass the second prong of the *Langraf* test. The United States Supreme Court held in *Stogner v. California,* 539 U.S. 607, 618 (2003) that retroactive applications of extended statutes of limitations to revive time-barred claims violate the *Ex Post Facto* Clause. The government is sure to argue that the 2003 amendment did not revive time-barred claims in this case but rather extended the limitations period for prosecuting those offenses before the limitations period expired. Admittedly, some courts would agree that extending a limitations period before a prosecution is time-barred does not run afoul of the *Ex Post Facto* Clause. *See, e.g., Baldwin v. City of Greensboro,* 714 F. 3d 828, 836 (4th Cir. 2013).

However, an analysis of the retroactivity of a criminal statute of limitations under the second step must recognize the principle that unlike civil statutes of limitations, "criminal limitations are "to be liberally interpreted in favor or repose." *Toussie,* 397 U.S. at 115; *see also, United States v. Gentile,* 235 F. Supp. 3d 649, 655 (D.N.J. 2017) (observing that if *Landgraf* and *Toussie* "are read in conjunction," courts "must interpret the statute of limitations in a manner favoring repose for Defendant) As the First Circuit has acknowledged, *Toussie* "potentially alters the second step in the *Landgraf* approach" in criminal cases. *United States v. Miller,* 911 F. 3d

638, 645 (1st Cir. 2018) (evaluating 2003 amendment in adjudicating ineffective assistance of counsel claim). "In other words, when Congress has sounded an uncertain trumpet, a court ought to refrain from applying an enlarged criminal statute of limitations retrospectively." *Id.* As discussed, *supra,* Congress sounded an uncertain trumpet regarding the retroactivity of the 2003 amendment when it affirmatively removed a retroactivity provision from the bill.

In light of *Toussie,* this Court should reject a retroactive application of the 2003 amendment even it is not the equivalent of an *Ex Post Facto* violation because it runs afoul of familiar considerations of fair notice, reasonable reliance, and settled expectations. Put differently, Defendant urges this Court to read the second step of *Landgraf* as providing broader protections for *criminal defendants* than the *Ex Post Facto* clause. Statutes of limitations "applicable to criminal prosecutions are designed principally to protect individuals from having to defend themselves against charges supported by facts that are remote in time. *United States v. Rivera-Ventura,* 72 F. 3d 277, 281 (2d Cir. 1995). That concern is acute in this case where the government seeks to rely on the retroactive extension of criminal statute of limitations to prosecute a case based on conduct that is more than two decades old. Since the time of the alleged conduct, memories have faded or have been corrupted, documents have been lost or destroyed, and witnesses have died to the detriment and prejudice of Defendant. Retroactive application of the 2003 amendment would not only fly in the face of congressional intent; it would violate notions of fundamental fairness.

      **B.**     **Counts Six Through Eight Are Also Time Barred Since The Limitations Period for Those Counts Was Five-Years Rather than the Extended Period Set Out in § 3283.**

Even if the 2003 amendment is retroactively applied to Defendant's conduct, Counts Six through Eight would still be time barred because § 3283 does not apply to those offenses. Section 3283 extends the statute of limitations only for "offense[s] involving the sexual or physical abuse, or kidnapping, of a child under the age of 18 years," but counts six through eight which charges conspiracy to receive child pornography and the completed offenses is not necessarily an offense that "involves sexual abuse" of a minor.

The United States Supreme Court has acknowledged that an "offense" or "crime" that "involves certain conduct means an offense that "necessarily require[es]" that conduct. *Shilar v. United States,* 140 S. Ct. 779, 785 (2020). *see also, Leocal v. Ashcroft,* 543 U.S. 1, 7 (2004) (stating that "offense that. . . involves" language "requires us to look to the elements and the nature of the offense . . . rather than to the particular facts" at issue) The Supreme Court has recently reiterated that "[i]n all but the most unusual situations, a single use of a statutory phrase must have a fixed meaning." *United States v. Davis,* 139 S. Ct. 2319, 2328 (2019). Thus, only if the offenses "necessarily entail" the identified conduct can it be said to be an "offense involving" that conduct. *Kawashima v. Holder,* 565 U.S. 478, 484 (2012) (interpreting "offenses that involve fraud or deceit" to mean "offenses with elements that necessarily entail fraudulent or deceitful conduct."

This approach dates back to *Bridges v. United States,* 346 U.S. 209 (1953) where the Court construed the Wartime Suspension of Limitations Act's extension of statutes of limitations for "any offense [] *involving* fraud or attempted fraud against the United States." 18 U.S.C. § 3287 (1950) (emphasis added). The Supreme Court held that the extension was "limited strictly to offenses in which defrauding or attempting to defraud the United States is an essential ingredient of the offense charged." *Bridges,* 346 U.S. at 221. Thus, the Court held that charges

9

that the defendant knowingly made and conspired to make false statements in a naturalization proceeding, and that he aided and abetted a fraudulent certificate of naturalization, were subject to the general statute of limitations and not the exception, because "fraud is not an essential ingredient of such offenses" even if the conduct alleged could be construed as fraudulent in a general sense of the word. *See also, United States v. Morgan,* 393 F. 3d 192, 198 (D.C. Cir. 2004) (when interpreting 18 U.S.C. § 3237(a), a venue statute, that states "[a]ny offense *involving* the use of the mails, transportation in interstate or foreign commerce . . ." the court held that the most natural reading of the statute is to construe 'any offense involving' by reference to the *elements* of the offense at issue).

Under the "necessarily entails" approach, § 3283 does not apply to counts six through eight since conspiracy to receive child pornography and the completed offenses of receiving child pornography do not necessarily entail the sexual abuse of a child. In *United States v. Coutentos,* 651 F. 3d 809 (8th Cir. 2011), the court held that § 3283 did not apply to a charge of possession of child pornography. *Id.* at 817-18. Looking to the elements of the offense, the court concluded that although the production of the pornography did involve the sexual abuse of a child, the offense of *possession* of the child pornography did *not* involve sexual abuse and thus was subject to the general statute of limitations. The court wrote, "That a producer of child pornography will possess it at the time of the abuse is insufficient to change our view that the offense of possessing child pornography itself does not involve an act against a child, *i.e.,* the sexual abuse of a child. *Id.* at 817.

Consistent with the preceding authority and principles of law, counts six through eight of the superseding indictment that charge Defendant with conspiring to and receiving child pornography is subject to the general five-year statement of limitations because those offenses do

10

not necessarily entail the sexual abuse of a child. As such, the statute of limitations for those offenses expired no later than 2012, making those counts time barred.

## CONCLUSION

For the foregoing reasons, this Court should dismiss the entire superseding indictment which the exception of count five which was already the subject to a statute of limitations challenge.

Respectfully Submitted,

/s JENNIFER BONJEAN
*Attorney for Robert Kelly*

Bonjean Law Group, PLLC
750 Lexington Ave., 9th Fl.
New York, New York 10022
718-875-1850

11

## CERTIFICATE OF SERVICE

I, JENNIFER BONJEAN, an attorney licensed to practice law in the State of Illinois, hereby certifies that she filed the attached Motion To Dismiss on May 2, 2022, by filing the motion via the Northern District of Illinois Electronic Filing System. The government and other parties were automatically served via ECF.

/s/JENNIFER BONJEAN