UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 19 CR 567 |
| | ) | |
| -vs- | ) | |
| | ) | Hon. Harry D. Leinenweber |
| | ) | |
| ROBERT SYLVESTER KELLY, also known As "R.Kelly," DERREL MCDAVID, and MILTON BROWN, also known as "June Brown." | ) ) ) ) ) | |
| Defendants. | ) | |

### DEFENDANT KELLY'S MOTION TO ADJOURN THE AUGUST 1, 2022, TRIAL DATE BY NINETY DAYS

NOW COMES, ROBERT S. KELLY, Defendant, by and through his counsel Jennifer Bonjean and respectfully moves this Court for an adjournment of Defendant's trial date.

1. The government filed a superseding indictment in this matter on February 13, 2020. (Dkt. No. 93)

2. Undersigned counsel filed her appearance in this case on February 18, 2022. (Dkt. No. 183)

3. The government produced the discovery in this case on March 7, 2022.

4. Undersigned counsel was informed out of the gate that Defendant MCDAVID had filed a demand for trial and that the Court was eager to commence trial as scheduled on August 1, 2022.

5. In good faith, undersigned counsel has worked diligently to prepare for trial on August 1, 2022. But as trial approaches, it has become apparent that an August 1, 2022, trial date, is simply not possible if Defendant is to receive effective assistance of counsel.

6.     At the outset, the case is a complex one where the indictment charges thirteen separate counts of conduct spanning two decades. Although there is some relationship between the counts, the counts involve six alleged minor/victims; count five charges a multi-faceted conspiracy that the government alleges involved numerous individuals and continued for over 20 years.

7.     The discovery in this case is voluminous. The government initially produced 67 separate discs of material that undersigned counsel has been reviewing diligently and which does not include 3500 material. While some discs contain video and or/audio, many of the discs contains tens of thousands of documents. Just by way of example, Disc 2 alone contains approximately 57,000 pages of documents, including financial records from various players and numerous financial institutions.

8.     Last week, the government produced *another* 10 discs of discovery that undersigned counsel has not yet even been able to access let alone read or review. Undersigned counsel does not see a scenario where she could sufficiently digest the discovery in this case, conduct an adequate investigation, retain experts if necessary, and be prepared to commence trial by August 1, 2022. If undersigned counsel spent the next two months devoted entirely to Defendant's case, something she cannot do, she still would not be prepared to try this case on August 1, 2022.

9.     To put a finer point on it, the indictment contains four counts of sexual exploitation of a child in which the government alleges that Defendant coerced Minor 1 into engaging in a sexually explicit conduct for the purpose of producing four separate sexually explicit video clips. Undersigned counsel has reviewed the evidence in the offices of Homeland Security. One of the video clips is found on a tape that made its way to the office of the Cook

County State's Attorney's office in the early aughts under unusual conditions. The second video tape which contains clips identified as Video 2 & 3 was only unearthed in 2019 when convicted felon (and presumably disbarred attorney) Michael Avenatti secured the video tape under nefarious circumstances and then produced it to Assistant State's Attorney Kim Foxx.

10. According to the government, Videotape 1 has been examined by forensic video experts, but Videotape 2 has not. Undersigned counsel would be derelict in her duties if she did not at least consult with a forensic video expert and have him/her review the work already conducted by the government's expert and possibly independently examine the videotapes that are the heart of the government's case. This is particularly true where the tapes allegedly depict conduct from the late 1990s and there is no chain of custody to speak of. Indeed, the tape that came through Avenatti has apparently been "missing" for nearly 25 years.

