UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 19 CR 567 |
| | ) | |
| -vs- | ) | |
| | ) | Hon. Harry D. Leinenweber |
| | ) | |
| ROBERT SYLVESTER KELLY, also known As "R.Kelly," DERREL MCDAVID, and MILTON BROWN, also known as "June Brown." | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT KELLY'S CONSOLIDATED MOTIONS *IN LIMINE*

NOW COMES, Defendant, ROBERT S. KELLY, by and through his counsel, Jennifer Bonjean, and moves this Court *in limine* for an order excluding certain evidence as set forth, *infra*.

## BACKGROUND

On February 13, 2020, the government filed a thirteen-count superseding indictment, charging Defendant Kelly with: (1) four child pornography counts; (2) conspiracy to obstruct justice in connection with his 2008 state-court acquittal; (3) three counts related to receiving the aforementioned child pornography; and (4) five additional enticement counts. Counts one through nine of the indictment largely relate to conduct directed at Minor 1 while counts ten through thirteen allege sexual abuse of four other minors (Minors 3 through 6). Discovery reveals that numerous other women have alleged abuse by Defendant over the past thirty years. Some women claim to have been abused by Defendant as minors while others claim Defendant was abusive toward them when they were adults.

I.  **This Court Should Preclude the Government from Introducing Uncharged Other Bad Act Evidence.**

The government has produced voluminous discovery in this case reflecting allegations by scores of women who have alleged that Defendant mistreated them in some form or fashion over the past 30 years. Many of the allegations are unsupported by corroborative evidence. This Court must prevent Defendant's trial from being engulfed by irrelevant and excessive bad character evidence that adds little to the jury's assessment of whether Defendant committed the charged offenses. Defendant cannot be expected to defend against dozens of uncharged claims of abusive and sexual misbehavior, particularly where Defendant must already to defend against charges of sexual abuse by five different women – decades after the conduct allegedly occurred.

Unless this Court severs counts ten through thirteen of the indictment from the remaining counts, the jury will hear extensive evidence related to Defendant's alleged sexual conduct toward Minor 1 and four other minors. As argued in his motion to sever, Defendant contends that joinder of the counts pertaining to Minor 1 with the enticement counts related to Minors 3 through 6 is unduly prejudicial to the Defendant, particularly where the evidence related to Minors 3 through 6 is significantly weaker than the evidence related to Minor 1. *See* Deft. Mtn. to Sever.  If this Court disagrees and orders that all counts be tried simultaneously, the government begins with a distinct advantage where it will argue a pattern of conduct based entirely on charged conduct. In light of these circumstances, the government has no need for additional uncharged bad act evidence.

    A.    **Legal Standard**

Generally, evidence of other acts is inadmissible "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R.

Evid. 404(b)(1). There is, however, an exception to that general rule where the evidence is admitted to prove "motive, opportunity, intent, preparation, plan, knowledge, identify, absence of mistake, of lack of accident." Fed. R. Evid. 404(b)(2). In *United States v. Gomez,* 763 F. 3d 845, 853 (2014), the Seventh Circuit reminded lower courts that all evidentiary questions begin with Rule 402, which contains the general principle that "relevant evidence is admissible" and "irrelevant evidence is not." Rule 401 defines relevant evidence as that which is both *probative* and *material*. *Id.* at 853. It is not enough for the proponent of the other-act evidence simply to point to a purpose in the "permitted" list and assert that the other-act evidence is relevant to it. *Id* at 856. Rule 404(b) is not just concerned with the ultimate conclusion, but also with the chain of reasoning that supports the non-propensity purpose for admitting the evidence. *Id*. In other words, the rule allows the use of other-act evidence only when its admission is supported by some propensity-free chain of reasoning. *Id.*

Even if other-act evidence is relevant without relying on a propensity inference, it may be excluded under Rule 403, which applies "with full force" in this context and gives the district court discretion to exclude evidence it is probative value is "substantially outweighed by a danger of . . . unfair prejudice." *Id.* at 857. Other-act evidence raises special concerns about unfair prejudice because it almost always carries some risk that the jury will draw the forbidden propensity inference. *Id.*

In the case at bar, the government has not provided notice concerning whether it will attempt to introduce testimony or other evidence of uncharged allegations of misconduct by other women. Notwithstanding, Defendant moves to bar evidence of the following and further requests that the government immediately identify any uncharged bad act evidence it intends to present at trial.

