```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION
```

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>        Plaintiff,<br><br>    v.<br><br>**ROBERT SYLVESTER KELLY, a/k/a "R. Kelly," DERREL McDavid, and MILTON BROWN, a/k/a "June Brown",**<br><br>        Defendants. | **Case No. 19 CR 567**<br><br>**Judge Harry D. Leinenweber** |

# ORDER

Before the Court is Defendants' Motion to Dismiss Counts One through Four and Counts Six through Thirteen of the Superseding Indictment (Dkt. No. 189). Also before the Court is Defendant Kelly's Motion to Sever (Dkt. No. 196). For the reasons stated herein, the Motions are denied.

# STATEMENT

### A. Motion to Dismiss

On February 13, 2020, the Government filed a Superseding Indictment charging Defendant Kelly with thirteen counts, Defendant McDavid with four counts, and Defendant Brown with one count. (Dkt. No. 93.) Defendant McDavid previously moved to dismiss Count Five. (Dkt. No. 71.) This Court denied that Motion. (Dkt. No. 89). On May 2, 2022, Defendants filed another Motion to

Dismiss, arguing that all counts, except Count Five, should be dismissed. (Dkt. No. 189). Defendants argue that the counts are untimely and barred by the statute of limitations.

### *1. Counts One Through Four*

Counts One through Four of the Indictment charge Defendant Kelly with producing four videos of a minor engaged in sexually explicit conduct in violation of 18 U.S.C. §2251(a). (Indict. at 1–4, Dkt. No. 93.) The indictment states that the videos were produced between 1998 and 1999. (*Id.*) At the time of the charged conduct, the statute of limitations expired once the minor reached the age of 25. 18 U.S.C. § 3283 (1994) (amended 2006). Kelly argues that, as a result, these counts are time barred. In response, the Government argues that the limitations period was extended when the statute was amended, and the extended date should apply.

18 U.S.C. § 3283 was amended in 2003, extending the statute of limitations to the life of the minor. 18 U.S.C. § 3283 (2003) (amended 2006). The statute was amended again in 2006, extending the statute of limitations to the life of the child or ten years after the offense, whichever is longer. 18 U.S.C. § 3283. If the operative limitations period is the one set out in the 1994 version of the statute, Counts One through Four expired in 2009. If the amended statute of limitations applies, the Counts are timely brought.

The Supreme Court has set out a two-step test to decide whether a federal statute applies to past conduct. *Landgraf v. USI Film Products*, 511 U.S. 244, 280 (1994). The first step is to "determine whether Congress has expressly prescribed the statute's proper reach." *Id.* If the statute's proper reach is clear, the inquiry ends there. *Id.* However, if the statute is silent, the next step is to determine whether applying it retroactively would impair a party's rights. *Id.* Defendants urge the Court to look to the legislative history of 18 U.S.C. § 3283 and rule that Congress expressly prescribed that the statute does not apply retroactively. Defendants point to the House version of the bill, which contained an express retroactivity provision. Child Abduction Prevention Act, H.R. 1104, 108th Cong. § 202 (2003). The final version of the bill omitted this provision, and Senator Leahy confirmed that the omission was intentional. Senator Leahy, Amber Legislation, Cong. Rec. 149:50, S5147 (2003). Judge Nathan of the Southern District of New York recently dealt with this precise issue in the prosecution of Defendant Ghislaine Maxwell. *United States v. Maxwell*, 534 F.Supp.3d 299 (S.D.N.Y, 2021). There, Judge Nathan analyzed 18 U.S.C. § 3283, finding that Congress not only permitted, but intended, 18 U.S.C. § 3283 to allow prosecutions for past conduct for which the statute of limitations has not expired. *Id.* at 316. The Court agrees with Judge Nathan's analysis. With each amendment to 18 U.S.C. § 3283, the statute of limitations

increased. In light of the lack of retroactivity provision, but steadily increasing statutes of limitations, the Court finds that the statute does not prescribe its proper reach.

The Court next moves to the second step of the *Landgraf* test. The Court finds that applying the current version of 18 U.S.C. § 3283 would not impair the Defendants' rights. In the Seventh Circuit, "applying procedural statutes . . . which effectively [enlarge] the limitations period, does not violate the *ex post facto* clause so long as the statute is passed before the given prosecution is barred." *U.S. v. Gibson*, 490 F.3d 604, 609 (7th Cir. 2007) (citing *Stogner v. California*, 539 U.S. 607 (2003)). However, in their Motion to Dismiss Defendants "[urge] this Court to read the second step of *Landgraf* as providing broader protections for *criminal defendants* than the *Ex Post Facto* clause." (Mot. to Dismiss p. 8, Dkt. No. 189) (emphasis in original). The Court declines to do so. Applying the current version of 18 U.S.C. § 3283 does not impair any of the Defendants' rights because the statute was amended before the original limitations period expired. This Court will not disturb well-settled law to create new statutory rights where none currently exist. Counts One through Four are timely.

