UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROBERT SYLVESTER KELLY, aka "R. Kelly,"<br>DERREL McDAVID, and<br>MILTON BROWN, aka "June Brown" | Case No. 19 CR 567<br><br>Honorable Harry D. Leinenweber |

# GOVERNMENT'S AMENDED MOTION *IN LIMINE* TO PROTECT THE IDENTITIES OF CERTAIN VICTIM-WITNESSES

## I. Original Motion *in Limine*

On June 13, 2022, the government moved *in limine* to protect the identities of the victims named in the superseding indictment—referred to as Minor 1, Minor 3, Minor 4, Minor 5, and Minor 6 (the "Victim-Witnesses")—who are expected to provide, and/or will be the subject of, sensitive and personal testimony concerning illegal sexual abuse and the production and receipt of child pornography by the defendants. R. 211 at 1-5. Specifically, the government moved the Court to: (1) permit the Victim-Witnesses to testify using their first names only; (2) limit references to each of the Victim-Witnesses in open court to their first names only; and (3) prevent public disclosure, via cross-examination or otherwise, of the Victim-Witnesses' respective addresses, full names of family members, or exact places of employment, if any.

## II. Motion to Permit the Use of Pseudonyms for the Victim-Witnesses and Minor 1's Mother

The government now files an amended motion requesting that the Court permit the Victim-Witnesses, as well as Minor 1's mother, to testify using pseudonyms. In conducting additional trial preparations, including meetings with certain Victim-Witnesses, the government believes that even the use of the witnesses' first names could reveal the true identities of the witnesses. Therefore, the proposed supplemental protective order provides that the Victim-Witnesses may testify using their first names only *or* a pseudonym.[1]

The superseding indictment charges defendant Kelly with multiple counts of sexual enticement and exploitation of the Victim-Witnesses. The Victim-Witnesses are expected to testify in explicit detail and/or be the subject of highly sensitive and personal testimony concerning Kelly's illegal sexual contact with them that occurred when they were between the ages of 13 and 17. Due to the sensitive nature of the testimony and evidence relevant to the crimes charged, the government seeks entry of a proposed protective order limiting the disclosure of the Victim-Witnesses' names and other identifying information in court. The limited protections requested by the government are necessary and appropriate to protect the Victim-Witnesses' safety and well-being, avoid harassment of the Victim-Witnesses by the press and others, and prevent undue embarrassment and other adverse consequences, such as retaliation by Kelly's supporters, relocation, or loss of employment.

---

[1] The government is in the process of meeting with the Victim-Witnesses to prepare for trial, and it is possible that some of the victims will prefer to testify using their first names, as opposed to pseudonyms.

In addition, the government anticipates that Minor 1's mother will testify about similar topics related to Minor 1, including Kelly's long-term abuse of Minor 1 while she was a child. As a result, the government similarly moves to permit Minor 1's mother—who has the same last name as Minor 1—to testify using a pseudonym. The proposed protective order also contains a provision related to Individual D, who will testify about, among other topics, sexual contact that she had with Kelly and Minor 1 over the course of several years. The government seeks to preclude disclosure of Individual D's address, names of family members, and place of employment at trial and during pre-trial and post-trial proceedings in this case.[2]

This case was charged in July 2019 and, since that time, the case has garnered significant attention from local and national media sources. The same is true for Kelly's federal prosecution in the Eastern District of New York ("EDNY") (*United States v. Kelly,* Case No. 19 CR 286). In the EDNY case, the court granted the government's motion to exclude references to victims' last names and other personal identifying information during the trial. Case No. 19 CR 286, Dkt. 255, at 19-21 ("In sum, a balancing of the risks to the victim-witnesses against the defendant's interests supported permitting the requested limitations. The victim-witnesses testified about

---

[2] The government also intends to raise at the pretrial conference additional courtroom procedures and logistics to accommodate the Victim-Witnesses, such as the use of separate entrances. In addition, as noted in the government's motion *in limine* number 4 (R. 211 at 12-14), it is unknown at this time whether there will be sufficient room for spectators to be seated in the courtroom gallery for this trial. If there are spectators in the gallery, the government requests that the Court admonish any courtroom sketch artists present that there shall be no sketches prepared of the Victim-Witnesses faces while they are testifying. It also may be appropriate to post notice of this order on the courtroom door.

humiliating and explicit acts of abuse, some of which took place when they were minors.").

