# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROBERT SYLVESTER KELLY, aka "R. Kelly," DERREL McDavid, and MILTON BROWN, aka "June Brown" | No. 19 CR 567<br><br>Judge Harry D. Leinenweber |

## RULINGS ON MOTIONS IN LIMINE

### USA Motion #1

**Motion to Protect the Identities of Certain Victim-Witnesses.**

The Government requests that the Victim-Witnesses and Minor 1's mother be permitted to use pseudonyms during testimony. The Government requests that any reference to the Victim-Witnesses or Minor 1's mother in open court be by pseudonym or first name only. The Government requests that no one disclose the addresses, full names of family members, of exact place of employment of any of the Victim-Witnesses, Minor 1's Mother, or Individual D.

Defendants' Response: Kelly does not object to the motion.

Ruling: The motion is granted.

### USA Motion #2

**Motion to Preclude Evidence of Victims' Sexual History.**

The Government requests that any inquiry or evidence related to the victim's sexual history be excluded.

Defendants' Response: Kelly states that he has no intention of introducing any evidence for the purpose of sexual predisposition, but states that victim's previous sexual behavior may be relevant to questions surrounding consensual sex acts with Kelly when the victims were not minors.

Kelly objects to the exclusion of evidence regarding sexual conduct of witnesses who were not victims identified in the indictment.

Ruling: The motion is granted.

### USA Motion #3

**Motion to Bar Evidence and Argument Related to Consent.**

The Government requests that the Court prohibit Defendants from introducing evidence and arguing that the minor victims consented to engaging in sexual activity while minors. The Government argues that minors lack the capacity to consent.

Defendants' Response: Kelly does not intend to argue that minors are able to consent. However, Kelly argues that he should be allowed to cross examine the minors about their conduct to negate inducement.

Ruling: The motion is granted. Kelly may not argue that the minors consented to any sexual behavior with him.

### USA Motion #4

**Motion to Prevent the Public Display of Child Pornography Videos During Trial.**

The Government wants the Court to prevent the publication of child pornography to the gallery/overflow courtroom during the trial.

Defendants' Response: Kelly joins the motion.

Ruling: The motion is granted.

### USA Motion #5

**Motion to Introduce Evidence of Polygraph Examinations.**

The Government seeks to introduce evidence and testimony about polygraph examinations for reasons unrelated to the correctness of the results. The Government argues that this evidence is probative evidence of the conspiracy charged in the indictment.

Defendants' Response: Kelly does not object to the fact that polygraphs were used by McDavid. Kelly objects to the testimony about the questions and argues that the results of the polygraphs as unreliable and unduly prejudicial.

Ruling: The motion is granted.

## USA Motion #6

**Notice Regarding Introduction of the False Records Alleged in the Superseding Indictment.**

The Government intends to admit a memo summarizing an interview of Individual D to show that McDavid and Kelly conspired to obstruct justice. The Government alleges that the memorandum contains false information and is not privileged.

<u>Defendants' Response</u>: Kelly objects, stating that the memorandum is not relevant evidence.

Kelly also objects to the introduction of any police report that allegedly contains false statements of Minor 1.

<u>Ruling</u>: The motion is granted.

## USA Motion #7

**Government's Notice of Intent to Admit Direct Evidence of Crimes Charged.**

The Government intends to introduce testimony and evidence of the physical, emotional, and sexual abuse that Kelly inflicted on Minors 1, 3, 4, 5 and 6.

<u>Defendants' Response</u>: Kelly objects to the introduction of any evidence that is not directly relevant to the crime charged, and any evidence that is barred by Rule 403.

<u>Ruling</u>: Grant the motion. Defendants may raise objections during trial if they see fit.

## USA Motion #8

**Motion for Prior Notice Concerning Rule 608(B) Impeachment.**

The Government asks that the Court bar all parties from introducing evidence under Rule 608(b) except upon prior notice, outside the presence of the jury. The Government proposes that parties first notify the Court and other parties at sidebar of its intent to impeach under the rule.

