UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 19 CR 567 |
| v. | Honorable Harry D. Leinenweber |
| ROBERT SYLVESTER KELLY, aka "R. Kelly," DERREL McDAVID, and MILTON BROWN, aka "June Brown" | |

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

The United States of America, by its attorney, John R. Lausch, Jr., United States Attorney for the Northern District of Illinois, hereby submits the government's proposed instructions and verdict forms for this case. Because the government based this submission on the anticipated trial evidence, the government may ask this Court for permission to supplement or modify these proposed jury instructions, as appropriate.

Respectfully submitted,

JOHN R. LAUSCH, JR.
United States Attorney

By:  */s/ Elizabeth R. Pozolo*
JEANNICE APPENTENG
ELIZABETH R. POZOLO
JASON JULIEN
BRIAN WILLIAMSON

Assistant U.S. Attorneys
219 South Dearborn St., Rm. 500
Chicago, Illinois 60604
(312) 353-5300

Members of the jury, I will now instruct you on the law that you must follow in deciding this case. Each of you has a copy of these instructions to use in the jury room. You must follow all of my instructions about the law, even if you disagree with them. This includes the instructions I gave you before the trial, any instructions I gave you during the trial, and the instructions I am giving you now.

As jurors, you have two duties. Your first duty is to decide the facts from the evidence that you saw and heard here in court. This is your job, not my job or anyone else's job.

Your second duty is to take the law as I give it to you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt.

You must perform these duties fairly and impartially. Do not let sympathy, prejudice, fear, or public opinion influence you. In addition, do not let any person's race, color, religion, national ancestry, or gender influence you.

You must not take anything I said or did during the trial as indicating that I have an opinion about the evidence or about what I think your verdict should be.

Government Instruction No. 1

Seventh Circuit Committee (2020) 1.01

The charges against the defendants are in a document called an indictment. You will have a copy of the indictment during your deliberations.

The indictment in this case charges defendant Robert Kelly with sexual exploitation of a minor, conspiring to obstruct justice, conspiring to receive child pornography, receipt of child pornography, and enticement of minors to engage in unlawful sexual conduct. Defendant Derrel McDavid is charged with conspiring to obstruct justice, conspiring to receive child pornography, and receipt of child pornography. Defendant Milton Brown is charged with conspiring to receive child pornography.

The defendants have pled not guilty to the charges.

The indictment is simply the formal way of telling a defendant what crimes he is accused of committing. It is not evidence that the defendant is guilty. It does not even raise a suspicion of guilt.

Government Instruction No. 2

Seventh Circuit Committee (2020) 1.02

Each defendant is presumed innocent of each and every one of the charges. This presumption continues throughout the case, including during your deliberations. It is not overcome unless, from all the evidence in the case, you are convinced beyond a reasonable doubt that the particular defendant you are considering is guilty as charged.

The government has the burden of proving each defendant's guilt beyond a reasonable doubt. This burden of proof stays with the government throughout the case.

A defendant is never required to prove his innocence. He is not required to produce any evidence at all.

Government Instruction No. 3

Seventh Circuit Committee (2020), 1.03

You must make your decision based only on the evidence that you saw and heard here in court. Do not consider anything you may have seen or heard outside of court, including anything from the newspaper, television, radio, the Internet, or any other source.

The evidence includes only what the witnesses said when they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations that the lawyers agreed to. A stipulation is an agreement that certain facts are true or that a witness would have given certain testimony.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. If what a lawyer said is different from the evidence as you remember it, the evidence is what counts. The lawyers' questions and objections likewise are not evidence.

A lawyer has a duty to object if the lawyer thinks a question is improper. If I sustained objections to questions the lawyers asked, you must not speculate on what the answers might have been.

If, during the trial, I struck testimony or exhibits from the record, or told you to disregard something, you must not consider it.

Government Instruction No. 4

Seventh Circuit Committee (2020) 2.01

Give the evidence whatever weight you believe it deserves. Use your common sense in weighing the evidence, and consider the evidence in light of your own everyday experience.

People sometimes look at one fact and conclude from it that another fact exists. This is called an inference. You are allowed to make reasonable inferences, so long as they are based on the evidence.

Government Instruction No. 5

Seventh Circuit Committee (2020) 2.02

You may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is evidence that directly proves a fact. Circumstantial evidence is evidence that indirectly proves a fact.

You are to consider both direct and circumstantial evidence. The law does not say that one is better than the other. It is up to you to decide how much weight to give to any evidence, whether direct or circumstantial.

