**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 19 CR 567 |
| | ) | |
| -vs- | ) | |
| | ) | Hon. Harry D. Leinenweber |
| | ) | |
| ROBERT SYLVESTER KELLY, also known | ) | |
| As "R.Kelly," DERREL MCDAVID, and | ) | |
| MILTON BROWN, also known as "June | ) | |
| Brown." | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT KELLY'S MOTION TO UNSEAL HIS MOTION FOR DISCOVERY THAT CONTAINED NO PRIVILEGED OR CONFIDENTIAL INFORMATION

NOW COMES, ROBERT S. KELLY, Defendant, by and through his counsel Jennifer Bonjean, respectfully moves this Court to unseal Defendant's motion for discovery [Dkt. No. 254] In violation of Local Rule 26.2, the government directed the Clerk to seal the motion misrepresenting to the Clerk that the information contained "confidential" information. The government is engaging in a blatant effort to litigate in secrecy and conceal from the public non-privileged/confidential information that it finds unflattering to them or their witnesses. There is and was no basis to seal the motion as it does not identify any minors or victims in this case, nor does it provide any information that would lead to learning the identity of any minor or child victim.

1.      The government recently made a disclosure to the Defendant about potential criminal activity of one of its complaining witnesses but refuses to provide discovery related to the disclosure.

2. Accordingly, Defendant filed a motion seeking discovery on the disclosure about of the victim/witness. Defendant's motion did not reveal the identity of any witness or child victim. Indeed, Defendant does not even know the identity of the alleged victim at the heart of the disclosure which is precisely the reason the motion was filed in the first instance.

3. Despite back and forth with the government, it has failed to identify what information contained in the motion is confidential or privileged. There is no basis to seal motions simply because the government wishes to prevent certain *information* from getting into the public domain. The government's request to seal has nothing to do with protecting the identity of any so-called victims, it is simply an effort to force the parties to litigate in secrecy.

3. It is true that pursuant to 18 U.S.C. § 3509(d)(2), all papers filed in court that disclose the *name* or information that could *lead* to the identification of a particular child can and should be filed under seal without leave of court. *United States v. Wilson,* 2022 WL 2679433 (N.D. Miss. July 11, 2022). But nothing contained in Defendant's motion for discovery identifies any child by name or provides any information (not already filed on the docket by the government) that could lead to the identification of a child.

4. Again, Defendant does not even *know* the identity of the child to provide a name or any information that could lead to his or her identification.

5. Moreover, none of these individuals are even minors at this juncture, so it is not entirely clear that § 3509(d)(2) is applicable. But assuming it is, there is nothing in the discovery motion that reveals or even suggests the identity of any minors.

7. The government cannot show good cause for sealing this motion. A mere allegation about or involving a  minor is not confidential. If that was the case, nearly every

document in this case including the indictment would have to be filed under seal and a Court could never publish a decision in a child abuse case.

8.     The government's motivation in keeping this motion sealed is to prevent the public from learning non-privileged/confidential information about its own conduct and its witnesses who will have to testify in open court in any event.

WHEREFORE, Defendant objects to the sealing of his motion and moves the court to unseal the motion.

Respectfully Submitted,


/S/JENNIFER BONJEAN

Bonjean Law Group, PLLC
750 Lexington Ave., 9th Fl.
New York, NY  10022
718-875-1850

# CERTIFICATE OF SERVICE

I, JENNIFER BONJEAN, certified that she filed this Motion to Unseal on August 5, 2022. All parties were served via ECF.

/s/JENNIFER BONJEAN