UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROBERT SYLVESTER KELLY, aka "R. Kelly,"<br>DERREL McDAVID, and<br>MILTON BROWN, aka "June Brown" | Case No. 19 CR 567<br><br>Honorable Harry D. Leinenweber |

**GOVERNMENT'S MOTION TO SEAL R. 254
AND FILINGS RELATED TO R. 254**

On July 25, 2022, the undersigned disclosed sensitive information to counsel for defendants Robert Kelly, Derrel McDavid, and Milton Brown, regarding a child victim. The government marked the disclosure as "SENSITIVE" pursuant to paragraph 3 of the Protective Order Governing Discovery. *See* R. 43, 53.[1] On August 4, 2022, counsel for defendant Robert Kelly indicated that she intended to file a discovery motion seeking additional information about the disclosure. The undersigned indicated to Kelly's counsel in several communications that, should

---

[1] Paragraph 3 reads in pertinent part:

Certain materials disclosed or to be disclosed by the government contain particularly sensitive information, including mental health information, financial information, and information concerning the sexual abuse of one or more persons other than the defendant to whom the information is disclosed. These materials shall be plainly marked as sensitive by the government prior to disclosure. No such materials, or the information contained therein, may be disclosed to any persons other than defendants, counsel for defendants, persons employed to assist the defense, or the person to whom the sensitive information solely and directly pertains, without prior notice to the government and authorization from the Court. Absent prior permission from the Court, information marked as sensitive shall not be included in any public filing with the Court, and instead shall be submitted under seal (except in the case of a defendant who chooses to include in a public document sensitive information relating solely and directly to the defendant making the filing).

Kelly file a motion relating to the disclosure, the motion should be filed under seal, pursuant to Title 18, United States Code, Section 3509(d), as the disclosure relates to a child victim. The child victim also has rights under Title 18, United States Code, Section 3771. Kelly's counsel does not agree that the motion should be filed under seal. The undersigned advised Kelly's counsel that, should the filing be made on the public docket, the undersigned would take efforts to seal the filing until the issue of the propriety of publicly disclosing the information could be resolved. Thereafter, despite paragraph 3 of the Protective Order Governing Discovery, Kelly's counsel filed the motion on the public docket. Within minutes, the undersigned contacted the Clerk's Office and asked that the filing be provisionally sealed. The Clerk's Office provisionally sealed the filing.

Kelly's motion, which incorrectly suggests that the disclosure was made on August 4, 2022 (the disclosure was made on July 25, 2022), refers to a minor victim who is not publicly known and whose identity could be determined by the information contained within defendant's motion. *See* R. 254.

Upon learning that the Clerk's Office had sealed the filing, Kelly's counsel indicated that she would be filing a motion to unseal the filing, notwithstanding the Protective Order governing discovery and multiple communications from the undersigned providing legal authority in support of the position that the filing should be under seal, pursuant to Title 18, United States Code, Section 3509(d). Therefore, with this motion, the government seeks the following relief:

1.      That Kelly's motion to compel discovery [R. 254] be sealed until such time as the Court can rule as to whether the motion and the information contained within it should be under seal;

2.      That any subsequent motion to unseal R. 254 that contains identifying information of a child victim or information that could lead to the identification of a child victim, be filed under seal until such time as the Court can rule as to the propriety of sealing R. 254.

Respectfully submitted,

JOHN R. LAUSCH, JR.
United States Attorney

By:    */s/ Jason A. Julien*
JEANNICE APPENTENG
ELIZABETH R. POZOLO
JASON A. JULIEN
BRIAN WILLIAMSON
Assistant U.S. Attorneys
219 South Dearborn St., Rm. 500
Chicago, Illinois 60604
(312) 353-5300

Dated: August 5, 2022

**CERTIFICATE OF SERVICE**

  I, Jason A. Julien, an attorney, certify that I served a copy of the foregoing Government's Motion to Seal R. 254 and Filings Related to R. 254 by filing the same using the CM/ECF System, and that a copy will be provided to all parties of record designated to receive notice.

         Respectfully submitted,

         JOHN R. LAUSCH, JR.
         United States Attorney

By: */s/ Jason A. Julien*
   JEANNICE W. APPENTENG
   ELIZABETH R. POZOLO
   JASON A. JULIEN
   BRIAN WILLIAMSON
   Assistant U.S. Attorneys
   219 South Dearborn St., Rm. 500
   Chicago, Illinois 60604
   (312) 353-5300