UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 19 CR 567 |
| v. | |
| ROBERT SYLVESTER KELLY, aka "R. Kelly," | Judge Harry D. Leinenweber |
| DERREL McDAVID, and | |
| MILTON BROWN, aka "June Brown" | |

**GOVERNMENT'S RESPONSE TO DEFENDANT MCDAVID'S MOTION TO COMPEL DISCLOSURE, OR IN THE ALTERNATIVE, <u>EXCLUDE VIDEOTAPE EVIDENCE</u>**

Defendant Derrel McDavid requests this Court to compel the government to produce discovery about the chain of custody for "Video 1," referenced in the indictment, from the Cook County State's Attorney's Office. R. 258.[1] McDavid claims that gaps exist in the chain of custody such that the government will not be able to lay a foundation for the admission of Video 1 at trial. Alternatively, McDavid requests that the Court exclude Video 1 from evidence. The issue as to Video 1 in this case, however, is authentication, not chain of custody, and the government will be able to lay a sufficient foundation as to Video 1's authenticity to allow Video 1's admission into evidence. McDavid's motion should be denied as a result.

---

[1] McDavid's motion is untimely. Motions *in limine* were due to be filed on or before June 13, 2022. McDavid filed his motion on August 8, 2022.

## I.  BACKGROUND

Video 1 consists of a recording of sexual activity between Minor 1 and defendant Robert Kelly. A journalist provided the Cook County State's Attorney's Office with a copy of Video 1. The State's Attorney's Office also obtained copies of what are referenced in this case as Videos 2 and 3 from an attorney representing an individual whom the government intends to call as a witness in the upcoming federal trial.[2] A Cook County grand jury later brought criminal charges against Kelly based on Video 1. Kelly's state court trial took place in 2008. During the trial, according to McDavid's motion, the state court judge determined that the copy of Video 1 that the State's Attorney's Office had given to a defense expert was different from the copy of Video 1 that the State's Attorney's Office had received from the journalist. R. 258 at 1-2. Minor 1 did not testify at the state court trial. The jury acquitted Kelly of the state charges.

In approximately April 2019, the Cook County State's Attorney's Office turned over videos associated with Kelly to Homeland Security Investigations (HSI) of the Department of Homeland Security. The videos were on multiple VHS cassettes and CDs/DVDs. The videos included several copies of Video 1. Some copies of Video 1 contained footage of sexual activity from start to finish. Other copies of Video 1 had a black screen or preamble at the beginning of the video before the footage of sexual activity began. The videos HSI received also included copies of Videos 2 and 3 on VHS

---

[2] It is the government's understanding that none of the videos the State's Attorney's Office received from the journalist or the attorney, that is, Videos 1, 2, and 3, were originals.

cassettes. The VHS cassettes provided by the Cook County State's Attorney's Office did not contain exhibit stickers or labels reflecting which copies of Video 1 had been used during state grand jury proceedings or the state court trial. HSI digitalized the videos on some of the VHS cassettes received from the Cook County State's Attorney's Office for purposes of the trial in this case.

On August 5, 2022, counsel for McDavid went to an HSI office to review the videos collected by HSI from the Cook County State's Attorney's Office. A member of the prosecution team informed McDavid's counsel in an email exchange before they arrived at the HSI office of the condition in which HSI had received the videos and that it was not possible to tell which videos were used in the state grand jury or trial proceedings.[3]

Video 1, the subject of McDavid's motion, is referenced in two counts in the indictment in the instant case. Count One alleges that Kelly enticed Minor 1 to engage in sexual activity for the purpose of producing a visual depiction of the conduct, namely Video 1, in violation of Title 18, United States Code, Section 2251(a). Count Five alleges that Kelly and McDavid conspired to obstruct justice in violation of Title 18, United States Code, Section 371. The alleged acts of obstruction in Count Five include actions Kelly and McDavid took to conceal Kelly's participation in in the conduct depicted in Video 1 with Minor 1.

---

[3] McDavid creates the inaccurate impression in his motion that his counsel learned for the first time during the August 5, 2022 review session with agents about the lack of markings on the materials received by HSI from the state court proceedings. *See, e.g.,* R. 258 at 3-4.

## II.    ARGUMENT

### A.    Legal Standard

Rule 901(a) of the Federal Rules of Evidence provides that, "[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). Rule 901(a) specifies that evidence that satisfies the rule includes testimony of a witness with knowledge that an item is what it is claimed to be. *Id.* at 901(b)(1).

### B.    The Government Will Lay a Proper Foundation for the Admission of "Video 1" in Evidence

The "item of evidence" that needs to be authenticated in this case is what is referred to as "Video 1." Video 1 is the name used to refer to the video footage Kelly made of Minor 1 and himself engaging in sexual activity on one occasion in or around 1998 or 1999 when Minor 1 was a child. The government will authenticate the video footage referred to as "Video 1" through the testimony of Minor 1—a witness with knowledge of the recording because she was one of the participants in it. The government anticipates that Minor 1 will testify that she has reviewed a disc containing the recording referred to as "Video 1" and that the disc contains an accurate copy of the footage of the sexual encounter Kelly recorded on that occasion. This is sufficient authentication for the admission of "Video 1." *See United States v. Cejas,* 761 F.3d 717, 723-24 (7th Cir. 2014) (proper authentication includes testimony that the recording fairly and accurately represents the location and depicted scene).

