UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 19 CR 567 |
| | ) | |
| -vs- | ) | |
| | ) | Hon. Harry D. Leinenweber |
| | ) | |
| ROBERT SYLVESTER KELLY, also known As "R.Kelly," DERREL MCDAVID, and MILTON BROWN, also known as "June Brown." | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MOTION FOR JUDGMENT OF ACQUITTAL PURSUANT TO FED. R. CRIM. P 29(a)**

NOW COMES, the Defendant, ROBERT S. KELLY, by and through his counsel, Jennifer Bonjean, and moves this court to enter a judgment of acquittal on each count of the thirteen count indictment where the government's evidence was insufficient to sustain a conviction.

On February 13, 2020, the government filed a superseding indictment, charging Defendant with four counts of child exploitation of a child, conduct that allegedly occurred in 1998 or 1999. [Dkt No. 93] Specifically, the indictment accuses Defendant of engaging in sexually explicit conduct with Minor 1 for the purpose of producing four separate videos between 1998 and 1999. (Counts One through Four)

Counts six through eight of the indictment accuse Defendant of conspiring to and then *receiving* those same videos (or copies thereof) in 2001 and 2007 in violation of § 2252A after the videos were allegedly taken from Defendant.

The superseding indictment further alleges that Defendant committed four additional violations of 18 U.S.C. 2422(b). Specifically, the government contends the following:

- between 1997 and September 2001, Defendant "did knowingly persuade, induce, entice, and coerce" Minor 1 ("Jane") to engage in sexual activity that constituted aggravated criminal sexual abuse under Illinois law. (Count Nine)

- in the summer of 1996, Defendant "did knowingly persuade, induce, entice, and coerce" Minor 3 ("Nia") to engage in sexual activity that constituted aggravated criminal sexual abuse under Illinois law. (Count Ten)

- between 1999 and 2000, Defendant "did knowingly persuade, induce, entice, and coerce" Minor 4 to engage in sexual activity that constituted aggravated criminal sexual abuse under Illinois law. (Count Eleven)

- between 1997 and 2001, Defendant "did knowingly persuade, induce, entice, and coerce" Minor 5 ("Pauline") to engage in sexual activity that constituted aggravated criminal sexual abuse under Illinois law. (Count Twelve)

- between 1997 and 2000, Defendant "did knowingly persuade, induce, entice, and coerce" Minor 6 ("Brittney") to engage in sexual activity that constituted aggravated criminal sexual abuse under Illinois law. (Count Thirteen)

## ARGUMENT

Rule 29(a) provides that, "[a]fter the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a).

### A. Counts One through Four of the Indictment ("the Child Pornography Counts)"

A judgment of acquittal as to counts one through four of the indictment must be granted where the government's evidence was insufficient as to each and every element of the offense. First, government's evidence failed to demonstrate that Defendant did knowingly "use, persuade, induce, entice and coerce" Jane to engage in sexually explicit conduct for the purpose of producing the visual depiction of such conduct. Not only was the government's evidence of

inducement or enticement lacking, the government simply failed to show that the sexually explicitly conduct was *for the purpose* of producing the visual depiction.

Second, the government failed to prove that defendant knew or had reason to know that any of the video tapes would be transported in interstate or foreign commerce. In fact, the government failed to produce any evidence that the videotapes in question *were* transported in interstate or foreign commerce. The government offered into evidence two videotapes, one that was in the custody of the Cook County State's Attorney since 2002 (GX001-1); its origins are unknown. And a second video tape that was produced in 2019 (GX002-1). There is no evidence that either of these tapes have ever left the state of Illinois. In fact, it is undisputed that the tapes are copies made by someone, but the government could not establish where the tapes were copied or by whom. The government simply did not prove that the tapes were transported in interstate or foreign commerce.

To the extent the government contends that it is the "images" that were transported in interstate commerce, the government's evidence is still insufficient. Indeed, the government's evidence was entirely lacking on the question of how if any alleged tapes or images of the Defendant and Jane engaged in sexually explicit conduct was transported in interstate commerce, and certainly there was no evidence presented that Defendant *knew* the video tapes or images would be placed in interstate commerce. The evidence is undisputed that Defendant Kelly played no role whatsoever in placing the tapes or images into interstate commerce. Accordingly, the government's evidence as too all child pornography counts was insufficient.

Specifically, as to Count Four, the evidence is wholly insufficient where no tape exists to show what images were depicted on the tape. Without the tape, the government simply cannot show that it contained any contraband images. Government witness, Keith Murrell, testified

3

unequivocally that the tape that he received from Lisa Van Allen consisted of a single scene of a threesome that did not appear to constitute child pornography. As Murrel testified, it looked like a "regular" threesome. The government's failure to produce this video, along with the testimony of Murrell, is fatal to the government's case on this count. This Court should therefore enter judgments of acquittal on each and every child pornography count pursuant to Fed. R. Crim. P. 29(a).

      **B.**      **Count Five of the Indictment ("Conspiracy to Obstruct Count")**

The government charged Defendant Kelly with a violation of the general conspiracy statute set forth in 18 U.S.C. § 371 which required them to prove the following: (1) an agreement to accomplish an illegal objective against the United States; (2) one or more overt acts in furtherance of the illegal purpose; and (3) the intent to commit the substantive offense." *United States v. Jackson,* 33 F. 3d 866, 872 (7th Cir. 1994). Here, the government charges that Defendant Kelly conspired to violated 18 U.S.C. § 1519 which provides in pertinent part:

> Whoever knowingly alters, destroys, mutilates, conceals, covers up, falsifies, or makes a false entry in any record, document, or tangible object with the intent to impeded, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department of agency of the United States or any case filed under title 11, or in relation to or contemplation of any such matter or case, shall be fined under this title, imprisoned not more than 20 years of both.

