IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 19 CR 567 |
| ROBERT SYLVESTER KELLY, aka "R. Kelly," DERREL McDAVID, and MILTON BROWN, aka "June Brown" | Judge Harry D. Leinenweber |

**EMERGENCY MOTION TO QUASH SUBPOENA TO REPORTER
AND/OR FOR PROTECTIVE ORDER**

NOW COMES non-party journalist Jim DeRogatis, and The New Yorker Magazine, to respectfully move this Court pursuant to Fed. R. Crim. P. 17(c) and the First Amendment, U.S. Const. amend I, to quash the subpoena served upon him in the above captioned case by Defendant, Derrell McDavid, or for a protective order.[1] In support thereof, Movants state as follows:

1. Mr. DeRogatis is not a party or government witness. He is instead a reporter, music critic, author and Associate Professor at Columbia College Chicago. As a journalist, he has reported extensively on defendants from the beginnings of Defendant Robert Kelly's career and throughout the present trial for news organizations, including Chicago Sun-Times and The New Yorker magazine. In 2019, DeRogatis authored the book *Soulless: The Case Against R. Kelly,* published by Abrams Press.

---

[1] *See Branzburg v. Hayes*, 408 U.S. 665, 709 (1972) (Powell, J., concurring) ("[I]f the newsman is called upon to give information bearing only a remote and tenuous relationship to the subject of the investigation … he will have access to the court on a motion to quash and an appropriate protective order may be entered.").

2. The New Yorker, founded in 1925, is a Pulitzer Prize winning weekly national magazine which has published some of the most groundbreaking journalism and commentary of the last hundred years. The New Yorker engaged DeRogatis to report on Defendants, including extensive coverage of *United States v. Kelly*, No. 19-CR-286, (E.D.N.Y. June 29, 2022). Thirteen articles DeRogatis authored for The New Yorker can be found at the following link: https://www.newyorker.com/contributors/jim-derogatis

3. On August 3, 2022, Defendant McDavid served DeRogatis with a subpoena (Ex. A) for trial testimony in this case. The subpoena did not include a check for witness fees but DeRogatis was nonetheless instructed to appear on September 6, 2022. Because the subpoena is unduly burdensome, unreasonable and oppressive under Rule 17(c) and the First Amendment, Movants accordingly request an order to quash the subpoena or a protective order.

4. "The courts must always be alert to the possibilities of limiting impingements upon press freedom to the minimum; and one way of doing so is to make compelled disclosure by a journalist a last resort after pursuit of other opportunities has failed." *Gulliver's Periodicals, Ltd. v. Chas. Levy Cir. Co.*, 455 F. Supp. 1197, 1203, n. 4 (N.D. Ill. 1978)). *See also Hare v. Zitek,* No. 02 C 3973, 2006 U.S. Dist. LEXIS 50269, at *11 (N.D. Ill. July 24, 2006) (requiring defendants to "establish, via proffer at trial, that they have a real need for the information and that the information is not available from another source."); *Patterson v. Burge*, 2005 U.S. Dist. LEXIS 1331 (N.D. Ill. 2005) ("surely some good justification should be advanced" to justify subpoena of journalists regarding newsgathering).

5. The foregoing principles apply to newsgathering irrespective of previously published works or the confidentiality of sources because "the policy which underlies the

existence of journalistic privilege would be equally undermined by compelling reporters to reveal factual information surrounding investigations." *Neal v. City of Harvey*, 173 F.R.D. 231, 234 (N.D. IL 1997); *United States v. Lopez*, 1987 U.S. Dist. LEXIS 11115, 14 Med. L. Rep. 2203, 2204 (N.D. Ill. 1987).[2]

