UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 19 CR 567 |
| | ) | |
| -vs- | ) | |
| | ) | Hon. Harry D. Leinenweber |
| | ) | |
| ROBERT SYLVESTER KELLY, also known As "R.Kelly," DERREL MCDAVID, and MILTON BROWN, also known as "June Brown." | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT KELLY'S MOTION TO BAR: (1) THE ADMISSION OF HIGHLY PREJUDICIAL 404(b) EVIDENCE DURING THE EXAMINATIONS OF CO-DEFENDANT MCDAVID; (2) ANY COMMUNICATIONS PROTECTED BY THE ATTORNEY-CLIENT OR WORK-PRODUCT PRIVILEGE AND MOTION TO CROSS- EXAMINE MCDAVID *AFTER* THE GOVERNMENT**

NOW COMES, Defendant, ROBERT S. KELLY, by and through his counsel, Jennifer Bonjean and Ashley Cohen of the Bonjean Law Group, PLLC, and files this motion to: (1) bar the admission of highly prejudicial other bad act evidence that may be the focus of McDavid's testimony, particularly on cross-examination by the prosecution; (2) admission of any testimony or statements that are protected by the attorney-client or work product privilege; and (3) motion to allow Kelly to cross-examine McDavid after the government.

1. By way of background, Defendant Kelly moved to sever his case from co-defendant McDavid's case on the grounds that their defenses would necessarily be antagonistic. At the time of the filing of Kelly's severance motion, McDavid refused to share his defense with Kelly's counsel (as was his right). Kelly anticipated that McDavid's defense would involve denying any knowledge of Kelly's conduct as alleged by the government in the superseding

indictment. Kelly argued that McDavid's defense as it relates his knowledge would place the co-defendants in antagonistic positions to the detriment of Kelly.

2. The prosecution objected to Kelly's severance motion, arguing, *inter alia,* that Kelly had overstated the risk of the government using McDavid's testimony against Kelly if McDavid took the stand. The prosecution denied any significant risk of prejudice to Kelly, claiming that Kelly had not identified specifically how the prosecution might use McDavid as a witness against Kelly.

3. With the benefit of McDavid's opening statement, it is now clear that McDavid claims that he was a member of Kelly's criminal defense team and that he had no knowledge about the contents of any tapes that allegedly depict child pornography. In McDavid's opening statement, his counsel stated that the evidence would show that McDavid acted at the behest of Kelly's lawyers and that McDavid entered a "formal agreement" with Kelly's lawyers to "work as their agents." McDavid will apparently testify that he worked as an agent of Ed Genson and followed his directions.

4. As this Court recalls, Defendant Kelly immediately moved for a mistrial after McDavid's opening statements, arguing that McDavid's defense was clearly antagonistic to Kelly and further that by trying these cases together Kelly had no ability to defend against the first three counts of the indictment. This Court denied Kelly's motion for a mistrial. The motion was renewed after Brown's opening statement which also reflected Kelly and Brown's defenses were antagonistic. This Court denied Kelly's second motion for a mistrial while acknowledging there was some finger-pointing among the defendants but not sufficiently prejudicial to justify severance.

5. Last week McDavid told the court that he plans to testify in his own defense. Today, McDavid made a production of materials that it may use in connection with McDavid's direct examination. Kelly anticipates that McDavid will testify as advertised in his opening statement that he had no knowledge about the contents of the videotapes one through three and that any actions he took was at the direction of Kelly's legal team because he as acting as an agent of the legal team.

6. As previously argued, by forcing Kelly to stand trial with McDavid, he not only must defend against the government's case but will have to contend with potential adverse testimony from McDavid that will be elicited on both direct and cross-examination by the government.

7. Of particular concern, Kelly anticipates that evidence concerning McDavid's involvement in settling many lawsuits and potential lawsuits against Kelly brought by many women will become central to McDavid's cross examination.

8. Accordingly, Defendant Kelly now moves this Court to bar all testimony related to other uncharged bad acts related to Kelly's sexual misconduct.

