UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROBERT SYLVESTER KELLY, aka "R. Kelly,"<br>DERREL McDAVID, and<br>MILTON BROWN, aka "June Brown" | Case No. 19 CR 567<br><br>Judge Harry D. Leinenweber |

**GOVERNMENT'S SUBMISSION REGARDING DEFENDANT BROWN'S
PROPOSED JURY INSTRUCTION 4**

Defendant Milton Brown's proposed Jury Instruction 4 seeks to instruct the jury that, for the government to prove Counts Six, Seven and Eight of the Superseding Indictment, "you must agree unanimously on which particular tape the defendant conspired to receive or received in each particular count, as well as all of the other elements of the crime charged." R. 304 at 45-46. In doing so, the proposed instruction improperly elevates the videotapes depicting visual representations of child pornography to elements of the charged crimes. This misstates the law because the videotapes are instead means by which the defendants committed the crimes, and thus do not require a unanimous finding by the jury. Accordingly, the court should refuse Brown's proposed Jury Instruction 4.

**I. ARGUMENT**

Count Six of the Superseding Indictment charges defendants Brown, Kelly and McDavid with conspiracy to receive child pornography, "namely, Video 2, Video 3, and Video 4," in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1). R. 93 at 17. Counts

Seven and Eight charge defendants Kelly and McDavid with actual receipt of Videos 2 and 3, and Video 4, respectively, under Section 2252A(a)(2). As reflected by the Superseding Indictment, Section 2252A(a)(2) prohibits the knowing receipt or distribution of "*any child pornography* using any means or facility of interstate or foreign commerce or that has been mailed, or has been shipped or transported in or affecting interstate or foreign commerce by any means." 18 U.S.C. § 2252A(a)(2) (emphasis added).

In his proposed Jury Instruction 4, Brown seeks to instruct the jury in pertinent part as follows:

> The government is not required to prove that each defendant conspired to receive or received every alleged tape. However, the government is required to prove that the defendant received at least one of the tapes that is alleged in each Count. To find that the government has proven this, you must agree unanimously on which particular tape the defendant conspired to receive or received in each particular Count, as well as all of the other elements of the crime charged.

R. 304 at 45. By way of hypothetical, the proposed instruction continues:

> For example, on Count 6, if some of you were to find that the government has proved beyond a reasonable doubt that a defendant conspired to receive Video 4, and the rest of you were to find that the government has proved beyond a reasonable doubt that a defendant only conspired to receive Video 2, then there would be no unanimous agreement on which video the government has

> proved. On the other hand, if all of you were to find that the government has proved beyond a reasonable doubt that the defendant conspired to receive Video 3, then there would be a unanimous agreement on which video the government proved.

*Id.*

In support, Brown cites to *Richardson v. United States*, 526 U.S. 813 (1999) and *Schad v. Arizona*, 501 U.S. 624, 631-32 (1991) (plurality opinion) for the presumption that "unanimity is required when the government alleges more than one possibility for an element of the crime … but not when the government contends that the defendant committed an element of the crime using one or more of several possible means." R. 304 at 45 (citing Committee Comment 4.04). This much is an accurate statement of the law. However, Brown strays from precedent and reason when he then argues that the individual videotapes are elements of the crime requiring unanimity.

As the Supreme Court set forth in *Richardson*, "a federal jury need not always decide unanimously which of several possible sets of underlying brute facts make up a particular element, say, which of several possible means the defendant used to commit an element of the crime." 526 U.S. at 817. The Court went on to explain "[w]here, for example, an element of robbery is force or threat of force, some jurors might conclude that the defendant used a knife to create the threat; others might conclude he used a gun. But that disagreement—a disagreement about means—would not matter as long as all 12 jurors unanimously concluded that the

Government had proved the necessary related element, namely, that the defendant had threatened force." *Id*.

