UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROBERT SYLVESTER KELLY, aka "R. Kelly,"<br>DERREL McDAVID, and<br>MILTON BROWN, aka "June Brown" | Case No. 19 CR 567<br><br>Judge Harry D. Leinenweber |

**GOVERNMENT'S MOTION TO PRECLUDE READING OF TRIAL TRANSCRIPT TO THE JURY DURING CLOSING ARGUMENT**

The government respectfully moves the court to preclude any party from displaying and/or reading portions of the trial transcript to the jury during closing arguments. Allowing any party to directly quote from the trial transcript poses a significant risk that the jury may improperly emphasize one witness's testimony over another or otherwise cause an undue influence on jurors' evaluation of the evidence during deliberations. As the present instructions reflect, the jury should rely on their collective memories alone when recalling testimony during deliberations.

I. **ANALYSIS**

"[I]t is … within the discretion of the trial court whether to permit counsel to read from the trial transcript during closing argument." *United States v. Kuta*, 518 F.2d 947, 954 (7th Cir. 1975). In determining whether to provide the jury with trial testimony under any context, the court should weigh the potential that the "jury might improperly overemphasize some testimony." *United States v. Benabe*, 654 F.3d 753, 779 (7th Cir. 2011). Instead, "[t]elling jurors to rely on their collective memory

avoids the need to provide additional context and the risk of any unfair benefit." *United States v. Edwards*, 26 F.4th 449, 456-57 (7th Cir. 2022). And refusing the provision of trial testimony to the jury is particularly sound when the jurors were able to take notes during the course of the trial. *United States v. Davis*, 93 F. App'x 924, 926 (7th Cir. 2004).

Here, the jury observed substantial testimony, including on cross-examination, from numerous witnesses for both the government and the defense. Many of these witnesses no doubt left lasting impressions on the jury, not only with regard to the content of the testimony, but also in terms of their credibility. Moreover, jurors were allowed to—and did—take notes at trial, and will be instructed that "[y]ou should use your notes only as aids to your memory." Jury Instruction 14. Jurors will likewise be instructed that "[a]ll of you should rely on your independent recollection of the evidence." *Id*.

In light of this, allowing the display and/or reading of trial testimony during closing arguments bears significant risk of distorting jurors' proper evaluation of the evidence. Use of transcripts during closing is likely to skew or displace the jurors' independent recollections of testimony and other evidence at trial, creating a reliance of the portions quoted rather than their memory of the evidence in whole. Such a focus on some testimony over others during closing arguments may serve to undermine the relative weight and credibility of testimonial and other evidence as it occurred to each juror during the trial.

Lastly, the introduction of trial testimony in any form during closing argument will greatly increase the likelihood of the jury requesting transcripts, in whole or in part, during deliberations. The current version of the Jury Instructions, following the final jury instruction conference, removed a discretionary Seventh Circuit pattern instruction that "transcripts of trial testimony are not available to you. You must rely on your collective memory of the testimony." *Pattern Criminal Jury Instructions of the Seventh Circuit*, § 7.01 (2020 ed.). In the absence of such an instruction, and if testimony is allowed to be quoted during closing arguments, the jury is far more likely to request trial transcripts to augment deliberations, adding potential delay. Requiring the jurors to rely on their collective memories of the evidence alone, including with regard to closing argument, is the most efficient way to conclude deliberations.

## II. CONCLUSION

For the foregoing reasons, the United States respectfully requests that the court preclude any party from displaying and/or reading portions of the trial transcript to the jury during closing arguments.

                                        Respectfully submitted,

                                        JOHN R. LAUSCH, JR.
                                        United States Attorney

By:   */s/ Brian Williamson*
        JEANNICE APPENTENG
        ELIZABETH R. POZOLO
        JASON A. JULIEN
        BRIAN WILLIAMSON

                                              Assistant U.S. Attorneys
                                              219 South Dearborn St., Rm. 500
                                              Chicago, Illinois 60604
                                              (312) 353-5300

Dated: September 11, 2022