UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>  )<br>v. )<br>  )<br>ROBERT SYLVESTER KELLY and )<br>DERREL MCDAVID ) | Case No. 19 CR 567-2<br><br>Hon. Judge Harry D. Leinenweber |

**JOINT MOTION TO COMPEL FCI BUTNER TO ALLOW VISITATION**

COME NOW, Derrel McDavid and Robert Kelly, by and through Counsel, Beau B. Brindley and Jennifer Bonjean, and hereby move this Honorable Court compel FCI Butner to allow Mr. McDavid to visit Mr. Kelly. In support of their motion, Mr. McDavid and Mr. Kelly provide as follows:

Mr. McDavid and Mr. Kelly were co-defendants in the above-captioned matter, and both were acquitted on each count in which they were jointly charged. Mr. McDavid and Mr. Kelly have maintained a longstanding friendship and business relationship spanning decades before Mr. Kelly's incarceration, and the two sought to arrange Mr. McDavid's visitation at FCI Butner, the correctional facility at which Mr. Kelly is presently housed. Mr. McDavid and Mr. Kelly followed the procedural requirements for requesting that Mr. McDavid be added to Mr. Kelly's visitor list as a regular visitor and submitted Form BP-A0629 as required. Yet, FCI Butner declined the request, offering the reason that Mr. McDavid was a co-defendant in Mr. Kelly's criminal trial in this Court.[1] FCI Butner's denial of visitation was inconsistent with Bureau of Prison ("BOP") regulations and policies, patently unreasonable, and advanced no legitimate

---

[1] The Warden's reason for denial was provided to Mr. McDavid by Mr. Kelly. Mr. Kelly also indicated that the Warden had listed allegations that Mr. McDavid had stolen from Mr. Kelly. Such allegations were never made during the trial and no evidence was presented to support such allegations in any event.

penological interest. Accordingly, Mr. McDavid and Mr. Kelly respectfully request that this Honorable Court compel FCI Butner to add Mr. McDavid to Mr. Kelly's visitor list and allow Mr. McDavid to visit Mr. Kelly.

Title 28 Code of Federal Regulations, Part 540, Subpart D sets out the Bureau of Prisons' general policy for inmate visitation. *See* 28 C.F.R. § 540.40, *et seq.* Section 540.40 makes clear that "[t]he Bureau of Prisons *encourages visiting by* family, *friends*, and community groups to maintain the morale of the inmate and to develop closer relationships between the inmate and family members or others in the community." 28 C.F.R. § 540.40 The regulation goes on to impose mandatory requirements on the procedures implemented to permit visitation: "[t]he Warden *shall* develop procedures consistent with this rule *to permit inmate visiting*." *Id.* (emphasis added). The regulation also provides substantive predicates limiting the Warden's discretion to restrict visitation: "The Warden may restrict inmate visiting when *necessary to ensure the security and good order of the institution*." *Id.* (emphasis added). Regulation 540.44 deals with regular visitors and directs prison staff to compile a visiting list for inmates who desire regular visitors. 28 C.F.R. 540.44. The regulation provides that "[t]he visiting privilege ordinarily will be extended to friends and associates having an established relationship with the inmate prior to confinement, *unless such visits could reasonably create a threat to the security and good order of the institution*." 28 C.F.R. § 540.44(c) (emphasis added). The Bureau of Prisons' Program Statement, regarding visiting regulations applies the same restrictions on denial of visitation. [2]

---

[2] "If the background information reveals that visitation privileges for the individual *would present security concerns or disrupt the orderly running of the institution*, the Warden may deny visiting privileges." Federal Bureau of Prisons, Program Statement No. 5267.09, *Visiting Regulations* (2015) at § 14(b) (emphasis added).

The Complex Supplement ("Supplement") for FCI Butner[3] sets forth the local procedures implementing the BOP's visitation policies and echoes similar sentiments to those articulated in the regulations. The purpose of the Supplement is "[t]o encourage visiting by family, friends, and community groups to maintain the morale of the inmate and to develop closer relationships between the inmate and family members or others in the community." Complex Supp. at 1. Parroting the regulatory language, the Supplement provides that "[v]isiting privileges will ordinarily be extended to friends and associates having an established relationship prior to incarceration, *unless* such visits could *reasonably create a threat to the security and good order of the institution.*" *Id.* at 6 (emphasis added). The Supplement describes the same restriction on denying visitation in the "Disapproving Visitors" section: "If information reveals that visitation privileges for a visitor *would present security concerns or disrupt the orderly running of the institution*, the Warden may deny visiting privileges." *Id.* at 7 (emphasis added).

FCI Butner's patently unreasonable and capricious denial of visitation violated the due process rights of Mr. Kelly[4] and Mr. McDavid. "[S]ome courts have found that prison visitation may . . . be protected by the First Amendment right of association." *Pettis v. Jerome Combs Det. Ctr.*, No. 09-2194, 2011 WL 6298287, at *1 (C.D. Ill. Dec. 16, 2011) (not reported) (quoting *Dehmer v. Zuercher*, No. 07-1218, 2010 WL 3433765, at *4 (C.D. Ill. Aug. 27, 2010) (not reported) and citing *Morgan v. DeRobertis*, 582 F. Supp. 271, 273 (N.D. Ill. 1984)). Even if one

---

[3] U.S. Department of Justice, Federal Bureau of Prisons, *Federal Correctional Complex Butner, North Carolina, Complex Supplement*, No. BUX 5267.08D (2009), available at https://www.bop.gov/locations/institutions/buf/buf_visit.pdf?v=1.0.0 (last accessed 6/28/2023) (hereinafter "Complex Supp.").

