UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>        Plaintiff,<br><br>-vs-<br><br>ROBERT SYLVESTER KELLY,<br>also known as "R.Kelly,"<br>        Defendant. | )<br>)<br>)  No. 19 CR 567<br>)<br>)  Hon. Martha M. Pacold<br>)<br>)<br>)<br>) |

**MOTION FOR DISQUALIFICATION OR RECUSAL OF US ATTORNEYS OFFICE**

    COMES NOW Defendant, Robert Sylvester Kelly, by and through counsel, Beau B. Brindley, and hereby moves this Honorable Court for an order disqualifying or requiring the recusal of the entire US Attorney's Office for the Northern District of Illinois from further participation in this case. In support of his motion, Mr. Kelly states the following:

    As the Court is aware, Robert Kelly has recently filed a motion for new trial based on newly discovered evidence (Dkt. 498). In substantial part, this motion is based on supported allegations of misconduct by Assistant United States Attorneys and other Department of Justice Employees involved in the investigation and prosecution of this case. Mr. Kelly incorporates the factual predicate and supporting exhibits from that motion without setting it forth again here. As a result of (1) the constitutional violations and criminal actions by ILND AUSAs hat has been alleged in Mr. Kelly's motion; (2) the government misconduct that has been shown to have occurred by sworn statements of other individuals provided to the Court by Mr., Kelly; and (3) the need to fully investigate these occurrences and to hold an evidentiary hearing in which they can be fairly evaluated by the Court, the US Attorney's Office for the Northern District of Illinois has an irreconcilable conflict of interest and cannot be permitted to participate further in this case.

If the ILND US Attorney's Office does not recuse itself from participation I the case, the Court must order its disqualification. Prosecutors from another, disinterested district[1] (or from Main Justice) can be brought in to handle the litigation of the issues in Mr. Kelly's Motion for New Trial (and for release on bond). But the conflicted attorneys from this US Attorney's office cannot impartially or ethically continue to prosecute this case under the circumstances.

The United States Code "require[s] the disqualification of any officer or employee of the Department of Justice, including a United States attorney or a member of such attorney's staff, from participation in a particular investigation or prosecution if such participation may result in a personal, financial, or political conflict of interest, or the appearance thereof." 28 U.S. Code § 528. Based on all the facts that have already been shown about government misconduct undertaken, solicited, or sanctioned by the United States Attorney's Office for the Northern District of Illinois in this case, each and every employee of that office has, at a minimum, an appearance of a conflict of interest in the further prosecution of this case.

Although it does not provide a basis for private enforcement by Mr. Kelly, the DOJ's own regulations derived from § 528 further explain why this is so. 28 CFR § 45.2(a)(2) provides that "no [DOJ] employee shall participate in a criminal investigation or prosecution if he has a personal or political relationship with … Any person or organization which he knows has a specific and substantial interest that would be directly affected by the outcome of the investigation or prosecution."

---

[1] This most exclude, at a minimum, (1) the Southern District of New York, whose separate prosecution of Mr. Kelly was infested with many of the same violations that are at issue in this case; and (2) the District of Connecticut, where former ILND AUSA Angel Krull, who has been specifically identified as directly participating in the conduct at issue in Mr. Kelly's motion, now serves as Deputy Chief of Major Crimes.

Exceptions to this disqualification rule can only be made when "(1) The relationship will not have the effect of rendering the employee's service less than fully impartial and professional; **and** (2) The employee's participation would not create an appearance of a conflict of interest likely to affect the public perception of the integrity of the investigation or prosecution." 28 CFR § 45.2(b).

There can be no doubt here that every AUSA in the ILND office has a personal relationship with both people and an organization that each of them knows has a specific and substantial interest in the outcome of the further prosecution of this case. Mr. Kelly's petition has identified unconstitutional wrongdoing (and potentially criminal activity) directly undertaken by at least one identified AUSA from this office. While it is theoretically conceivable that one single AUSA went rogue and participated in all of this misconduct on her own, with neither the participation nor knowledge of any of her colleagues or supervisors in this prosecution, that possibility is both remote and in need of full and impartial investigation. The US Attorney's Office for the Northern District of Illinois (distinctly from the office of any other district) has an institutional interest in the outcome of this investigation. Every single AUSA who worked on the investigation or prosecution of this case has a personal interest in the outcome of this investigation. Every supervisor who oversaw any part of the investigation or prosecution of this case has a personal stake in the results of Mr. Kelly's motion. Every current AUSA for the Northern District has a personal relationship with the Office as a whole and, undoubtably, with each of the attorneys who either participated in the prosecutions or oversaw those who did. Some of them are their friends. Some of them are their bosses. While it may be possible for ethical attorneys to put the actual or implied pressure of that unenviable situation aside and fairly prosecute this case despite those personal relationships, what is not possible is for any attorney of

this office to do so without creating, at least, "an appearance of a conflict of interest likely to affect the public perception of the integrity of the investigation or prosecution."

