# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 1:19-cr-00567 |
| v. | Judge Martha M. Pacold |
| ROBERT SYLVESTER KELLY, | |
| Defendant. | |

## ORDER

In 2023, Judge Leinenweber (who was then presiding in this case) sentenced defendant Robert Sylvester Kelly—better known as R. Kelly—to 240 months of imprisonment, 228 of which are to run concurrently with Kelly's sentence for similar conduct in the Eastern District of New York. [429].[1] The Seventh Circuit affirmed Kelly's conviction and sentence on direct appeal. *United States v. Kelly*, 99 F.4th 1018 (7th Cir. 2024). Because the Seventh Circuit's opinion recounts the facts of the underlying offense, the court will not repeat them here. On June 10, 2025, Kelly filed an emergency motion for temporary furlough. *See* [485]. On June 19, the court denied that motion, concluding that it lacked jurisdiction. [497].

The next day, Kelly filed a combined motion for new trial under Rule 33 of the Federal Rules of Criminal Procedure and emergency motion for bond pending resolution of the motion for a new trial. [498]. The court has jurisdiction over the Rule 33 motion. *See United States v. Young*, 20 F.3d 758, 763 (7th Cir. 1994) (noting that district courts have discretion to grant new trials under Rule 33).[2] The next question, then, is whether the court has authority to order a defendant released on bond pending the disposition of a motion for new trial.

As Kelly notes, "this court has inherent power to order the release of a prisoner bringing a collateral attack." *Jenkins v. United States*, No. 18-1871, 2018 WL 11303168, at *1 (7th Cir. July 31, 2018). The cases Kelly cites involve either federal habeas corpus petitions or proceedings under 28 U.S.C. § 2255. *See Cherek v. United*

---

[1] Bracketed numbers refer to docket entries and are followed by page and / or paragraph number citations. Page numbers refer to the CM/ECF page number.

[2] Because the time limits in Rule 33(b) are not jurisdictional, *see Eberhart v. United States*, 546 U.S. 12, 13 (2005) (per curiam), the court does not decide whether the motion is properly brought under Rule 33(b)(1), in which case it is timely, or whether it must be brought under Rule 33(b)(2), in which case it is not.

*States*, 767 F.2d 335, 337 (7th Cir. 1985) (noting the "abundant authority that federal district judges in habeas corpus and section 2255 proceedings have inherent power to admit applicants to bail pending the decision of their cases"). However, the Seventh Circuit has explained in another context that "[w]hen made following the outcome of a direct appeal, a Rule 33 motion plainly is 'collateral' in the usual sense of that term." *United States v. Woods*, 169 F.3d 1077, 1078 (7th Cir. 1999). Thus, the court assumes for argument's sake that it has authority to order a defendant released on bond pending disposition of a Rule 33 motion for new trial.

Nevertheless, that relief is not warranted in this case. A court's power to order bond pending disposition of a request for collateral relief must "be exercised very sparingly." *Cherek*, 767 F.2d at 337. Under 18 U.S.C. § 3143(b), a defendant seeking release pending *appeal* must, among other things, show "by clear and convincing evidence that [he] is not likely to flee or pose a danger to the safety of any other person or the community if released." 18 U.S.C. § 3143(b)(1)(A). Although "that statute is inapplicable to a convicted defendant who is seeking postconviction"—as opposed to appellate—"relief," the Seventh Circuit has explained that "a defendant who cannot bring himself within its terms is not entitled to bail pending . . . decision of his postconviction motion." *Cherek*, 767 F.2d at 337–38. Here, Judge Leinenweber found that Kelly is both a flight risk and a danger to the community. [40] at 31–32. Kelly has not produced any argument or evidence—much less clear and convincing evidence—challenging that finding or indicating that circumstances have changed such that Kelly is no longer a flight risk or a danger to the community. Accordingly, Kelly "cannot bring himself within" § 3143(b)'s "terms," *Cherek*, 767 F.2d at 337, and thus *Cherek* forecloses release on bond.

But even if Kelly could satisfy the requirements of § 3143(b) and *Cherek*, bond pending disposition of his Rule 33 motion would still be inappropriate because of the significant time remaining on his sentence in the New York case. Yesterday morning, the Supreme Court denied Kelly's petition for a writ of certiorari in that case, rendering that conviction final. *See Kelly v. United States*, No. 24-1172, 2025 WL 1727414 (U.S. 2025). Thus, even if he won relief under Rule 33 in this case, he would remain in custody pursuant to his sentence in the New York case. That is an independent basis for denying bond in this case. *See Jenkins*, 2018 WL 11303168, at *1 (affirming denial of bond pending resolution of Section 2255 petition because "[r]egardless of the outcome of his pending § 2255 motion and appeal . . . significant time remain[ed] to be served on" the defendant's sentence in another case).

## CONCLUSION

Defendant Robert Sylvester Kelly's motion for a new trial and bond pending disposition of his motion for a new trial, [498], is denied insofar as it seeks bond pending the resolution of the new trial motion. Insofar as the motion seeks a new trial, it remains pending.

Dated: June 24, 2025                    /s/ Martha M. Pacold