UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,       )
                                )   No. 19 CR 567
-vs-                            )
                                )   Hon. Martha M. Pacold
ROBERT SYLVESTER KELLY          )

### DEFENDANT'S RESPONSE TO THE GOVERNMENT'S SUPPLEMENTAL BREIF REGARDIGN STRUCTURAL ERROR

The government's brief regarding structural error does little more than leverage the parties' unequal access to information in an attempt to sanctify its improper use of a jailhouse informant to obtain information from Mr. Kelly—including attorney-client communications. Because Mr. Kelly cannot identify which specific documents the government covertly obtained through Mr. Modugumudi or what specific information was conveyed, the argument goes, the Court should look no further at the constitutional violations that occurred in the prosecution of Mr. Kelly.

The problem with the government's argument is that it alone has access to this information, not Mr. Kelly. Mr. Modugumudi's sworn declaration indicates that he stole legal documents from Mr. Kelly and provided them to the government. Mr. Modugumudi indicated that he communicated directly with a prosecutor. The government has offered no sworn statement denying that fact, but submits to the Court that there is 'nothing to see here' because the documents and information that were stolen by Mr. Modugumudi and provided to the government are not specifically identified. The government ignores the fact that Mr. Modugumudi was stealing these documents "as part of [his] cooperation with the government."

Another problem that arises for the government is that English is not Mr. Modugumudi's native language. Indeed, his sentencing has been delayed for years due, in part, to the need to

translate filings into the Telegu language. *See, e.g.*, Exhibit A (United States v. Modugumudi, NDIL Case No. 18 CR 262, Doc. 359 at 2). The government's submission presumes that a non-native English reader would be able to identify all of the information that was stolen and provided to the government. Even if Mr. Modugumudi did possess such information, the undersigned would be unable to obtain it because Mr. Modugumudi is no longer in BOP custody. Exhibit B (BOP Inmate Locator). According to filings in Mr. Modugumudi's case, "[o]n or around January 23, 2026, Mr. Modugumudi was moved from the MCC to a U.S. Marshal contracted facility." Exhibit C (United States v. Modugumudi, NDIL Case No. 18 CR 262, Doc. 367 at 1). The undersigned is thus unable to locate Mr. Modugumudi for additional interviews. Thus, an evidentiary hearing is necessary to determine precisely what information the government obtained. Moreover, the government's arguments about identifying the government's use of the information presumes that Mr. Kelly divine information that is known only to the government.

The government's assertion that Mr. Kelly waived a structural error argument is unsupportable. "Waiver is the intentional relinquishment of a known right." *United States v. Perry*, 223 F.3d 431, 433 (7th Cir. 2000). And "[w]aiver principles should be construed liberally in favor of the defendant." *United States v. Jaimes-Jaimes*, 406 F.3d 845, 848 (7th Cir. 2005). Here, there was no intentional relinquishment of a structural error argument. An evidentiary hearing is necessary to determine precisely what documents and information the government obtained. In this context, that information is necessary to structure a thoroughly developed structural error argument. That information is known only to the government. Contrary to the government's assertion, an evidentiary hearing is highly likely to reveal information confirming Mr. Kelly's claims of a constitutional violation. Even assuming, *arguendo*, that harmless error is

the proper analysis, an evidentiary hearing is necessary. "A determination of this issue requires more facts and, therefore, an evidentiary hearing is appropriate." *United States v. Disston*, 582 F.2d 1108, 1110 (7th Cir. 1978).

 

Respectfully submitted,

By: /s/ Beau B. Brindley
Attorney for the Defendant

LAW OFFICES OF BEAU B. BRINDLEY
53 W Jackson Blvd, Suite 1410
Chicago, Illinois 60604
(312) 765-8878