11. Additionally, Defendant harbors serious concerns about whether his case should be severed from his co-defendants' cases. Defendant needs additional time to investigate and determine whether a motion for severance is justified. All three defendants are charged with conspiracy to knowingly alter, destroy, mutilate, conceal, cover up, falsity and make a false entry in any record, document, and tangible object with the intent to impede, obstruct, and influence the investigation and proper administration of any matter within the jurisdiction of the United States in violation of 18 U.S.C. 1519. (Count Five)

12. The government identifies a number of overt acts in furtherance of this conspiracy, including but not limited to: (1) KELLY caused a Bass Productions, Ltd. check signed by MCDAVID to be issued to Minor One's father, in the amount of $30,000; (2) KELLY and MCDAVID caused a wire to be made from a Bass Productions, LTD. bank account to pay to Individual B to settle lawsuit that Individual B had filed for payment for recovering and

returning videotapes that depicted Kelly engaged in sexual contact with Minor One that had been stolen from him by Individual D; (3) KELLY caused a wire transfer in the amount of $80,000 to be paid to MCDAVID through his firm, Winkler & McDavid, Ltd. In September 2014; (4) KELLY caused a RSK enterprise LLC check to be issued to Minor One in the amount $1150.00 in October 2014; and (5) KELLY caused a wire payment in the amount of $100,000 to be made from RSK enterprises LLC to agent of MCDAVID on MCDAVID's behalf.

12. Although Defendant MCDAVID has not moved to sever, it seems likely his defense will be antagonistic to Defendant's defense at least in some respect and vice versa. Frankly, it is curious that MCDAVID has not moved for severance but MCDAVID's counsel has declined (as is their right) to shed any light on how they intend to try the case. Defendant certainly intends to lodge a defense as to Count Five of the indictment that would be considered adverse to MCDAVID and may require introducing evidence that would be potentially prejudicial MCDAVID. Financial records produced by the government reflect that MCDAVID had total control over Defendant's finances for over 15 years. Those financial records reflect highly unusual activity that may become a focal point of trial. Undersigned counsel must be afforded sufficient time to develop this viable defense which may include hiring forensic accountants.

13. Lastly, the government has charged Defendant with five additional counts of sexual abuse dating back to the late 1990s. Each count carries a statutory maximum of life imprisonment. Undersigned counsel vehemently denies the allegations and must have ample opportunity to investigate these ancient aggravated sexual abuse claims that should have been prosecuted *in state court* two decades ago.

14. Although undersigned counsel's other professional responsibilities are not a primary consideration here, they should carry some weight. Undersigned counsel is currently preparing for Defendant's sentencing hearing in the Eastern District in New York where Defendant faces a guideline sentencing range of life. Defendant's request that sentencing in the EDNY case be adjourned until after the NDIL trial was denied. Separately, undersigned counsel also starts trial on May 23, 2022, in Los Angeles County, California in the matter of *Huth v. Cosby* which was scheduled long before she filed her appearance in this case. That trial will not be a long one, but it prevents undersigned counsel from immediately prioritizing this case until next month.

15. Counsel had hoped that she would be ready for trial on August 1, 2022, but the case is far more complex that she anticipated. The discovery is extensive and undersigned counsel cannot be forced to trial without having the opportunity to review the material in depth and appropriately investigate the case.

16. Additionally, the fact that Defendant is currently incarcerated makes trial preparation even more challenging. Undersigned counsel *must* review the discovery with her client to make sense of it. Reviewing hundreds of thousands of pages of documents with an incarcerated person is incredibly difficult under the best of circumstances. Here, the task is even more difficult where Defendant has significant literacy challenges and must rely on undersigned counsel to read documents aloud to him. The process is extraordinarily time-consuming.

17. For the foregoing reasons, Defendant seeks a continuance of 90 days and suggests a trial date of November 1, 2022.

          Respectfully Submitted,

          <u>/S/JENNIFER BONJEAN</u>

Bonjean Law Group, PLLC
750 Lexington Ave., 9th Fl.
New York, NY 10022
718-875-1850

**CERTIFICATE OF SERVICE**

    I, JENNIFER BONJEAN, certified that she filed this Motion for a Continuance of August 1, 2022, trial date on May 9, 2022 via ECF. All parties were served via ECF.

                                                /s/JENNIFER BONJEAN