3

**B.      Defendant Moves to Bar the Following Other Bad Act Evidence**

1. **Evidence Related to Defendant's Marriage and Alleged Sexual Relationship with Aaliyah.**

Defendant is not charged with any conduct related to his relationship with Aaliyah who is deceased, including evidence that Defendant married Aaliyah in 1994 when she was underage. Introduction of such evidence serves no legitimate non-propensity purpose. Furthermore, any probative value of such evidence is substantially outweighed by its prejudicial effect. Accordingly, Defendant moves to preclude testimony of any evidence related to his purported relationship and/or marriage to Aaliyah.

2. **Uncharged Allegations of Women Who Claim that Defendant Abused or Mistreated Them**

The voluminous discovery in this case reveals that scores of women have accused Defendant of engaging in varying forms of mistreatment toward them. The government has not provided notice of any intent to offer such additional evidence. Defendant moves to bar any additional uncharged allegations of misconduct. If the government intends to introduce uncharged other-act evidence, Defendant requests that the government immediately disclose what evidence is seeks to introduce and for what purpose.

3. **Evidence that Defendant Impregnated Any Accusers And/Or Facilitated Their Abortions.**

The discovery records reflects that at least two individuals purportedly were impregnated by the Defendant or possibly impregnated by the Defendant and that Defendant facilitated their abortions. The statements by these accusers are imprecise and there is no corroboration that these claims are true. Regardless, such evidence serves no legitimate evidentiary purpose and would be

4

offered for no other purpose than to breed contempt for the Defendant. Should the government intend to offer such evidence, Defendant moves to bar it.

4. **Evidence that Defendant Infected Any Sexual Partners With Herpes**

Several accusers, including Minor 1, allege that Defendant infected her with a sexually transmitted disease, namely herpes. Again, this evidence serves no legitimate non-propensity purpose and would be offered solely to inflame the passions of the jury. Defendant contends that such evidence should be barred as having no relevant purpose, or in the alternative, the probative value of such evidence is substantially outweighed by its prejudicial effect.

5. **Evidence that Defendant Was Previously Sued By Accusers And/Or Settled Lawsuits Brought by those Accusers.**

The discovery record contains significant evidence that Defendant has been previously sued by numerous women for a range of behavior. The lawsuits resulted in settlement agreements negotiated largely by co-defendant McDavid. Defendant concedes that it is possible that McDavid's role in negotiating settlement agreements on his behalf could constitute relevant evidence in this case. That said, the introduction of evidence that Defendant was sued and the cases were settled should be barred to the extent it is introduced solely to show his bad character.

6. **Video Recordings of Sexual Acts that Do Not Involve the Charged Conduct**

The government has disclosed other video recordings of sexual acts between Defendant and other women that do not appear to relate to the charged conduct. The government has not disclosed whether it intends to offer those video-recording sex acts for some other purpose. Defendant moves to bar any such explicit video-recordings.

7. **Prior Conviction of Defendant**

Defendant was convicted of one count of RICO, Mann Act violations, and inducement offenses in the eastern district of New York. Defendant moves to preclude the government from introducing evidence of his prior convictions.

Separately, Defendant joins Defendant Brown's motions *in limine* as to arguments 2 through 5.

## CONCLUSION

For the foregoing reasons, Defendant seeks an Order from this Court granting Defendant's motions *in limine*.

Respectfully Submitted,

/s/JENNIFER BONJEAN

Bonjean Law Group, PLLC
750 Lexington Ave., 9th Fl
New York, NY 10022
715-875-1850

## **CERTIFICATE OF SERVICE**

      I, JENNIFER BONJEAN, certify that filed this Motion *In Limine* on June 28, 2022 via ECF. All parties to this action were serve via ECF.

/s/JENNIFER BONJEAN