### *2. Counts Six Through Eight*

Counts Six charges all Defendants with conspiring to receive child pornography in violation of 18 U.S.C. §2252A (a)(2) and

(b)(1). (Indict. at 17.) The Indictment states that the conspiracy took place between 2001 and 2007. (*Id.*) Count Seven charges Defendants Kelly and McDavid with receiving two videos of child pornography, in violation of 18 U.S.C. §2252A (a)(2) and (2). (*Id.* at 18.) The Indictment alleges that Kelly and McDavid received these videos in August 2001. (*Id.*) Count Eight charges Defendants Kelly and McDavid with receiving one video of child pornography, in violation of 18 U.S.C. §2252A (a)(2) and (2). (*Id.* at 19.) The Indictment states that Kelly and McDavid received this video in April 2007. (*Id.*)

Defendants argue that Counts Six through Eight are subject to the general five-year statute of limitations and are now untimely. 18 U.S.C. § 3282 (a) (stating that, unless otherwise provided by law, the statute of limitations for a non-capital offense is five years). The Government argues that the Court should apply the statute of limitations set forth in 18 U.S.C § 3299. According to 18 U.S.C § 3299, there is no statute of limitations for an offense under chapter 110 of Title 18 of the United States Code. Counts Six through Eight all charge Defendants with violations of § 2252, which fall under chapter 110 of Title 18. As such, § 3299 applies to Counts Six through Eight. § 3299 became effective on July 27, 2006.

The Court finds that counts Six through Eight are timely. First, Counts Six and Eight of the indictment both state that the

- 5 -

conduct in question concluded after 18 U.S.C § 3299 was enacted. Therefore, 18 U.S.C § 3299 clearly applies, and a prosecution for these counts can be brought at any time, including in the current indictment.

The accused conduct in Count Seven took place before 18 U.S.C § 3299 was enacted. The Court applies the *Landgraf* test to this Count. In the first step, the Court finds that the text of 18 U.S.C § 3299 is silent as to its proper reach. In the second step, the Court finds that applying the statute would not impair the Defendants' rights. In drawing this conclusion, the Court once again applies *Gibson*. *Gibson*, 490 F.3d 604. 18 U.S.C § 3299 was enacted on July 27, 2006. The parties dispute what statute of limitation applied to Count Seven during the time of the accused conduct. The Defendants argue that Count Seven is subject to the general five-year statute of limitations. 18 U.S.C. § 3282 (a) The Government argues that the limitations period extended until the relevant minors turned 25, as specified in 18 U.S.C. § 3283. The Court notes the dispute is largely irrelevant here. Either way, Count Seven is timely. Applying the shorter limitations period of five years, the statute of limitations would have expired in August 2006. As 18 U.S.C § 3299 was enacted before the original limitations period expired, there is no *ex post facto* problem, meaning Defendants' rights are not infringed. *Gibson*, 490 F.3d at 609. The Court applies 18 U.S.C § 3299 here; Count Seven is timely.

### *3. Counts Nine Through Thirteen*

Counts Nine through Thirteen of the Indictment charge Defendant Kelly with knowingly enticing minors to engage in sexual activity, in violation of 18 U.S.C. § 2422(b). (Indict. at 20–24.) In addition, Counts Nine, Ten, Twelve, and Thirteen charge Defendant Kelly with aggravated criminal sexual abuse, in violation of 720 ILCS 5/12-16(d). (*Id.* at 20–21, 23–24.) The Indictment states that the activity occurred between 1996 and 2001. (*a* 20–24.) Like with charges One through Four, 18 U.S.C. § 3283 provides the relevant statute of limitations. At the time of the accused conduct, the limitation period expired when the minor turned 25 years old. The earliest date at which any minor in the accused conduct turned 25 was August 2005. As discussed earlier, 18 U.S.C. § 3283 was amended in 2003, extending the limitations period to the life of the child. Earlier in this order, the Court analyzed the applicability of the amended version of 18 U.S.C. § 3283 to Counts One through Four of the Indictment. The analysis for counts Nine through Thirteen is largely the same. Applying the first step of the *Landgraf* test, the Court finds that 18 U.S.C. § 3283 does not explicitly prescribe its proper reach. In the second step of *Landgraf*, the Court applies *Gibson*. Defendant Kelly's rights are not infringed because 18 U.S.C. § 3283 was twice amended before the previous limitations periods for Counts Nine through Thirteen expired. The Court applies the current version of 18

U.S.C. § 3283 to Counts Nine through Thirteen. Counts Nine through Thirteen are timely as well. In sum, Defendants' Motion to Dismiss is denied in its entirety.

### B. Motion to Sever

Defendant Kelly has also filed a Motion to Sever. (Dkt. No. 196.) Kelly requests that Defendant McDavid be tried separately, and that Counts Ten through Thirteen be severed from the rest of the Indictment.