The court in the EDNY case further permitted certain victim-witnesses to testify using a nickname, as opposed to their first names. R. 255 at 19. For example, at trial, the victim referred to as Jane Doe #5 in the indictment was permitted to testify as "Jane" at trial. *See* Case No. 19 CR 286, Dkt. 194 (Trial Tr.) at 765 – 1328. The same protocols are warranted in this case.

As set forth in the government's original motion *in limine*, several district courts have excluded mention of victims' full names at trial, citing the privacy interests of the victims. *See, e.g., United States v. Campbell*, 770 F.3d 556, 560 n.1 (7th Cir. 2014) (referencing victims who testified at trial under their real first names); *United States v. Nichols*, No. 15 CR 756, Dkt. 220 (N.D. Ill. Feb. 15, 2018) (in sex trafficking case, protective order entered precluding reference to adult victims' last names and requiring all documents disclosing the last name of any victim to be filed under seal); *United States v. Gardner*, No. 16 CR 20135, 2016 WL 5404207 at *4-5 (E.D. Mich. Sept. 28, 2016) (collecting cases); *United States v. Thompson*, 178 F.Supp.3d 86, 96 (W.D.N.Y. 2016) ("Given the anticipated explicit and sensitive nature of the evidence in this case, the Government has a compelling interest" in limiting identification of the victims.); *United States v. Paris*, 2007 WL 3124724 at *1 (D. Conn. Oct. 24, 2007) (excluding mention of adult and minor victims' full last names at trial, as the government has a "legitimate and substantial" interest in "protecting these witnesses from the likely adverse personal, professional and

psychological consequences of publicly linking their identities to their past lives as sex workers.").

As the *Gardner* court held, excluding evidence of the victims' full names is "consistent" with the Crime Victims' Rights Act, 18 U.S.C. § 3771(a)(8), which states that a victim has the "right to be treated with fairness and with respect for the victim's dignity and privacy." 2016 WL 5404207 at *6. Additionally, the government has an interest in encouraging crime victims, particularly victims of sex crimes, to testify by protecting them from some of the adverse consequences of their testimony. *See Thompson*, 178 F.Supp.3d at 96.

While the public has a "constitutional right of access to criminal trials," that right is not "absolute." *Globe Newspaper Co. v. Superior Court for Norfolk County*, 457 U.S. 596, 603, 607 (1982). A court can "inhibit the disclosure of sensitive information" when it is narrowly tailored to serve a compelling governmental interest. *Id.* at 607. In this case, the exclusion of the victims' last names, while otherwise allowing their testimony in open court, is narrowly tailored to serve the interest in protecting the victims' privacy rights. *See Thompson*, 178 F.Supp.3d at 96 ("the Court cannot envision a protective order [barring mention of victims' full last names] that is more narrowly tailored to serve the Government's compelling interests"); *see also Gardner*, 2016 W 5404207 at *4-5 (excluding mention of an adult victim's full last name at trial, explaining that use of the victim's full name "would add nothing substantive to her in-court testimony that cannot be supplied by the use of her first name and first initial of her last name").

For the reasons set forth above, the government respectfully requests that the Court grant the government's motion and (1) permit the Victim-Witnesses and Minor 1's mother to testify using pseudonyms or first names only; (2) limit references to each of the Victim-Witnesses and Minor 1's mother in open court to pseudonyms or their first names only; and (3) prevent public disclosure of addresses, full names of family members, or exact place of employment, if any, for the Victim-Witnesses, Minor 1's mother, and Individual D. The government further requests that the Court enter the proposed protective order that sets forth the government's requested relief. The proposed protective order supplements the existing protective order in the case, R. 53, which contains several provisions regarding the disclosure of discovery materials produced in this case, including a prohibition on including any information marked as sensitive in any public filing with the Court.[3]

---

[3] Discovery related to the Victim-Witnesses, including their full names and other identifying information, has been produced as sensitive material in this case.

## III. Conclusion

For the foregoing reasons, the United States respectfully requests that the Court grant the government's motion *in limine*.

                Respectfully submitted,

                JOHN R. LAUSCH, JR.
                United States Attorney

By:   */s/ Elizabeth R. Pozolo*
       JEANNICE APPENTENG
       ELIZABETH R. POZOLO
       JASON JULIEN
       Assistant U.S. Attorneys
       219 South Dearborn St., Rm. 500
       Chicago, Illinois 60604
       (312) 353-5300

Dated: July 1, 2022