<u>Defendants' Response</u>: Brown argues that the Government's request is unprecedented. Brown notes that Rule 608 does not contain a notice provision.

Kelly also objects to the motion.

<u>Ruling</u>: The motion is denied.

## USA Motion #9

## Motion to Preclude Argument or Evidence Designed to Elicit Jury Nullification

This motion is broken down into several subparts, as seen below.

## USA Motion #9 (A)

## Motion to Preclude Argument or Evidence Concerning Potential Penalties Faced by Defendants if they are Convicted.

The Government asks that the Court preclude Defendants from introducing evidence or argument discussing the possible penalties or sentence should the Defendants be convicted.

Defendants' Response: No objection.

Ruling: The motion is granted.

## USA Motion #9 (B)

## Motion to Preclude Allegations of Outrageous Government Conduct.

The Government moves to exclude evidence or argument by counsel of outrageous government conduct.

Defendant's Response: No objection.

Ruling: The motion is granted.

## USA Motion #9 (C)

## Motion to Preclude Argument and Evidence Regarding the Government's Motivation in Investigating and Prosecuting the Case.

The Government moves to exclude any evidence or argument relating to any officer's or agent's motivation for investigating or prosecuting the case.

Defendant's Response: No objection.

Ruling: The motion is granted.


## USA Motion #9 (D)

## Motion to Preclude Argument and Evidence of Selective Prosecution Theory.

The Government moves to exclude any evidence or argument that some witnesses who participated in the conspiracy to receive child pornography were never charged. The Government also moves to exclude any evidence or argument that the parents of the Victim-Witnesses should have known about the Minors sexual relationship with Kelly, and by saying nothing, consented to the relationship.

Defendants' Response: Brown argues that the Government's request is impermissibly broad and that evidence and arguments regarding the parents of Minor 1 are relevant. Brown argues that Kelly's relationship with Minor 1's parents is relevant to Brown's belief that Minor 1 was of age, or that Kelly's relationship with Minor 1 was not sexual.

Ruling: The motion is denied in part. Brown may argue that he believed any victims were not minors. The motion is granted as to exclusion of evidence that minors (or their parents) consented to a sexual relationship with Kelly.

## USA Motion #10

**Motion to Exclude Discovery Requests or Commentary Regarding Discovery in the Presence of the Jury.**

The Government asks that the Court preclude the parties from requesting discovery or otherwise commenting on discovery matters in the presence of the jury.

Defendants' Response: Kelly does not intend to have discovery disputes in front of the jury.

Ruling: The motion is denied as moot.

## USA Motion #11

**Motion to Exclude Evidence of Arguments Regarding the Constitutionality of the Statutes Criminalizing the Production and Receipt of Child Pornography.**

The Government alleges that arguments which pertain to the constitutionality of statutes criminalizing child pornography offenses are wholly irrelevant to the indictment in this case.

Defendant's Response: Kelly has no objection.

Ruling: The motion is granted.

## USA Motion #12

**Motion to Preclude Argument or Evidence of Non-Pertinent Traits of Defendants' Characters.**

The Government moves to exclude Defendants from presenting evidence of their lawfulness except by reputation or opinion evidence.

Defendants' Response: Brown argues that he may present testimony of his character of being a law-abiding citizen through specific instances of conduct.

Kelly intends to abide by the rules of evidence and does not intend to affirmatively introduce evidence of good character.

Ruling: The motion is granted. Defendants may introduce evidence of being law abiding, but only through reputation or opinion testimony, not through specific instances of conduct, in line with Rule 405.

## USA Motion #13

**Motion to Preclude Defenses of Alibi or Unavailability and Mental Defect.**

The Government moves to exclude any evidence or argument relating to alibi or mental defect because Defendants did not provide the adequate notice prior to trial.

Defendants' Response: Kelly argues that he cannot provide an alibi at this time due to the indictment's allegations that the offenses spanned 20 plus years.

Ruling: The motion is granted. According to Rules 12.1 and 12.2 of the Federal Rules of Criminal Procedure, the Defendant must provide advance, written notice of any potential alibi or insanity defense.