Government Instruction No. 6

Seventh Circuit Committee (2020) 2.03

Part of your job as jurors is to decide how believable each witness was, and how much weight to give each witness' testimony [including that of a defendant]. You may accept all of what a witness says, or part of it, or none of it.

Some factors you may consider include:

- the age of the witness;

- the intelligence of the witness;

- the witness' ability and opportunity to see, hear, or know the things the witness testified about;

- the witness' memory;

- the witness' demeanor;

- whether the witness had any bias, prejudice, or other reason to lie or slant the testimony;

- the truthfulness and accuracy of the witness' testimony in light of the other evidence presented; and

- inconsistent [or consistent] statements or conduct by the witness.

Government Instruction No. 7

Seventh Circuit Committee (2020) 3.01

Do not make any decisions simply by counting the number of witnesses who testified about a certain point.

[You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.]

What is important is how truthful and accurate the witnesses were and how much weight you think their testimony deserves.

Government Instruction No. 8

Seventh Circuit Committee (2020) 2.04

[A defendant has an absolute right not to testify [or present evidence]. You may not consider in any way the fact that a defendant did not testify [or present evidence]. You should not even discuss it in your deliberations.]

Government Instruction No. 9

Seventh Circuit Committee (2020) 2.05 (tentative)

[You may consider evidence that the defendant was convicted of a crime only in deciding the believability of his testimony. You may not consider it for any other purpose. The other conviction[s] [is; are] not evidence of whether the defendant is guilty of any crime he is charged with in this case.]

Government Instruction No. 10

Seventh Circuit Committee (2020) 3.09 (tentative)

You have heard a witness, [   ], who gave testimony regarding [   ]. You do not have to accept this witness's testimony. You should judge this witness's testimony the same way you judge the testimony of any other witness. In deciding how much weight to give to this testimony, you should consider the witness's qualifications, how he reached his conclusions, and the factors I have described for determining the believability of testimony.

Government Instruction No. 11

Seventh Circuit Committee (2020) 3.13

You should not speculate why any other person whose name you may have heard during the trial is not currently on trial before you.

Government Instruction No. 12

*United States v. Young*, 20 F.3d 758, 765 (7th Cir. 1994).

It is proper for an attorney to interview any witness in preparation for trial.

Government Instruction No. 13

Seventh Circuit Committee (2020) 3.02

You have heard [a] recorded conversation[s], and seen video recordings. This is proper evidence that you should consider together with and in the same way you consider the other evidence.

You were also given transcripts of the conversations on the recordings to help you follow the recordings as you listened to them. The recordings are the evidence of what was said and who said it. The transcripts are not evidence. If you noticed any differences between what you heard in a conversation and what you read in the transcripts, your understanding of the recording is what matters. In other words, you must rely on what you heard, not what you read. And if you could not hear or understand certain parts of a recording, you must ignore the transcripts as far as those parts are concerned.

[I am providing you with the recording[s] and a device with instructions on its use. It is up to you to decide whether to listen to [the; a] recording during your deliberations. You may, if you wish, rely on your recollections of what you heard during the trial.]

[If, during your deliberations, you wish to have another opportunity to view [a; any] transcript[s][as you listen to a recording], send a written message to the [marshal; court security officer], and I will provide you with the transcript[s].]

Government Instruction No. 14

Seventh Circuit Committee (2020) 3.14

Certain [summaries; charts] were admitted in evidence. [You may use those [summaries; charts] as evidence [even though the underlying [documents; evidence] are not here].

[The accuracy of the [summaries; charts] has been challenged. [The underlying [documents; evidence] [has; have] also been admitted so that you may determine whether the [summaries; charts] are accurate.]]

[It is up to you to decide how much weight to give to the [summaries; charts].

Government Instruction No. 15

Seventh Circuit Committee (2020) 3.16

Certain [summaries; charts] were shown to you to help explain other evidence that was admitted. [Specifically identify the demonstrative exhibit, if appropriate]. These [summaries; charts] are not themselves evidence or proof of any facts [, so you will not have these particular [summaries; charts] during your deliberations]. [If they do not correctly reflect the facts shown by the evidence, you should disregard the [summaries; charts] and determine the facts from the underlying evidence.]

Government Instruction No. 16

Seventh Circuit Committee (2020) 3.17

If you have taken notes during the trial, you may use them during deliberations to help you remember what happened during the trial. You should use your notes only as aids to your memory. The notes are not evidence. All of you should rely on your independent recollection of the evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impressions of each juror.