McDavid claims that the government cannot establish a "chain of custody" for Video 1, and therefore it will not be able to lay the foundation for Video 1's admission in evidence. McDavid is incorrect. First, McDavid misapprehends the item that is subject of the charged crimes.[4] The item identified as "Video 1" is the video footage of defendant Kelly's use of Minor 1 engaging in sexually explicit conduct—rather than any VHS cassette on which it is stored. The government will authenticate the video footage through a witness with knowledge of its contents.

Because the relevant evidence is the video footage, that is, the "visual depiction of a minor engaging in sexually explicit conduct," and not the physical object on which the footage is stored, the government is not required to trace the handling of the object on which the recording was first placed as it passed from hand to hand in order to admit a copy of the footage into evidence. The video footage or visual depiction at issue in this case differs from a physical object involved in a crime, such as a gun, whose handling by various individuals must be traced to lay the foundation for its

---

[4] "Child pornography" is statutorily defined as "*any visual depiction*, including any photograph, film, video, picture or computer or computer-generated image or picture, whether made by electronic, mechanical, or other means, of sexually explicit conduct, *where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct.*" 18 U.S.C. § 2256(8)(A) (emphases added). "Visual depiction" is not limited by media format and necessarily includes copies made beyond the original source. *See United States v. Foley*, 740 F.3d 1079, 1086 (7th Cir. 2014). For example, a group of individuals viewing a live stream of child pornography on the internet—one of whom records it by downloading to his personal computer, one of whom burns it to a DVD, and one of whom records his computer screen with a camcorder—would each have a "visual depiction" of the same prohibited content, regardless of the format. Likewise, a producer of child pornography may not "immunize [himself] from prosecution for production by copying the digital files to a new storage medium and then simply dropping his camera in the nearest lake." *Foley*, 740 F.3d at 1086.

admission into evidence. *See United States v. Boyajian,* 2012 WL 4094977 (C.D. Cal. Sept. 17, 2012) at n.13 ("Defendant's argument that chain of custody issues renders any evidence recovered from his digital media misses the point. At trial, the government is required to authenticate an object by making a prima facie showing 'sufficient to support a finding that the item is what the proponent claims it is.' If the evidence is an object connected with the commission of a crime, the government must also establish chain of custody, which is sufficient proof that a reasonable juror could find that the item is in 'substantially the same condition' as when it was seized." (internal citations omitted)).

McDavid incorrectly assumes that, to lay an appropriate foundation for admission, the government must show that the copy of "Video 1" presented to the jury in this case must be the copy of "Video 1" the State's Attorney's Office made from the video received from the journalist, rather than the altered copy given by the State's Attorney's Office to the defense expert. But the issue in the instant case is whether "Video 1," the "item in evidence," is the visual depiction of the sexual activity between Kelly and Minor 1 that was recorded by Kelly in or around 1998 or 1999. The government need not trace, through the various VHS cassettes turned over by the State's Attorney's Office, which VHS cassette contains the specific copy of the recording that was made from the copy received from the journalist. Instead, Minor 1 will testify that Video 1 accurately depicts the sexual encounter Kelly recorded. Minor 1's mother, who viewed a copy of "Video 1" at issue in the state grand jury, is

expected to testify that the "Video 1" marked as the exhibit in the instant trial contains the same video footage as that which she viewed in the state grand jury.[5] This is a sufficient foundation for the admission of Video 1 as to both Counts One and Five of the indictment.[6]

### C.     No Additional Discovery Is Required

McDavid claims that the government must present to him evidence of the chain of custody for Video 1 from the journalist through and including HSI's receipt of the VHS cassettes from the State's Attorney's Office, and evidence that the government does not intend to show to the jury the altered version of Video 1 given to the defense expert in the state case. As noted, however, given that the relevant evidence is the video depiction, known as "Video 1," and not the physical object on which it resides, authentication through witnesses with knowledge of the contents—rather than a chain of custody analysis, such as that used for physical items—is what is relevant. The government has also already explained to McDavid's counsel the sequence and manner in which HSI received the materials from the State's Attorney's Office and no additional information should be needed as a result.

---

[5] Minor 1 was not shown Video 1 during her grand jury appearance but was, instead, shown still photographs of a sexual encounter.

[6] McDavid claims that "[t]he only recording that is relevant to the obstruction of justice conspiracy is the video that was received by the Sun Times in February of 2002, provided to the State, and, presumably, shown to the grand jury witnesses in 2002 and (again presumably) shown to the jury at the 2008 trial." R. 258 at 5. This is not accurate. Count Five also contains allegations that Kelly and McDavid sought to conceal copies of Videos 2, 3, and 4.

### III.    CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court deny Derrel McDavid's motion to compel disclosure, or in the alternative, exclude "Video 1."

Respectfully submitted,

JOHN R. LAUSCH, JR.
United States Attorney

By:    */s/ Brian Williamson*
        JEANNICE APPENTENG
        ELIZABETH POZOLO
        JASON JULIEN
        BRIAN WILLIAMSON
        Assistant United States Attorney
        219 South Dearborn Street
        Chicago, Illinois 60604
        (312) 353-8897