To sustain a §1519 offense, the government must prove: (1) the defendants knowingly falsified a record or document; (2) the defendants acted with the intent to impede, obstruct, or influence an actual or contemplated investigation; and (3) the investigation concerned a matter within the jurisdiction of the U.S. Department of Justice of the Federal Bureau of investigation." *United States v. Gonzalez,* 906 F. 3d 784, 793 (9th Cir. 2018), *cert. denied,* 139 S. Ct. 1568 (2019).

4

The government failed to prove the conspiracy to obstruct count and a judgment of acquittal must be entered as to Defendant Kelly. First and foremost, the government failed to prove any evidence to show that an overt act occurred within the statute of limitations period. The government alleged in its superseding indictment several overt acts within the statute of limitations period, namely a payment from RSK Enterprises to Defendant McDavid and a series of checks in 2014 and 2015 to Jane. The government did not show that any of this conduct was connected in any way shape or form to the alleged conspiracy to obstruct. Indeed, Jane herself denied that any payments she received from Defendant, who became her long-time boyfriend and close friend until shortly before Defendant's arrest, had anything to do with impeding or obstructing Defendant Kelly's 2008 prosecution for child pornography or any contemplated federal investigation/prosecution. Both Jane and her mother denied that *any* money that was directed their way from Defendant Kelly amounted to so-called "hush money" or was provided with the objective of falsifying or destroying objects.

Furthermore, the government's evidence was woefully insufficient to demonstrate that Defendant entered into any agreement to "knowingly alter, destroy, mutilate, conceal, cover up, falsify, or make a false entry in any record, document, or tangible object." For one thing, the government offered no evidence that any object covered within the scope of 18 U.S.C. § 1519 was falsified, destroyed, or concealed. While the government may have offered evidence, through Jane and her mother, that they testified falsely before the grand jury, the false statements of these witnesses, all of whom testified that they had their own motivation for testifying falsely, does not satisfy the government's burden of proving the falsification of records or documents. Defendant Kelly adopts Defendant McDavid's Rule 29(a) motion which further elaborates on this argument.

In fact, the government failed to present *any* evidence showing any act designed to influence false testimony from Jane or her mother. Both government witnesses testified consistently that they had independent reasons for testifying as they that had nothing to do with any threats, coercion, or influence on the part of Defendant.

Separately, the government failed to establish that Defendant Kelly entered into any agreement to obstruct or that his acts were carried out in contemplation of any federal investigation. Indeed, as applied to Defendant Kelly, section 1519 is void for vagueness since the record shows that Defendant had no knowledge of a contemplated federal investigation when he allegedly committed the prohibited acts. The statute is unconstitutionally vague because it does not require a defendant to know of an ongoing or contemplated federal investigation when making a false entry. And in this specific case, Defendant Kelly had no knowledge of an ongoing or contemplated federal investigation at any point, but most certainly in 2014 through 2019 when the government contends the final overt acts of the conspiracy occurred.

In sum, for the reasons stated above and for those further articulated in Defendant McDavid's Rule 29 motion, this Court should enter an acquittal as to Count Five of the superseding indictment.

## C. Counts Six through Eight of the Indictment ("Conspiracy to Receive Child Pornography")

The government failed to prove that Defendant Kelly entered into any agreement with any other individual to receive child pornography or that he, in fact, received child pornography as pled in Counts Seven and Eight of the indictment. The government's evidence, in its best light, failed to show that Defendant specifically sought to receive child pornography, rather than *any* embarrassing sex tapes – such as a threesome video involving his ex-wife. Specifically, as to Count Eight the government did not even show that the tape contained child pornography.

6

Furthermore, the record contains no evidence that the video tapes were transported in interstate commerce. Accordingly, a judgment of acquittal should be entered as to counts six through eight of the superseding indictment.

    E.   **Counts Nine through Thirteen of the Indictment ("Inducement Counts")**

The government's evidence that Defendant did knowingly "persuade, induce, entice or coerce" any individual to engage in sexual activity is insufficient as a matter of law as to counts nine through thirteen. The government takes the position that simply because a sex act is unlawful because of the age of the complainant, it automatically follows that it has proved inducement. Such an interpretation renders the inducement language superfluous. The government's evidence showing that Defendant enticed or coerced the minors identified in counts nine through thirteen of the indictment is insufficient.

The government also failed to prove that Defendant committed the inducement counts "using the mail or any facility and means of interstate and foreign commerce." As to some of the complainants, the trial record is absent of any connection to interstate commerce. With the exception of Nia, who claimed that Defendant arranged for her travel to Chicago, no complainant testified to any connection between the commission of the alleged criminal offense and the use of any facility of interstate and/or foreign commerce. Finally, as to Count Eleven, the government was insufficient to show a violation of 18 USC 2251(a).

## CONCLUSION

For the foregoing reasons, this Court should enter judgments of acquittal as to each of the counts of the superseding indictment.

7

                                                            Respectfully Submitted,

                                                            /s JENNIFER BONJEAN
                                                            *Attorney for Robert Kelly*

Bonjean Law Group, PLLC
750 Lexington Ave., 9th Fl.
New York, New York 10022
718-875-1850

## **CERTIFICATE OF SERVICE**

    I, JENNIFER BONJEAN, an attorney licensed to practice law in the State of Illinois, hereby certifies that she filed the attached Rule 29 Motion on August 30, 2022, by filing the motion via the Northern District of Illinois Electronic Filing System. The government and other parties were automatically served via ECF.

                                                  /s/JENNIFER BONJEAN