6. Here, as demonstrated by the articles linked above, virtually all knowledge that DeRogatis has that may be relevant to the indictment in this case, if there is any such information, necessarily derives from his third party sources with direct knowledge of the facts and therefore would be inadmissible hearsay under FRE 802. See *Braun v. Lorillard, Inc.*, 84 F.3d 230, 237 (7th Cir. 1996) (affirmed trial court's exclusion of reporter witness under hearsay rules). Because Mr. DeRogatis' role has been as an investigative reporter, compelled testimony also is invasive as to his newsgathering methods and cumulative of the actual sources and their source materials. For example, Movants understand that the Court already denied Defendant McDavid's motion to put his newsgathering on trial with respect to alleged emails with potential official sources. (Dkt # 247). Movants further understand that, during the case in chief, Chicago Police Department Detective Dan Everett authenticated the only physical source material plausibly at issue: a VHS cassette personally handed to the Detective by a Chicago Sun-Times

---

[2] *See also Branzburg*, 408 U.S. at 709 (despite absence of blanket federal privilege, reporters are entitled to assert a "claim to privilege" that is rooted in "constitutional rights with respect to the gathering of news or in safeguarding [reporters'] sources.); *id*. at 724 (courts must balance "vital constitutional and societal interests" of freedom of the press). While the Seventh Circuit has not recognized a blanket federal reporter's privilege, it acknowledges that Illinois has First Amendment interests in protecting reporters. *McKevitt v. Pallasch,* 339 F.3d 530, 533 (7th Cir.2003). See, e.g. *People ex rel Scott v. Silverstein,* 89 Ill. App. 3d 1039 (1st Dist. 1980) (recognizing "paramount public interest in the maintenance of a vigorous, aggressive and independent press capable of participating in robust, unfettered debate over controversial matters, an interest which has always been a principal concern of the First Amendment.").

editor. Compare 735 ILCS 5/8-902(c) (defining "source" as, *inter alia,* the "*means* from or through which the news or information was obtained") (emph. added). Moreover, the contents of this source material was authenticated by witness "Jane" and other sworn witnesses. *See, e.g., Lopez*, 1987 U.S. Dist. LEXIS 11115 at 6 ("any further facts that might possibly be gleaned from [journalist's] out-takes were likely to be merely cumulative").

7. The only pertinent exception to FRE 802 therefore would be declarations *against* interest made by Defendant McDavid to DeRogatis during the course of DeRogatis's reporting, including for *The New Yorker*. Defendant McDavid, however, has represented that he will testify in his own defense and therefore may relate all of his on or off-the-record statements to DeRogatis, leaving DeRogatis in the potential position of impeaching his source or risking subsequent claims that he breached confidentiality, whether on direct examination or cross-examination by the USA or McDavid's co-defendants.[3] *Id.* ("Garcia, who is herself the subject of the interview, has failed to make even a preliminary showing as to the nature of the statements contained in the out-takes.").

8. The absence of a legitimate evidentiary need for testimony alone indicates harassment or intimidation. *Branzburg*, 408 U.S. at 709. Intimidation by subpoena, or by individuals unrelated, but sympathetic, to defendants, is of particular concern when coupled with

---

[3] If required to testify, DeRogatis requests that the Court make a finding that the Subpoena constitutes a waiver by Defendant McDavid of any agreement to keep confidential statements made by McDavid to DeRogatis, even if admissible under FRE 804 (b)(3).

prior acts and statements of a threatening nature that augment the undue burden of being compelled to appear to answer irrelevant questions about inadmissible newsgathering activities. [4]

9. To rebut an improper purpose, McDavid should first proffer: (a) that DeRogatis possesses specific information relevant or necessary to the proceedings; (b) that a specific public interest would be adversely affected if the factual information sought were not disclosed; and (c) that all other available sources of information have been exhausted. *See Neal*, 173 F.R.D. at 232-234 (showing that the sought after information is highly relevant and material must be specific); Compare 735 ILCS 5/8-904, 907(2) (requiring specific factual findings before divestiture of the Illinois reporter privilege can be ordered).