9. Specifically, Defendant Kelly moves this Court to bar testimony and documents related to the following subject matters:

- Kelly's alleged relationship/marriage to Aaliyah
- Testimony regarding Kelly's alleged sex addictions
- Any reference to prior lawsuits filed or threatened by other Kelly accusers or any settlements negotiated by McDavid on behalf of Kelly not directly relevant to the instant litigation.

- All testimony related to claims lodged formally or informally against Kelly for sexual misconduct or sexual harassment

- Kelly's alleged relationships with any other women not named in the indictment or directly relevant to the instant charges

- All matters related to the Florida criminal investigation regarding Kelly's alleged possession of child pornography, charges that were dismissed after all evidence was suppressed.

- Any and all allegations/lawsuits/claims made by Kelly's employees against Kelly

- Testimony related to McDavid taking Kelly to get injections or any treatment to curb his sexual appetite.

- Testimony related to any other medical diagnoses of Kelly.

10. The foregoing categories of information, most importantly, evidence related to other uncharged allegations of sexual misconduct and evidence related to Kelly's arrest for child pornography in the state of Florida is not pertinent to this case and amounts to nothing more than propensity evidence. As such, it is inadmissible pursuant to Fed. R. Evid. 404(b). Furthermore, whatever probative value such evidence has is substantially outweighed by its prejudicial effect pursuant to Fed. R. Evid. 403.

11. Separately, Kelly moves to preclude McDavid from testifying about statements made to him by Kelly related to the 2002 indictment and subsequent 2008 prosecution. As McDavid represented in his opening statement, he served as an agent for Kelly's defense team. In light of his role as an agent for the defense team, McDavid is bound by the attorney-client privilege and is not at liberty to reveal any communications intended to be confidential.

12. Attorney-client privilege extends to third parties assisting the attorney in rendering legal services. *Hecker & Koch, Inc., v. German Sport Guns Gmbh,* 2012 U.S. Dist. LEXIS 189433, *7 (S.D. Ind. 2012) *citing Jenkins v. Bartlett,* 487 F. 3d 482, 490 (7th Cir. 2007). This includes "agents of the attorney, such as paralegals, investigators, secretaries and members of the office staff responsible for transmitting messages between the attorney and client, and to outside experts engaged 'to assist the attorney in providing legal services to the client," such as *accountants*, interpreters, or polygraph examiners." *Id*. The same principles apply to the work-product doctrine. *Id*. at *8 citing *Sandra T.E. v. S. Berwyn Sch. Dist. 100,* 600 F. 3d 612, 618 (7th Cir. 2010).

13. Because McDavid worked as an agent of Kelly's defense team between 2001 and 2008, McDavid is bound by the attorney-client privilege and work produce privileges. Kelly has not waived his attorney-client privilege with his prior counsel.

14. Last, Kelly seeks to cross-examine McDavid after the government conducts its cross examination of McDavid. Kelly has long maintained that he and Kelly sit in antagonistic positions. Kelly also maintains that the government will attempt to elicit information from McDavid on cross-examination that will be damning to Kelly, not only as to the obstruction count but as to the child pornography and inducements counts. Kelly cannot possibly know what to cross examine McDavid about until he hears the cross examination of the government and can assess what subject matters the prosecution is allowed to explore with McDavid.

15. Accordingly, Defendant Kelly respectfully seeks an Order: (1) excluding the parties from examining McDavid about the the subject matters identified, *supra,* at ¶9; (2) precluding McDavid from revealing communications protected by the attorney-client privilege; and (3) allowing Kelly to cross-examine McDavid *after* the government.

                                              Respectfully Submitted,

                                              <u>/s/JENNIFER BONJEAN</u>
                                              <u>/s/ASHLEY COHEN</u>

                                              *Robert S. Kelly's Attorneys*

Bonjean Law Group, PLLC
750 Lexington Ave., 9th Fl
New York, NY 10022
715-875-1850

## **CERTIFICATE OF SERVICE**

    I, JENNIFER BONJEAN, certify that filed this motion to bar on September 9, 2022, via ECF. All parties to this action were serve via ECF.

/s/JENNIFER BONJEAN

7