Section 2252A prohibits the knowing receipt of "any child pornography," that meets certain jurisdictional requirements. 18 U.S.C. § 2252A(a)(2). That element is broadly construed and not limited to the type or form of the contraband—indeed, the statute defines of "child pornography" as "*any* visual depiction, including *any* photograph, film, video, picture, or computer or computer-generated image or picture … of sexually explicit conduct" involving a minor. 18 U.S.C. § 2256(8) (emphases added).

If "any child pornography" is the relevant element under Section 2252A, then the videotapes themselves are the means—the "underlying brute facts" by which the defendant violated the statute. Addressing this very question, the Tenth Circuit agreed: "Looking at the statutes under which [defendant] was charged and convicted [18 U.S.C. §§ 2251(b), 2252(a)(2) and 2252(a)(4)(B)], we find they do not require unanimity as to which images formed the basis for conviction. Different images are merely different means of satisfying the element requirement, not different statutory elements." *United States v. Kearn*, 863 F.3d 1299, 1310 (10th Cir. 2017). This was the required result because "[a]ll three statutes thus refer to 'any visual depiction' meeting the statutory criteria. In other words, if the government has shown the jury that the defendant has produced (§ 2251(b)), distributed (§ 2252(a)(2)), or possessed (§ 2252(a)(4)) any visual depictions of minors engaged in sexually explicit conduct, the jury may convict." *Id*. at 1311.

This same approach holds true outside the context of child pornography under similarly broad statutory requirements. For example, in evaluating whether unanimity was required under 18 U.S.C. § 922(g), the Fifth Circuit explained "the language of the statute requires only that the defendant possess 'any firearm,' hence 'any firearm' seems like the element and a particular firearm merely the means. The general term 'any firearm' … contrast[s] sharply with the specific, technical language surrounding the types of people who are covered by § 922(g)." *United States v. Talbert*, 501 F.3d 449, 451 (5th Cir. 2007). The court in *Talbert* further noted that nothing in Section 922 "indicates that Congress intended to link culpability to the nature or quantity of the firearms possessed; to the contrary, it recognized, § 922(g) focuses on the status of the possessor." *Id.*; *see also United States v. Daniel*, 794 F.3d 608, 613 (7th Cir. 2014) (adopting other circuits' holding that "a single false representation or omission used to execute a fraudulent scheme is properly characterized as a *means* to executing the scheme, rather than one of the necessary *elements* of the mail or wire offense that do require unanimity") (emphasis in original).

Returning to Section 2252A, the statute requires the government to prove knowing receipt of "any child pornography," which is further defined as "any visual depiction" involving sexually explicit conduct with a minor. 18 U.S.C. §§ 2252A, 2256(8). There is simply no indication in the statute that Congress intended to link culpability under this provision to "the nature or quantity" of the child pornography possessed, as Brown now argues. Accordingly, the adoption of Brown's proposed Jury Instruction 4 would read into the statute a limitation that does not otherwise exist—

namely, that conspiracy to receive some "visual depictions" involving sexually explicit conduct involving a minor does not constitute conspiracy to receive "any child pornography." The only proper reading of Section 2252A in the context of the Superseding Indictment is that Videos 2, 3 and 4 are means by which the defendants committed the crime, not elements of the statute. After all, the crime alleged in Count Six is conspiracy to receive child pornography, not conspiracy to receive a single specific videotape. Because of this, the jury need not unanimously agree on which videotapes the defendants conspired to receive and Brown's proposed Jury Instruction 4 must be refused.

II. **CONCLUSION**

For the foregoing reasons, the United States respectfully requests that the Court refuse defendant Brown's proposed Jury Instruction 4.

Respectfully submitted,

JOHN R. LAUSCH, JR.
United States Attorney

By: */s/ Brian Williamson*
JEANNICE APPENTENG
ELIZABETH R. POZOLO
JASON A. JULIEN
BRIAN WILLIAMSON
Assistant U.S. Attorneys
219 South Dearborn St., Rm. 500
Chicago, Illinois 60604
(312) 353-5300

Dated: September 8, 2022