[4] *See Wolff v. McDonnell*, 418 U.S. 539, 555 (1974) ("But though his rights may be diminished by the needs and exigencies of the institutional environment, a prisoner is not wholly stripped of constitutional protections when he is imprisoned for crime.").

looks past the First Amendment implications, the BOP regulations and policies create a liberty interest in visitation both within the inmate and the classes of visitors described therein. The regulations indicate that the BOP "encourages visitation by . . . friends" and uses explicitly mandatory language in directing that "[t]he Warden *shall* develop procedures consistent with this rule *to permit inmate visiting*." 28 C.F.R. § 540.40 (emphasis added). The regulation then provides specific substantive predicates to limit the Warden's discretion in denying visitation: "The Warden may restrict inmate visiting when *necessary to ensure the security and good order of the institution*." *Id.* (emphasis added). This is sufficient to create a liberty interest in an inmate and in those wishing to visit an inmate. *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 463 (1989) ("[T]he use of 'explicitly mandatory language,' in connection with the establishment of 'specified substantive predicates' to limit discretion, forces a conclusion that the State has created a liberty interest." (quoting *Hewitt v. Helms*, 459 U.S. 460, 472 (1983)).

This arbitrary and unreasonable denial of visitation violated the rights of both Mr. Kelly and Mr. McDavid. While nobody disputes that prison administrators are afforded wide deference in running the penal institutions, "[t]his does not mean[] . . . that it is appropriate for [courts] to defer completely to prison administrators." *Caldwell v. Miller*, 790 F.2d 589, 596 (7th Cir. 1986). This Court has held "that restrictions on an inmate's visitation privileges cannot be imposed arbitrarily or discriminatorily." *Morgan v. DeRobertis*, 582 F. Supp. 271, 273 (N.D. Ill. 1984) (citing *Thomas v. Brierley*, 481 F.2d 660 (3d Cir. 1973)). But FCI Butner did just that in denying Mr. McDavid's visitation.

As this Court will recall, Mr. McDavid was found not guilty on all counts charged against him after trial.[5] Amplifying to the unreasonableness of the denial, Mr. Kelly was himself

---

[5] There is no allegation that Mr. McDavid was in any way involved in any of the remaining counts in the indictment.

acquitted of the very same counts—There were NO convictions on the counts in which Mr. McDavid and Mr. Kelly were charged together. Indeed, the Constitution creates a right in all criminal defendants to have their guilt decided by a jury, not a prison warden. *See* U.S. Const. Amd. 6. The jury in this case spoke, and it found both Mr. McDavid and Mr. Kelly not guilty on all counts in which they were jointly charged. In light of the jury's determination that Mr. McDavid and Mr. Kelly both were not guilty of the charges alleged in Counts 4 through 8 of the indictment, FCI Butner's determination is patently unreasonable, capricious, and inconsistent with the directives and policies of the federal regulations.[6] There is absolutely no risk—let alone a reasonable one—that a visitation by Mr. McDavid would create a threat to the security and good order of the FCI Butner. Mr. McDavid has no history of violence and his visitation poses no security concerns. Furthermore, there is nothing whatsoever to indicate visitation by Mr. McDavid would disrupt the orderly running of the institution. He is a citizen who has been vully exonerated of the charges brought against him. And that exoneration means something. There is absolutely no legitimate penological reason for FCI Butner to refuse the visitation of Mr. Kelly's decades-long friend and associate. Instead, the refusal of Mr. McDavid's visitation serves solely to punish Mr. Kelly and Mr. McDavid for charges on which they were *both* acquitted. FCI Butner's denial of visitation was thus capricious and patently unreasonable, and this Honorable Court should require the Warden to adhere to the BOP regulations and policy and allow Mr. McDavid's visitation.

      WHEREFORE, Mr. McDavid and Mr. Kelly ask that this Honorable Court issue an order compelling FCI Butner to place Mr. McDavid on Mr. Kelly's visitor list and allow Mr. McDavid's visitation.

---

[6] Indeed, it is quite curious how FCI Butner could reason that "[t]he existence of a criminal conviction alone does not preclude visits," 28 C.F.R. §540.44, but the acquittal of criminal charges does.

          Respectfully submitted,

          /s/ Beau B. Brindley
          *An Attorney for Derrel McDavid*

Beau B. Brindley
LAW OFFICES OF BEAU B. BRINDLEY
53 W. Jackson Blvd., Suite 1410
Chicago, IL 60604
(312) 765-887

          Respectfully submitted,

          /s/ Jennifer Bonjean
          *An Attorney for Robert Kelly*

Jennifer Bonjean
BONJEAN LAW GROUP PLLC
750 Lexington Ave. 9th Fl.
New York, NY 10022
718-875-1850