The disqualification of government counsel is a "drastic measure and a court should hesitate to impose it *except where necessary*." (*United States v. White*, 2009 WL 10736773 at 4 (N.D.Ill May 13, 2009) (*citing United States v. Bolden*, 353 F.3d 870, 878 (10th Cir. 2003) (emphasis added). Courts have ordered disqualification in circumstances such as where the prosecutor has an actual conflict of interest based on other representation, where the record contains bona fide allegations of bad faith performance of official duties by government counsel, or where the prosecutor will act as a witness. *Id.* Because disqualifying government attorneys can implicate separation of powers issues, the generally accepted remedy is to disqualify a specific AUSA, rather than all the attorneys in the office. *Id.* (*citing Bolden*, 353 F.3d at 879). However, while the Seventh Circuit has not yet upheld a challenged district court order disqualifying an entire US Attorney's office under its review, it has set no bright line rule against it and has in fact left the door open to doing just that if circumstances arise in which it is appropriate. *See United States v. Valhos*, 33 F.3d 758, 763 n.5 (7th Cir. 1994).

This case presents just such a scenario. It will be shown that at least one attorney acting in the scope of her duties as a prosecutor for the US Attorney's Office in this district committed serious malfeasance, if not outright crimes. That attorney is a potential witness in this case. Every AUSA who worked with her in the investigation and prosecution of this case is now a potential witness to determine what, if anything, they knew about the conduct alleged in Mr. Kelly's motions.

Mr. Kelly has not made any allegation concerning and is not aware of any misconduct undertaken in this case by AUSA Jason Julian, who is currently leading the prosecution and

4

served as second chair during his trial. However, AUSA Julian, due to his role in the investigation, is now a potential witness in this case and may be called to testify to what he knows about the conduct of other attorneys in his office during the investigation. He thus cannot ethically represent the government in this case going forward. Even if he is personally free of wrongdoing, he remains a potential witness. Even if he in fact has no direct knowledge of wrongdoing by any other AUSA or other person acting on behalf of DOJ in this investigation, he may be required to testify concerning his factual knowledge of what occurred. This alone would prevent him from continuing as counsel for the government in the resolution of this matter, even without examination of his potential biases for advocating for the integrity of the prosecution he now leads. Mr. Julian must recuse himself or be disqualified by the Court.

But the same is true of any potential substitute attorney from the Northern District that could be assigned to this case. Those who did not previously work in the investigation or prosecution of Robert Kelly are colleagues and subordinates of those who did so. Any one of them could be a potential witness due to something they learned while at work. Any one of them could be harboring bias for their friends and colleagues, fear of their supervisors, or general fervor to champion the integrity of the US Attorney's Office for the Northern District of Illinois even when, as here, it will prove unwarranted. Every AUSA in the Northern District is laboring under either an actual conflict of interest or the appearance of one substantial enough to warrant recusal.[2]

---

[2] A particularly compelling illustration of this reality is that fact that Judge April Perry was originally assigned this case when Mr. Kelly first raised issues adjacent to this motion under seal (See Dkt. 466). Judge Perry worked at the US Attorneys Office for the Northern District of Illinois at the time of some of the investigation and prosecution of Mr. Kelly. Though she has not been accused of any involvement in those events, Judge Perry recused herself as a result. (Dkt. 467). The same logic that led a sitting district judge to recuse herself must be applied to AUSA who are still active in the office where the wrongdoing is alleged.

The Court cannot possibly and should not seek to vet the pool of possible AUSAs from the district nor interfere directly in the assigning process. The only way to ensure that the assigned prosecutors are free from disqualifying conflicts of interest is to require that they be drawn from out of district. That is within this Court's power to order and that is the only outcome that serves the interests of justice under these circumstances. Robert Kelly has made significant allegations. He has offered substantial support of their veracity. He deserves a fair hearing on those allegations and a fair evaluation by the Court. But both he and the Court may be deprived of the fair hearing they require if conflicted AUSAs from the Northern District of Illinois are permitted to represent the government in this matter and essentially investigate themselves, their friends, and colleagues. Public perception of that eventuality would not be positive. This case is under significant scrutiny and attention. The public has an interest in a fair and unbiased process for arriving at the truth of what happened. That process can only be ensured if conflicts of interest are avoided.

WHEREFORE Mr. Kelly respectfully requests that this Honorable Court disqualify the US Attorney's Office for the Northern District of Illinois from further participation in this case.

Respectfully submitted,

By: /s/ *Beau B. Brindley*
Attorney for the Defendant

LAW OFFICES OF BEAU B. BRINDLEY
53 W. Jackson Blvd.
Suite 1410
Chicago, Illinois 60604
(312) 765-8878 (Phone)