Federal Rule of Criminal Procedure 14 authorizes district courts to "order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." FED. R. CRIM. P. 14. District courts have discretion to grant the relief they deem proper, whether that is severance, or something less drastic, such as a limiting instruction. *Zafiro v. U.S.*, 506 U.S. 534, 539 (1993). In cases involving conflicting defenses, severance is not required, even if prejudice to a defendant is shown. *Id.* 538-539. A court must only grant severance "if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants or prevent the jury from making a reliable about judgment about guilt or innocence." *Id.* at 539.

### *1. Severing Defendant McDavid*

Defendant Kelly argues that Defendant McDavid should be tried separately because of antagonistic defenses and because one of McDavid's lawyers may have a potential conflict of interest.

In the Motion to Sever, Kelly alleges that both he and McDavid may present evidence against the other. Kelly alleges that he intends to present evidence that McDavid controlled the purse of the operation and pushed Kelly to continue to work to keep the money flowing. Kelly also alleges that McDavid might be used as a witness against him. Kelly's allegations do not provide further detail. Kelly argues that severance is required because he intends to show that McDavid had an interest in Kelly continuing to work. However, as the Government points out, this evidence is not necessarily antagonistic to, or even inconsistent with, McDavid's possible defense. It is entirely possible that McDavid pushed Kelly to continue working and also conspired with Kelly to conceal his misconduct.

As presented, Kelly's Motion reads as blame shifting. Blame shifting among co-defendants does not mandate severance. *U.S. v. Plato*, 629 F.3d 646, 650 (7th Cir. 2010). Moreover, Kelly does not specify exactly what evidence he expects to present that will compromise any of McDavid's trial rights. Nor does he specify what evidence he expects McDavid to present that will be used against him. The Motion does not raise any serious risks of impeding

Defendants' trial rights or that a jury would be prevented from making a reliable judgment.

Kelly next argues that McDavid's lawyer, Vadim Glozman ("Glozman"), may have a conflict of interest. Kelly retained a lawyer named Ed Genson ("Genson") to represent him in a criminal case, resulting in Kelly's acquittal in 2008. (Mot. to Sever ¶ 24.) Between 2008 and 2018, Kelly frequently consulted with Genson. (*Id.* ¶ 25.) Glozman was an associate at Genson's firm from 2014 to 2018. (*Id.* ¶ 28.) Kelly argues that, through this connection, Glozman may have privileged information that could be used to Kelly's detriment. Glozman denies that he has any privileged information about Kelly. (6/1/22 Hearing Tr. 29:15–16, Dkt. No. 206). Glozman stated that his only conversation with Kelly, and the first time he met Kelly, was at Kelly's indictment hearing for this case. (*Id.* 29: 14–15, 30: 23–24). Kelly does not identify any privileged information, or any class of privileged information, that he alleges Glozman accessed. Kelly submitted a Declaration on his own behalf where he states that he does "not have a specific memory of ever consulting with Vadim Glozman." (Kelly Decl. ¶ 8, Dkt. No. 201). All Kelly offers is that he has a "distinct memory of [Glozman's] name as someone who worked with Mr. Genson." (*Id.*) Kelly has not presented sufficient information to show that Glozman has an actual conflict of interest. The Court will not sever McDavid and Kelly's trials.

### *2. Counts Ten Through Thirteen*

Kelly argues that Counts Ten through Thirteen should be severed from the rest of the Indictment because he will suffer substantial prejudice otherwise. Severance may be warranted if a defendant is improperly coerced into testifying about a count on which he wishes to remain silent. *U.S. v. Berg*, 713 F.3d 490, 496 (7th Cir. 2013). When a defendant seeks to sever charges because he wants to testify to some charges, but not others, he must show that he has a strong need to testify on one count but not the other. *U.S. v. Ervin*, 540 F.3d 623, 629 (7th Cir. 2008).

Kelly alleges that the evidence in support of Counts One through Three is stronger than the evidence in support of Counts Ten through Thirteen. In support of his argument, Kelly states that Counts One through Three are supported by video evidence, while Counts Ten through Thirteen are supported by testimonial evidence. Kelly argues that he has "important testimony to give concerning counts ten through 13 and a need to refrain from testifying as to counts 1 through 3." (Mot. to Sever ¶ 38).

Kelly's Motion to Sever does not specify exactly how he will be prejudiced if all the Counts are tried together. Kelly does not adequately explain his assertion that the evidence in support of Counts One through Three is stronger than the evidence in support of Counts Ten through Thirteen. Kelly claims that the video evidence is much stronger than testimonial evidence of

"questionable veracity," but fails to provide more detail. Further, Kelly's Motion fails to present evidence showing why he has a need to testify on only some of the counts. Kelly's Motion asserts that severance is warranted but does not provide specific evidence in support of that assertion. For that reason, the Court denies Kelly's Motion to Sever.

## CONCLUSION

For the reasons stated herein, Defendants' Motion to Dismiss (Dkt. No. 189) and Kelly's Motion to Sever (Dkt. No. 196) are denied.

_____
Harry D. Leinenweber, Judge
United States District Court

Dated: 6/30/2022