## USA Motion #14

**Motion to Preclude Defense Counsel from Defining the Term "Reasonable Doubt."**

The Government argues that it is improper for attorneys to define the term reasonable doubt.

Defendants' Response: None.

Ruling: The motion is granted.

## USA Motion #15

**Motion to Allow Government to Recall the Case Agent During its Case-in-Chief.**

The Government asks permission to recall the case agent during trial. The Government proposes that after every direct examination of the case agent, the Defendants can cross-examine the case agent.

Defendants' Response: Kelly argues that the Court should use its discretion and not allow the Government to recall the case agent too many times.

Ruling: The motion is granted. However, the Court may use its discretion to prevent the Government from needlessly recalling the case agent.

## USA Motion #16

**Motion to Admit Business Records Pursuant to Federal Rules of Evidence 803(6) and 902(11).**

The Government asks that the Court admit the evidence listed in Government Exhibit 1 under the business record exception.

Defendants' Response: Kelly does not object but asks for reciprocity if he seeks to introduce similar evidence.

Ruling: The motion is granted.


## USA Santiago Proffer

The Government asks that the Court admit specific categories of statements made by co-conspirators, in furtherance of the alleged conspiracy, into evidence, pursuant to Rule 801(d)(2)(e). The motion provides an overview of the evidence that the Government expect to be introduced demonstrating the existence of a conspiracy.

Defendant's Response: Defendants Brown and Kelly allege that the Santiago proffer is insufficient because it does not identify which exact statements it wishes to introduce into evidence. Brown alleges that the lack of specificity forecloses him from drafting necessary limiting instructions.

Ruling: The motion is granted. If Defendants believe that the Government has not actually proved the existence of a conspiracy during trial, they may make a motion to strike, or raise an appropriate objection.


## Brown Motion #1

**Motion to permit Mr. Brown to Admit Evidence of his own Character**

Defendant Brown argues that he should be allowed to present evidence that he is a law-abiding person.

Government's Response: The Government admits that Brown may offer evidence of is reputation for being a law-abiding citizen, provided it comes in the form of opinion testimony.

Ruling: The motion is granted in part. Defendant Brown may only introduce testimony of his character in the form of reputation or opinion evidence. Should he do so, the Government may refute the testimony on cross examination using specific instances of conduct.

## Brown Motion #2

**Motion to Preclude the Government from Eliciting Testimony Regarding Certain "Other Crimes, Wrongs, and Acts" by Mr. Brown**

This motion is broken down into several subparts, as seen below.

## Brown Motion #2 (A)

**Motion to exclude Testimony regarding Mr. Brown making travel arrangements for Minors 4 and 6.**

Brown specifically seeks exclusion of grand jury testimony from Minors 4 and 6 detailing how Brown booked their hotel rooms as they were minors.

Government's Response: The Government argues that Brown's travel arrangements constitute direct evidence of the offenses.

Ruling: The motion is denied in part. The Government may discuss Brown's travel arrangements as direct evidence that Kelly enticed minors into sexual activity. However, the Government may not argue that because Brown made travel arrangements for specific minors, it was more likely that he knew different minors were depicted in certain videos.

## Brown Motion #2 (B)

**Motion to Exclude Testimony from Individuals B and D regarding Brown's role in arranging abortions for Kelly's partners.**

Brown specifically seeks exclusion of testimony from Individual D stating that Brown took her to an abortion appointment and posed as her uncle, and testimony from Individual B that Brown arranged abortions for minors on Kelly's behalf.

Government's Response: The Government states that it does not intend to introduce any evidence on this topic in its case in chief.

Ruling: The motion is denied as moot.

## Brown Motion #2 (C)

**Motion to Exclude Testimony from Individual B regarding Brown's role in inviting Kelly concert attendees backstage.**

Brown specifically seeks exclusion of testimony from Individual B suggesting that Kelly would instruct Brown to invite girls (aged 16-20) backstage.

Government's Response: The Government does not anticipate that Individual B will testify that Brown helped Kelly invite girls backstage.

Ruling: The motion is denied as moot.