Government Instruction No. 17

Seventh Circuit Committee (2020) 3.18

## **Consideration of the Charges**

Even though the defendants are being tried together, you must consider each defendant and the evidence concerning that defendant separately. Your decision concerning one defendant, whether it is guilty or not guilty, should not influence your decision concerning any other defendant.

Defendants Robert Kelly and Derrel McDavid have each been accused of more than one crime. The number of charges is not evidence of guilt and should not influence your decision.

You must consider each charge separately. Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any other charge.

Government Instruction No. 18

Seventh Circuit Committee (2020) 4.06, 4.07

The indictment charges that the crimes happened "on or about" certain dates. The government must prove that the crimes happened reasonably close to those dates. The government is not required to prove that the crimes happened on those exact dates.

Government Instruction No. 19

Seventh Circuit Committee (2020) 4.05

## Terms Applicable to Multiple Counts

Some of the charges contain the same terms. I will define for you now some of those terms. I will give you in later instructions additional definitions for terms that are applicable to specific charges.

"Knowingly": A person acts knowingly if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether a defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

"Minor" means any person under the age of eighteen (18) years.

"Child pornography" means a visual depiction of sexually explicit conduct, including any photograph, film, video, or picture, whether made or produced by electronic, mechanical, or other means, if the production of the visual depiction involves the use of a minor engaged in sexually explicit conduct.

"Visual depiction" includes any video, whether made or produced by electronic, mechanical or other means.

"Sexually explicit conduct" includes: (1) actual or simulated sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral anal; (2) masturbation; (3) sadistic or masochistic abuse; or (4) lascivious exhibition of the anus, genitals, or pubic area of any person.

"Lascivious exhibition" is a display that calls attention to the genitals or pubic area for the purpose of eliciting a sexual response in the viewer.

"Coerced" means: (1) using threats of serious harm to or physical restraint against any person; (2) any scheme, plan, or pattern intended to cause a person to

21

believe that failure to perform an act would result in serious harm to or physical restraint against any person; or (3) the abuse or threatened abuse of law or the legal process.

"Serious harm" means any harm, whether physical or non-physical, including psychological, financial, or reputational harm, that is sufficiently serious, under the circumstances, to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing sexual activity in order to avoid incurring that harm.

"Interstate commerce" means commerce between different states, territories, and possessions of the United States, including the District of Columbia. Images and videos transmitted or received over the Internet have moved using a means or facility of interstate or foreign commerce. It is for you to determine, however, if the material containing the visual depiction had been transmitted or received over the Internet.

"Foreign commerce" means commerce between any state, territory or possession of the United States and a foreign country.

"Commerce" includes, among other things, travel, trade, transportation, and communication.

Government Instruction No. 20

Seventh Circuit Committee (2020), 4.10

Seventh Circuit Committee (2020), 18 U.S.C. § 2256(8)

Seventh Circuit Committee (2020), 18 U.S.C. § 2256(1)

Seventh Circuit Committee (2020), 18 U.S.C. § 2256(2)(A)

22

Seventh Circuit Committee (2020), 18 U.S.C. § 1466A(f)(1)

*United States v. Russell,* 662 F.3d 831, 843 (7th Cir. 2011)
*United States v. Schuster,* 706 F.3d 800, 806 (7th Cir. 2013)

18 U.S.C. § 1591(e)(2); 18 U.S.C. § 1591(e)(4) (modified to remove word "commercial")

Seventh Circuit Committee (2020), Definition of Interstate or Foreign Commerce

## **Specific Counts**

I will now describe to you the specific charges in the indictment, and what is required to prove each of those charges.

## **Sexual Exploitation of Minor 1 (Counts One, Two, Three and Four)**
### **Defendant Robert Kelly**

Counts One, Two, Three, and Four of the indictment charge defendant Robert Kelly with sexual exploitation of Minor 1. In order for you to find the defendant guilty of this charge, the government must prove each of the following three elements beyond a reasonable doubt:

1.      At the time, Minor 1 was under the age of eighteen years;

2.      The defendant, for the purpose of producing a visual depiction of such conduct, employed, used, persuaded, or coerced Minor 1 to take part in sexually explicit conduct, in the manner described in the particular count you are considering; and

3.      The visual depiction was mailed or actually transported across state lines or in foreign commerce.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the particular count you are considering, then you should find the defendant guilty of that count.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any of these elements beyond a reasonable doubt

as to the particular count you are considering, then you should find that defendant

not guilty of that count.

Government Instruction No. 21

Seventh Circuit Committee (2020), 18 U.S.C. § 2251(a)

## **Conspiracy Counts-General Instructions**

Counts Five and Six of the indictment charge certain defendants with the offense of conspiracy. The following general instructions about conspiracy are applicable to both conspiracy counts.