10. Finally, because multiple witnesses testified from their direct knowledge on the facts material to the case, this Court should exercise discretion to quash the subpoena on the reporter. *Lopez*, 1987 U.S. Dist. LEXIS 11115 (defendant in criminal case had "not satisfied her burden of making a *specific* of how the outtakes she seeks [from WMAQ-TV] are 'highly material' to her case." (emphasis in original)).

WHEREFORE, for the foregoing reasons, Journalist Jim DeRogatis and The New Yorker Magazine respectfully request that the Court exercise its discretion to quash the subpoena. Alternatively, Movants request the Court to enter a protective order requiring a) a specific showing by Defendant that the prospective testimony satisfies the foregoing criteria under the First Amendment; b) finding that the subpoena waives all claims of source confidentiality that

---

[4] Published reports include that a window of the DeRogatis family home was shot out after Chicago Sun-Times reported on Defendant Kelly and threats concerning DeRogatis and his then-six year old daughter.

Defendant McDavid may hereafter assert or c) providing for authentication of previously published materials through stipulation or affidavit.

                                        Respectfully submitted,

                                        **Jim DeRogatis and The New Yorker**

                                        By:      /s/ Seth A. Stern
                                                      One of their Attorneys

Damon E. Dunn, Esq. (ARDC # 06180629)
ddunn@fvldlaw.com
Seth A. Stern, Esq. (ARDC # 6300954)
sstern@fvldlaw.com
**FUNKHOUSER VEGOSEN LIEBMAN & DUNN, LTD.**
55 West Monroe Street, Suite 2410
Chicago, Illinois 60603
Telephone: (312) 701-6800
Facsimile: (312) 701-6801

AO 89 (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

| United States of America | ) |
|---|---|
| v. | ) |
| Robert Kelly, et al. | ) Case No. 19 CR 567 |
| | ) |
| *Defendant* | ) |

### SUBPOENA TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE

To: James P. DeRogatis
1425 W. Diversey Pkwy #2
Chicago, Illinois 60614

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place shown below to testify in this criminal case. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place of Appearance: | Dirksen United States Courthouse 219 S. Dearborn Street Chicago, IL 60604 | Courtroom No.: | 2525 |
|---|---|---|---|
| | | Date and Time: | 08/15/2022 9:00 am |

You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:

(SEAL)

Date: 08/03/2022

CLERK OF COURT

*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Derrel McDavid
, who requests this subpoena, are:

Vadim A. Glozman
Law Offices of Vadim A. Glozman
53 W. Jackson Blvd., Suite 1128
Chicago, IL 60604
vg@glozmanlaw.com
312-726-9015

EXHIBIT A

AO 89 (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case (Page 2)

Case No. 19 CR 567

**PROOF OF SERVICE**

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

| Print | Save As... | Add Attachment | Reset |

AO 89 (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

| United States of America | ) |
|---|---|
| v. | ) |
| Robert Kelly, et al. | ) Case No. 19 CR 567 |
| | ) |
| Defendant | ) |

## SUBPOENA TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE

To: Jim DeRogatis
1425 W. Diversey Pkwy #2
Chicago, Illinois 60614

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place shown below to testify in this criminal case. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place of Appearance: | Dirksen United States Courthouse 219 S. Dearborn Street Chicago, IL 60604 | Courtroom No.: | 2525 |
|---|---|---|---|
| | | Date and Time: | 08/15/2022 9:00 am |

You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:

(SEAL)

Date: 08/03/2022

CLERK OF COURT

_____
Signature of Clerk or Deputy Clerk

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Derrel McDavid , who requests this subpoena, are:

Vadim A. Glozman
Law Offices of Vadim A. Glozman
53 W. Jackson Blvd., Suite 1128
Chicago, IL 60604
vg@glozmanlaw.com
312-726-9015

AO 89 (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case (Page 2)

Case No. 19 CR 567

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____ on *(date)* _____ _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of
$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information regarding attempted service, etc:

| Print | Save As... | Add Attachment | Reset |