## Brown Motion #3

**Motion to Exclude the Government Expert Testimony from Unqualified Witnesses.**

Brown argues that any testimony about child pornography generally, and typical offender behavior must come from a qualified expert witness

Government's Response: The Government does not intend to introduce such evidence.

Ruling: The motion is denied as moot.


## Brown Motion #4

**Motion to Preclude Government Witnesses from Providing Summaries or Statements from Interviewed Witnesses for Non-testifying Individuals.**

Brown moves to exclude any statements from non-testifying individuals that violate his protections under the confrontation clause.

Government's Response: The Government states that it will not introduce testimonial evidence from non-testifying individuals.

Ruling: The motion is denied as moot.


## Brown Motion #5 (Dkt. No. 213)

**Motion to Preclude the Government from making "Golden Rule" Arguments to the Jury and the Defendants.**

Brown argues that it would be improper for the Government to ask the jury to put themselves in Brown's shoes.

Government's Response: The Government does not intend to make this type of argument to the jury.

Ruling: The motion is denied as moot.


## Kelly Motion #1

**Motion to Exclude Certain Other Bad Act Evidence**

This motion is broken down into several subparts, as seen below.

## Kelly Motion #1 (A)

**Motion to Exclude Evidence Related to Kelly's Marriage and Alleged Sexual Relationship with Aaliyah.**

Defendant argues that he is not charged with any conduct stemming from this relationship, thus it is inadmissible.

Government's Response: The Government states that it does not intend to introduce any evidence on this topic in its case in chief.

Ruling: This motion is denied as moot.

**Kelly Motion #1 (B) (Dkt. No. 221)**

**Motion to Exclude Uncharged Allegations of Women Who Claim that Defendant Abused or Mistreated Them.**

Defendant argues that any uncharged allegations should be barred. Defendant asks that the Government immediately disclose any such evidence if it intends to present it at trial.

Government's Response: The Government states that it does not intend to call anyone not identified in the indictment to testify about Kelly's abuse. The Government states that some of the minors who will testify may state that others were present during Kelly's abuse, which would be direct evidence of the allegations in the indictment

Ruling: The motion is denied as moot.

**Kelly Motion #1 (C)**

**Motion to Exclude Evidence that Kelly Impregnated any accusers and/or Facilitated their Abortions.**

Kelly argues that this information serves no legitimate evidentiary purpose.

Government's Response: The Government states that it does not intend to introduce any evidence on this topic in its case in chief.

Ruling: This motion is denied as moot.

### Kelly Motion #1 (D)

**Motion to Exclude Evidence that Kelly Infected any Sexual Partner with Herpes.**

Kelly argues that this information serves no legitimate evidentiary purpose.

Government's Response: The Government states that it does not intend to introduce any evidence on this topic in its case in chief.

Ruling: The motion is denied as moot.

### Kelly Motion #1(E)

**Motion to Exclude Evidence that Kelly was Previously Sued by Accusers and/or Settled Lawsuits Brought by those Accusers.**

Defendant argues that such evidence should be barred to the extent it only goes to his bad character.

Government's Response: The Government argues that such evidence will not solely go to Kelly's bad character, but rather as direct evidence of some the allegations in the indictment.

Ruling: The motion is denied.

### Kelly Motion #1 (F) (Dkt. No. 221)

**Motion to Exclude Video Recordings of Sexual Acts that do not Involve the Charged Conduct.**

Kelly argues that other video recordings should be barred.

Government's Response: The Government states that it does not intend to introduce any evidence on this topic in its case in chief.

Ruling: The motion is denied as moot.

### Kelly Motion #1 (G)

**Motion to Exclude Kelly's Prior Conviction.**

Kelly asks that the Government be precluded from introducing evidence of prior convictions, including his conviction in EDNY.

Government's Response: The Government argues that limited testimony about Kelly's prior convictions should be allowed if he testifies, specifically Kelly's racketeering conviction.

Ruling: The motion is denied as to Kelly's recent racketeering conviction.

                              Harry D. Leinenweber, Judge
                              United States District Court

Dated: 8/3/2022