A "conspiracy" is an express or implied agreement between two or more persons to commit a crime. A conspiracy may be proven even if its goals were not accomplished.

In deciding whether the charged conspiracy existed, you may consider all of the circumstances, including the words and acts of each of the alleged participants.

Government Instruction No. 22

Seventh Circuit Committee (2020) 5.09

To be a member of a conspiracy, a defendant does not need to join it at the beginning, and he does not need to know all of the other members or all of the means by which the illegal goals of the conspiracy were to be accomplished. The government must prove beyond a reasonable doubt that the defendant you are considering was aware of the illegal goals of the conspiracy and knowingly joined the conspiracy.

A defendant is not a member of a conspiracy just because he knew and/or associated with people who were involved in a conspiracy, knew there was a conspiracy, and/or was present during conspiratorial discussions.

In deciding whether a defendant joined the charged conspiracy, you must base your decision only on what that defendant did or said. To determine what that defendant did or said, you may consider that defendant's own words or acts. You may also use the words or acts of other persons to help you decide what the defendant did or said.

Government Instruction No. 23

Seventh Circuit Committee (2020) 5.10

The government need not prove that a defendant was aware of, or played a role in, every act of the conspiracy, or that the defendant knew every member of the conspiracy. Instead, the evidence need only show that the defendant was aware of the aim of the conspiracy and made a knowing decision to join it.

Government Instruction No. 24

*United States v. Hidalgo-Sanchez,* 29 F.4th 915, 926 (7th Cir. 2022) (citations omitted)
*Salinas v. United States*, 522, U.S. 52, 63 (1997)
*United States v. Soto-Piedra*, 525 F.3d 527, 531 (7th Cir. 2008)
*United States v. Duran*, 407 F.3d 828, 836 (7th Cir. 2005)

## **Conspiracy to Obstruct Justice (Count Five)**
### **Defendants Robert Kelly and Derrel McDavid**

Count Five of the indictment charges defendants Robert Kelly and Darrel McDavid with conspiracy to obstruct justice. In order for you to find a defendant guilty of this charge, the government must prove each of the following three elements beyond a reasonable doubt:

1.     The conspiracy as charged in Count Five existed;

2.     The defendant knowingly became a member of the conspiracy with an intent to advance the conspiracy; and

3.     One of the conspirators committed an overt act in an effort to advance the goals of the conspiracy.

An overt act is any act done to carry out the goals of the conspiracy. The government is not required to prove all of the overt acts charged in the indictment. The overt act may itself be a lawful act.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the particular defendant you are considering, then you should find that defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any of these elements beyond a reasonable doubt as to the particular defendant you are considering, then you should find that defendant not guilty.

Government Instruction No. 25

Seventh Circuit Committee (2020) 5.08(A) (modified)

Count Five charges a conspiracy to commit the offense of obstruction of justice. The offense of obstruction of justice is committed when:

1.  A person knowingly alters, destroys, mutilates, conceals, covers up, falsifies, or makes a false entry in any record, document, or tangible object;

2.  A person acts with the intent to impede, obstruct, or influence an investigation or proper administration of any matter; and

3.  The investigation or matter is within the jurisdiction of an agency of the United States.

Government Instruction No. 26

18 U.S.C. § 1519

For purposes of Count Five:

A "tangible object" is an object that can be used to record or preserve information.

An "agency of the United States" includes Homeland Security Investigations (or "HSI"). An investigation regarding child pornography is a matter within the jurisdiction of that agency.

An "investigation or Matter within the Jurisdiction of an Agency of the United States" need not have been pending or imminent at the time of the conduct. It is sufficient that the act was done "in contemplation" of, or in relation to, a matter or investigation that is within the jurisdiction of a federal agency.

Government Instruction No. 27

*Yates v. United States*, 574 U.S. 528, 536-37 (2015)
*United States v. McQueen*, 727 F.3d 1144 (11th Cir. 2013)
*United States v. Gray*, 692 F.3d 514 (6th Cir. 2012)
*United States v. Yielding*, 657 F.3d 688, 712 (8th Cir. 2011)
*United States v. Yihao Pu*, 15 F.Supp.3d 846 (N.D. Ill. 2014)
*United States v. Rappe*, 2008 WL 11417245 (N.D. Ill. Apr. 23, 2008)

S.Rep. No. 107-146, at 14-15 (2002), 2002 WL 863249, at *12-13 ("Section 1519 is meant to apply broadly to any acts to destroy or fabricate physical evidence so long as they are done with the intent to obstruct, impede or influence the investigation or proper administration of any matter, and such matter is within the jurisdiction of an agency of the United States, or such acts done either in relation to or in contemplation of such a matter or investigation. This statute is specifically meant not to include any technical requirement, which some courts have read into other obstruction of justice statutes, to tie the obstructive conduct to a pending or imminent proceeding or matter. It is also sufficient that the act is done "in contemplation" of or in relation to

a matter or investigation. It is also meant to do away with the distinctions, which some courts have read into obstruction statutes, between court proceedings, investigations, regulatory or administrative proceedings (whether formal or not), and less formal government inquiries, regardless of their title. Destroying or falsifying documents to obstruct any of these types of matters or investigations, which in fact are proved to be within the jurisdiction of any federal agency are covered by this statute. Questions of criminal intent are, as in all cases, appropriately decided by a jury on a case-by-cases basis. It also extends to acts done in contemplation of such federal matters, so that the timing of the act in relation to the beginning of the matter or investigation is also not a bar to prosecution. The intent of the provision is simple; people should not be destroying, altering, or falsifying documents to obstruct any government function.").

Count Five of the indictment alleges that the conspiracy to obstruct justice began in approximately 2000 and continued through February 13, 2020. In evaluating the evidence with respect to Count Five, you may consider evidence of conduct and events prior to July 11, 2014. However, in order for you to find a defendant guilty of Count Five, you must find, beyond a reasonable doubt, that the defendant was a member of the charged conspiracy and that, on or after July 11, 2014:

(1) the charged conspiracy existed or continued to exist; and

(2) a co-conspirator committed at least one overt act in furtherance of the conspiracy.

Government Instruction No. 28

18 U.S.C. § 1519
*United States v. Couch*, 28 F.3d 711, 713-15 (7th Cir. 1994) (defendant did not violate ex post facto clause, despite fact that methcathinone did not appear as Schedule I controlled substance until eight days after date indictment charged was the beginning of the conspiracy to manufacture the drug.
*United States v. Marcus*, 560 U.S. 258, 265 (2010)
*United States v. Monaco*, 194 F.3d 381, 386 (2d Cir. 1999) ("A conviction for a continuing offense straddling enactment of a statute will not run afoul of the Ex Post Facto clause unless it was possible for the jury ... to convict exclusively on pre-enactment conduct.").

*United States v. Munoz-Franco*, 487 F.3d 25, 55 (1st Cir. 2007) (same)

*United States v. Todd*, 735 F.2d 146, 150 (5th Cir. 1984) ("We have held that where a crime is still being carried on and continued after the date when the act becomes effective, a statute imposing a greater penalty for conspiracy does not violate the constitutional prohibition of ex post fact laws.")

18 U.S.C. § 3282(a) (the statute of limitations for a violation of 18 U.S.C. § 1519 is five years)

You have heard testimony that defendant Robert Kelly was charged in state court with child pornography offenses relating to Video 1 and Minor 1. He was acquitted of these charges after a state court trial.

The state and federal governments are separate sovereigns; therefore, the Double Jeopardy Clause of the United States Constitution does not prevent the state and federal governments from prosecuting the same defendant on related charges. There is no prohibition against the federal government's prosecution of Robert Kelly in this case.

You may consider the fact that Robert Kelly was charged and acquitted in state court only in deciding: (1) whether the charged conspiracy to obstruct justice existed; and (2) if you find the conspiracy existed, whether Robert Kelly and/or Derrel McDavid knew about the conspiracy and participated in it. You may not consider this evidence for any other purpose.

The fact that Robert Kelly was charged and acquitted of related charges in state court is not evidence of any defendant's guilt or innocence of the charges in this case.

Government Instruction No. 29

*United States v. Gamble*, 139 S.Ct. 1960, 1964 (2019) ("Under this 'dual-sovereignty' doctrine, a State may prosecute a defendant under state law even if the Federal Government has prosecuted him for the same conduct under a federal statute. Or the reverse may happen … .")
*United States v. Mitchell*, 778 F.2d 1271, 1276 (7th Cir. 1985) ("Defendant's prosecution by the United States, following his acquittal in state court, does not violate the Double Jeopardy clause.")

You have heard evidence that certain witnesses took one or more polygraph tests. You may consider evidence related to the polygraph tests only in deciding (1) whether the charged a conspiracy to obstruct justice existed; and (2) if you find the conspiracy existed, whether Robert Kelly and/or Derrel McDavid knew about the conspiracy and participated in it. You may not consider this evidence in evaluating the credibility of testimony given by a witness who took a polygraph test, or for any other purpose.

Government Instruction No. 30

*United States v. Scheffer,* 523 U.S. 303, 313, 118 S.Ct. 1261 (1998) (plurality agreeing that "by its very nature, polygraph evidence may diminish the jury's role in making credibility determinations.")

*United States v. Lea*, 249 F.3d 632, 638–39 (7th Cir. 2001).

**<u>Conspiracy to Receive Child Pornography (Count Six)</u>**
**Defendants Robert Kelly, Derrel McDavid, and Milton Brown**

Count Six of the indictment charges defendants Robert Kelly, Darrel McDavid, and Milton Brown with conspiracy to receive child pornography. In order for you to find a defendant guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

1.    The conspiracy as charged in Count Six of the indictment existed; and

2.    The defendant knowingly became a member of the conspiracy with an intent to advance the conspiracy.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the particular defendant you are considering, then you should find that defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any of these elements beyond a reasonable doubt as to the particular defendant you are considering, then you should find that defendant not guilty.

Government Instruction No. 31

Seventh Circuit Committee (2020) 5.08(B)

37

Count Six of the indictment charges defendants Robert Kelly, Darrel McDavid, and Milton Brown with conspiracy to receive child pornography. The offense of receiving child pornography is committed when:

1.      A person knowingly receives certain material;

2.      The material contains child pornography;

3.      The person knew both that the material depicted one or more minors, and that minors were engaged in sexually explicit conduct; and

4.      The material was mailed, shipped, or transported in interstate or foreign commerce by any means.

Government Instruction No. 32

Seventh Circuit Committee (2020), 18 U.S.C. §2252A(a)(2)

## **Counts Seven and Eight (Receipt of Child Pornography)**
### **Defendants Robert Kelly and Derrel McDavid**

Counts Seven and Eight charge defendants Robert Kelly and Derrel McDavid with receipt of child pornography. In order for you to find a defendant guilty of this charge, the government must prove each of the following four elements beyond a reasonable doubt:

1. The defendant knowingly received the video or videos identified in the particular count you are considering;

2. The video or videos contained child pornography;

3. The defendant knew both that the video or videos depicted a minor, and that the minor was engaged in sexually explicit conduct; and

4. The video or videos was or were mailed, shipped, or transported in interstate or foreign commerce by any means.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the particular defendant and count you are considering, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any of these elements beyond a reasonable doubt as to the particular defendant and count you are considering, then you should find the defendant not guilty.

Government Instruction No. 33

Seventh Circuit Committee (2020), 18 U.S.C. §2252A(a)(2)

39

For purposes of Counts Six, Seven, and Eight:

In determining whether Video 2, Video 3, or Video 4 contained a lascivious exhibit of the anus, genitals, or pubic area of any person, you may consider the intent and motivation of the videographer.

Government Instruction No. 34

*United States v. Russell*, 662 F.3d 831, 843 (7th Cir. 2011)
*United States v. Schuster*, 706 F.3d 800, 806 (7th Cir. 2013)

Any person who knowingly [aids; counsels; commands; induces; or procures] the commission of an offense may be found guilty of that offense if he knowingly participated in the criminal activity and tried to make it succeed.

If a defendant knowingly causes the acts of another, then the defendant is responsible for those acts as though he personally committed them.

Government Instruction No. 35

Seventh Circuit Committee (2020) 5.06

## Enticement of a Minor (Counts Nine, Ten, Twelve, Thirteen)
### Defendant Robert Kelly

Counts Nine, Ten, Twelve, and Thirteen charge defendant Robert Kelly with enticement of a minor to engage in sexual activity. In order for you to find the defendant guilty of this charge, the government must prove each of the following four elements beyond a reasonable doubt:

1. The defendant used a facility or means of interstate commerce to knowingly persuade, induce, entice, or coerce a minor to engage in sexual activity, as charged in Counts Nine, Ten, Twelve, and Thirteen;

2. The minor was less than 18 years of age;

3. The defendant believed that the minor was less than 18 years of age; and

4. If the sexual activity had occurred, the defendant would have committed the criminal offense of aggravated criminal sexual abuse.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the particular count you are considering, then you should find the defendant guilty of that count.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any of these elements beyond a reasonable doubt as to the particular count you are considering, then you should find the defendant not guilty of that count.

Government Instruction No. 36

Seventh Circuit Committee (2020), 18 U.S.C. § 2422(b)

For purposes of Counts Nine, Ten, Twelve and Thirteen:

A person commits aggravated criminal sexual abuse if that person commits an act of sexual penetration or sexual conduct with a victim who is at least 13 years of age but under 17 years of age and the person is at least 5 years older than the victim.

"Sexual conduct" is defined as any intentional or knowing touching of fondling by the victim or the accused, either directly or through clothing, of the sex organs, anus, or breast of the victim or the accused, or any transfer or transmission of semen by the accused upon any part of the clothed or unclothed body of the victim, for the purpose of sexual gratification or arousal of the victim or the accused.

Government Instruction No. 37

720 ILCS 5/12-16(d) (renumbered as 720 ILCS 5/11-1.60)
720 ILCS 5/12-12(e) (renumbered as 720 ILCS 5/11-0.1)

## Enticement of a Minor (Count Eleven)
### Defendant Robert Kelly

Count Eleven charges defendant Robert Kelly with enticement of a minor to engage in sexual activity. In order for you to find the defendant guilty of this charge, the government must prove each of the following four elements beyond a reasonable doubt:

1. The defendant used a facility or means of interstate commerce to knowingly persuade, induce, entice, or coerce a minor to engage in sexual activity, as charged in Count Eleven;

2. The minor was less than 18 years of age;

3. The defendant believed that the minor was less than 18 years of age; and

4. If the sexual activity had occurred, the defendant would have committed the criminal offense of sexual exploitation of a child.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any of these elements beyond a reasonable doubt, then you should find the defendant not guilty.

Government Instruction No. 38

Seventh Circuit Committee (2020), 18 U.S.C. § 2422(b)

44

For purposes of Count Eleven:

The criminal offense of sexual exploitation of a child requires that a defendant employ, use, persuade, induce, entice, or coerce a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, with knowledge or reason to know that such visual depiction will be transported in interstate or foreign commerce.

Government Instruction No. 39

18 U.S.C. §2251(a)

[The consent or voluntary participation of a minor is not a defense to the charges stated in Counts Nine, Ten, Eleven, Twelve and Thirteen, and has no relevance to the defendant's guilt or innocence of the charges.]

Government Instruction No. 40

*United States v. Rogers*, 587 F.3d 816, 820 (7th Cir. 2009)
*United States v. Key*, 889 F.3d 910, 913 (7th Cir. 2018)
*United States v. Street*, 531 F.3d 703, 708 (8th Cir. 2008)
*United States v. Raplinger*, 555 F.3d 687, 691-92 (8th Cir. 2009)
*United States v. Dye*, No. 09-3410, 2010 WL 4146187, at *3 (3d Cir. Oct. 22, 2010)

## **Deliberations**

In deciding your verdict, you should not consider the possible punishment for the defendants who are on trial. If you decide that the government has proved a defendant guilty beyond a reasonable doubt, then it will be my job to decide on the appropriate punishment.

Government Instruction No. 41

Seventh Circuit Committee (2020) 4.08

Once you are all in the jury room, the first thing you should do is choose a foreperson. The foreperson should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. You may discuss the case only when all jurors are present.

Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of the jury. You may not communicate with others about the case or your deliberations by any means. This includes oral or written communication, as well as any electronic method of communication, such as telephone, cell phone, smart phone, iPhone, Blackberry, computer, text messaging, instant messaging, the Internet, chat rooms, blogs, websites, or services like Facebook, MySpace, LinkedIn, YouTube, Twitter, GooglePlus, Instagram, or SnapChat, or any other method of communication.

If you need to communicate with me while you are deliberating, send a note through the court security officer. The note should be signed by the foreperson, or by one or more members of the jury. To have a complete record of this trial, it is important that you do not communicate with me except by a written note. I may have to talk to the lawyers about your message, so it may take me some time to get back to you. You may continue your deliberations while you wait for my answer. [Please be advised that transcripts of trial testimony are not available to you. You must rely on your collective memory of the testimony.]

If you send me a message, do not include the breakdown of any votes you may have conducted. In other words, do not tell me that you are split 6–6, or 8–4, or whatever your vote happens to be.

Government Instruction No. 42

Seventh Circuit Committee (2020) 7.01

A verdict form has been prepared for you. You will take this form with you to the jury room.

[Read the verdict form.]

When you have reached unanimous agreement, your foreperson will fill in, date, and sign the verdict form. Each of you will sign it.

Advise the court security officer once you have reached a verdict. When you come back to the courtroom, [I; the clerk] will read the verdict aloud.

Government Instruction No. 43

Seventh Circuit Committee (2020) 7.02

The verdict must represent the considered judgment of each juror. Your verdict, whether it is guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with each other, express your own views, and listen to your fellow jurors' opinions. Discuss your differences with an open mind. Do not hesitate to re-examine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.

Government Instruction No. 44

Seventh Circuit Committee (2020) 7.03

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No.    19 CR 567 |
| | ) | |
| ROBERT SYLVESTER KELLY, aka | ) | Judge Harry D. Leinenweber |
| "R. Kelly," | ) | |
| DERREL McDAVID, and | ) | |
| MILTON BROWN, aka "June Brown" | ) | |

### <u>VERDICT FORM -- ROBERT SYLVESTER KELLY</u>

We, the jury, find as follows:

On Count One of the Indictment, we, the jury, find defendant Robert Sylvester Kelly:

Guilty     ☐          Not Guilty     ☐

On Count Two of the Indictment, we, the jury, find defendant Robert Sylvester Kelly:

Guilty     ☐          Not Guilty     ☐

On Count Three of the Indictment, we, the jury, find defendant Robert Sylvester Kelly:

Guilty     ☐          Not Guilty     ☐

On Count Four of the Indictment, we, the jury, find defendant Robert Sylvester Kelly:

Guilty     ☐          Not Guilty     ☐

On Count Five of the Indictment, we, the jury, find defendant Robert Sylvester Kelly:

Guilty ☐                    Not Guilty ☐

On Count Six of the Indictment, we, the jury, find defendant Robert Sylvester Kelly:

Guilty ☐                    Not Guilty ☐

On Count Seven of the Indictment, we, the jury, find defendant Robert Sylvester Kelly:

Guilty ☐                    Not Guilty ☐

On Count Eight of the Indictment, we, the jury, find defendant Robert Sylvester Kelly:

Guilty ☐                    Not Guilty ☐

On Count Nine of the Indictment (Minor 1 ("Jane")), we, the jury, find defendant Robert Sylvester Kelly:

Guilty ☐                    Not Guilty ☐

On Count Ten of the Indictment (Minor 3 ("Mia")), we, the jury, find defendant Robert Sylvester Kelly:

Guilty ☐                    Not Guilty ☐

On Count Eleven of the Indictment (Minor 4 ("Tracy")), we, the jury, find defendant Robert Sylvester Kelly:

Guilty ☐                    Not Guilty ☐

On Count Twelve of the Indictment (Minor 5 ("Pinky")), we, the jury, find defendant Robert Sylvester Kelly:

Guilty ☐                    Not Guilty ☐

On Count Thirteen of the Indictment (Minor 6 ("Brittany")), we, the jury, find defendant Robert Sylvester Kelly:

Guilty ☐                    Not Guilty ☐

_____        _____
Presiding Juror

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

Date: _____, 2022

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | ) | | |
| | ) | | |
| v. | ) | No. | 19 CR 567 |
| | ) | | |
| ROBERT SYLVESTER KELLY, aka | ) | Judge Harry D. Leinenweber | |
| "R. Kelly," | ) | | |
| DERREL McDAVID, and | ) | | |
| MILTON BROWN, aka "June Brown" | ) | | |

## **VERDICT FORM – DERREL McDAVID**

We, the jury, find as follows:

On Count Five of the Indictment, we, the jury, find defendant Derrel McDavid:

Guilty ☐          Not Guilty ☐


On Count Six of the Indictment, we, the jury, find defendant Derrel McDavid:

Guilty ☐          Not Guilty ☐


On Count Seven of the Indictment, we, the jury, find defendant Derrel McDavid:

Guilty ☐          Not Guilty ☐

On Count Eight of the Indictment, we, the jury, find defendant Derrel McDavid:

Guilty ☐                              Not Guilty ☐

_____          _____
Presiding Juror

_____          _____


_____          _____


_____          _____


_____          _____


_____          _____

Date: _____, 2022

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | ) | | |
| | ) | | |
| v. | ) | No. | 19 CR 567 |
| | ) | | |
| ROBERT SYLVESTER KELLY, aka | ) | Judge Harry D. Leinenweber | |
| "R. Kelly," | ) | | |
| DERREL McDAVID, and | ) | | |
| MILTON BROWN, aka "June Brown" | ) | | |

## **VERDICT FORM – MILTON BROWN**

We, the jury, find as follows:

On Count Six of the Indictment, we, the jury, find defendant Milton Brown:

Guilty ☐                    Not Guilty ☐


_____             _____
Presiding Juror

_____             _____


_____             _____


_____             _____


_____             _____


_____             _____


Date: _____, 2022